**UNITED STATES DISTRICT COURT**
**For The DISTRICT OF COLUMBIA**

**FILED**

DEC 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN GARD,                                    )
   5045 Rushlight Path                       )
   Columbia, Maryland 21004-1295,            )
                       )
             Plaintiff      )
                       )
   v.                                           )
                       )
UNITED STATES DEPARTMENT               )
   of EDUCATION                              )
                       )
            Defendant       )
    and                                      )
                       )
MARGARET SPELLING, SECRETARY,          )
UNITED STATES DEPARTMENT               )
      OF EDUCATION                       )
   400 Maryland Avenue, S.W.                 )
   Washington, D.C. 20202                    )
                       )
           Defendant.      )

Case: 1:07-cv-02303
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/21/2007
Description: Employ Discrim.

**COMPLAINT**

## NOTARIZED COMPLAINT

1. Violations of the: a) Federal Privacy Act, 5 UCC §552a(e)(5), (e)(10), and (g)(1)('c); b) Federal Records Act of 1950, Title 44, Chapter 31 §3101 - §3107, especially §3106; c) Office of Personnel Management regulations; d) Rehabilitation Act of 1973, as amended, to include, but not be limited to Sections 501, 504 and 505, accommodation and reprisal; e) Americans with Disabilities Act of 1990, as amended; f) Equal Employment Opportunity Act regulations for processing and reprisal; g) Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; h)  National Archives and Records Administration (NARA) regulations; i) Plaintiff's Privacy Act rights; j) Plaintiff's EEO and handicap discrimination and accommodation and reprisal rights; and k)

Page 1 of 180

Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights.

## INDEX

I.  PLAINTIFF  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

II.  DEFENDANT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

III. PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
          (Which includes some, not all, of the Basic Fact Allegations.)
    Paragraph #:
    # 6.    Defendant's: a) Handicap Discrimination, b) Failure/Refusal to
            Accommodate/Accommodation, and c) Reprisal Acts  . . . . . . . . . . . . . . . . . .  5

    # 7.    Plaintiff's second District Court Privacy Act (PA) complaint  . . . . . . . . . . . . .  12

    # 8.    Handicap Discrimination (HD), Failure/Refusal to Accommodate/
            Accommodation complaints, and the second and third HD
            complaints include Handicap and Equal Employment Opportunity
            (EEO) Reprisal allegations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    # 9.    Handicap Discrimination, Failure/Refusal to Accommodate/
            Accommodation, and Reprisal complaint filed in this District Court
            pertains to Plaintiff's third HD and reprisal complaint,
            i.e., Def. # ED-2007-15-00.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

    # 10.   Defendant's Reprisal Processing Acts pertaining to Defendant's
            Processing of Plaintiff's first HD and Re-Filed first HD and
            second HD and reprisal complaints.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

IV. JURISDICTION AND VENUE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

V.  EXHAUSTION OF HANDICAP DISCRIMINATION and EEO
    ADMINISTRATIVE REMEDIES FACTUAL ALLEGATIONS  . . . . . . . . . . . . . . . . . . 24

VI. REPRISAL PROCESSING ACT FACTUAL ALLEGATIONS  . . . . . . . . . . . . . . . . . 31

    39  Reprisal Processing Act pertaining to Defendant's Processing of
        Plaintiff's first HD complaint Discovery Requests.  . . . . . . . . . . . . . . . . . . . . . 32

    40  Reprisal Processing Acts pertaining to Defendant's Processing of
        Plaintiff's Re-Filed first HD and second HD and reprisal complaints.  . . . . . . . . . . 36

41    Reprisal Processing Act pertaining to Defendant's Processing of Plaintiff's
third MSPB Whistleblower (WB) Reprisal Appeal.  . . . . . . . . . . . . . . . . . . . . . . . .  41

VII.        FACTUAL ALLEGATIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  47

VIII.       Count I    A  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  132

IX.         Count II   B  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  133

X.          Count III  C  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  134

XI.         Count IV   D  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  135

XII.        Count V    E  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  137

XIII.       Count VI   F  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  138

XIV.        Count VII  G  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  139

XV.         Count VIII H  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  140

XVI.        Count IX   I  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  141

XVII.       Count X    J  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  143

XVIII.      Count XI   K  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  144

XIX.        Count XII  L  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  146

XX.         Count XIII M  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  147

XXI.        Count XIV  N  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  148

XXII.       Count XV   O  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  150

XXIII.      Count XVI  P  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  151

XXIV.       Count XVII Q  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  152

XXV.        Count XVIII R  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  153

XXVI.       Count XIX  S  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  154

XXVII.    Count XX      T    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 155

XXVIII. Count XXI      U    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 156

XXIX.     Count XXII     V    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 157

XXX.      Count XXIII    W    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 158

XXXI.     Count XXIV    X    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 159

XXXII.    Count XXV     Y    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 160

XXXIII.  Count XXVI    Z    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 162

XXXIV.   Count XXVII   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 163

XXXV.    Count XXVIII  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164

XXXVI.   Count XXIX    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164

XXXVII. Count XXX     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 165

RELIEF    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 167

## I. PLAINTIFF

2.    John Gard (hereafter "Plaintiff") is the Plaintiff in this action.

   A.    Plaintiff is a Caucasian American male born November 18, 1945.

   B.    Plaintiff is a U.S. born, legal citizen of the United States of America (USA).

   C.    Plaintiff is a citizen and resident of Howard County located in the State of Maryland, where
          he has resided during all times relevant to this action.

   D.    Plaintiff's address is 5045 Rushlight Path, Columbia, Maryland 21044-1295.

   E.    Plaintiff is entitled to all of the rights and privileges the United States Constitution and the
          Bill of Rights authorizes and guarantees a U.S. born, legal citizen of the USA.

F. Plaintiff was a United States Marine Corps Officer during the Viet Nam conflict[1] and was Honorably discharged.

G. Plaintiff does NOT have a criminal record and has NOT ever done anything during the 62 years the Plaintiff has been on this earth that would result in a criminal allegation, investigation, accusation, charge, conviction, and/or record.

## II. DEFENDANT

3. The United States Department of Education (hereafter "Defendant") is named as the Defendant for that part of this action applicable to the Privacy Act (PA) allegations and clauses of this action.

4. Margaret Spelling, Secretary, United States Department of Education (hereafter "Defendant") is named as the Defendant in her official capacity as the head of the United States Department of Education for that part of this action applicable to the handicap discrimination and accommodation and handicap and EEO reprisal allegations and clauses of this action.

5. The Defendant is an Executive Agency/Department of the United States of America.

## III. PRELIMINARY STATEMENT

### which includes some, not all, of the Basic Fact Allegations.

6. **Defendant's: a) Handicap Discrimination, b) Failure/Refusal to Accommodate/Accommodation, and c) Reprisal Acts.** The following Defendant: a) handicap discrimination; b) failure/refusal to accommodate/accommodation; and c) reprisal acts to include, but not be limited to: PA, Rehabilitation Act, Handicap Discrimination,

---

[1] Plaintiff is a Viet Nam Era and NOT a Viet Nam combat veteran because President Nixon ordered all Marines out of Viet Nam as Plaintiff's flight approached Okinawa.

failure/refusal to accommodate/accommodation, failure/refusal to safeguard and maintain Plaintiff's records, destruction of Plaintiff's records, handicap and EEO reprisal act(s), and Constitutional violations are included in this Complaint:

A. Refusal to comply with the security, safeguard, maintenance, and record-keeping requirements of and as pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff;

B. Refusal to comply with the security, safeguard, maintenance, record-keeping, accommodation and non-reprisal requirements of and as pertaining to the Rehabilitation Act and EEO regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff;

C. Refusal to secure, safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which the Defendant is required by and as pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff;

D. Illegal removal of Plaintiff's military retirement records. Refusal to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and 3) proof of military service-time deposit records required for retirement, as required by and pertaining to the Privacy Act and

Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff, which Defendant failure resulted in the illegal removal of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff;

E.  Attempt to deny Plaintiff his full FERS retirement benefits by removing Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, from Defendant's Official Personnel File pertaining to Plaintiff;

F.  <u>Illegal destruction of Plaintiff's military retirement records</u>.  Refusal to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff, which Defendant failure resulted in the illegal destruction of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff;

G.  Attempt to deny Plaintiff his full FERS retirement benefits by destroying Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required

for retirement, which were filed in Defendant's Official Personnel File pertaining to Plaintiff;

H.  Refusal to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which the Defendant is required by and as pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff;

I.  <u>Illegal removal of Plaintiff's medical records from Defendant's Employee Medical Folder.</u> Refusal to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff, which Defendant failure resulted in the illegal removal of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff;

J.  Attempt to deny Plaintiff reasonable accommodation by removing Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records submitted to the Defendant from Defendant's Employee Medical Folder pertaining to Plaintiff;

K.  Attempt to deny Plaintiff reasonable accommodation by removing Defendant's reasonable

accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records from Defendant's Employee Medical Folder pertaining to Plaintiff;

L.  <u>Illegal destruction of Plaintiff's medical records from the Defendant's Employee Medical Folder.</u>  Refusal to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff, which Defendant failure resulted in the illegal destruction of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff;

M.  Attempt to deny Plaintiff reasonable accommodation by destroying Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records filed in the Defendant's Employee Medical Folder pertaining to Plaintiff;

N.  Attempt to deny Plaintiff reasonable accommodation by destroying Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records filed in Defendant's Employee Medical Folder pertaining to Plaintiff;

O.  Denial that Plaintiff submitted requests for reasonable accommodation dated October 19,

1990, December 16, 1991, and March 4, 1992, to the Defendant;

P.  Denial that Plaintiff submitted medical documentation to the Defendant;

Q.  Refusal to acknowledge the existence of Plaintiff's medical records, i.e., Plaintiff's requests

for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4,

1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician

submitted to the Defendant;

R.  Denial that Defendant determined Plaintiff was an otherwise qualified handicapped

employee entitled to reasonable accommodation;

S.  Denial that Defendant determined Plaintiff is handicapped;

T.  Denial that the Defendant authorized Plaintiff reasonable accommodation;

U.  Denial that the Defendant provided Plaintiff reasonable accommodation;

V.  Refusal to accommodate;

W.  Refusal to continue from November 19, 2004, through the date of this complaint the

reasonable accommodation Defendant had authorized and provided Plaintiff from

approximately October 1990 through November 18, 2004;

X.  Refusal to answer Plaintiff's first HD complaint discovery requests. Refusal to comply

with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process,

discovery, and adjudication rights through the Defendant's refusal to take an official act

said Constitution and statutes and regulations required the Defendant to take, which official

act the Defendant refused to take knowing that Defendant's refusal to comply with the law

and answer Plaintiff's first HD complaint discovery requests from the June 2007 failure of

settlement negotiations through the date of this Complaint, would[2] violate Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights;

Y.   Refusal to forward the Defendant's Reports of Investigation.  Refusal to comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, hearing, and adjudication rights through the Defendant's refusal to take an official act said statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to comply with the law and forward the Defendant's Reports of Investigation[3] pertaining to Plaintiff's first HD and second HD and reprisal complaints to the EEOC would[4] violate Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, hearing, and adjudication rights;

Z.   Refusal to file the Board Ordered and required response. Refusal to comply with Plaintiff's MSPB and Constitutional due process and adjudication rights through the Defendant's refusal to take an official act said statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to file the Board Ordered and required: a) narrative response to the complaint allegations set forth in Plaintiff's third Whistleblower (WB) reprisal appeal, and b) copies of all other documents which are relevant and material to the Plaintiff's WB reprisal appeal and the complaint

---

[2]  Which is why Federal statutes and regulations requires this "official act" to be taken.

[3]  There is a Report of Investigation for each complaint.

[4]  Which is why Federal statutes and regulations requires this "official act" to be taken.

allegations set forth in Plaintiff's third WB reprisal appeal, from the July 3, 2007, timely
re-filing of Plaintiff's third Whistleblower (WB) reprisal appeal through the date of this
Complaint, would[5] violate Plaintiff's MSPB and Constitutional due process and
adjudication rights.

7. **Plaintiff's second District Court Privacy Act (PA) complaint.** Plaintiff brings this second
Privacy Act (PA) proceeding (hereafter Plaintiff's second PA complaint) for injunctive relief,
monetary damages, declaratory relief, and reasonable attorney's fees, costs and consequential
damages resulting from the Defendant's willful and intentional violations of and to redress
violations of actions taken by the Defendant based on the: a) Federal Privacy Act, 5 UCC
§552a(e)(5), (e)(10), and (g)(1)('c); b) Federal Records Act of 1950, Title 44, Chapter 31 §3101
- §3107, especially §3106; c) Office of Personnel Management regulations; d) Rehabilitation
Act of 1973, as amended, to include, but not be limited to Sections 501, 504 and 505,
accommodation and reprisal; e) Americans with Disabilities Act of 1990, as amended; f) Equal
Employment Opportunity Act regulations for processing and reprisal; g) Civil Rights Act of
1964, 42 U.S.C. § 2000e-16; h)  National Archives and Records Administration (NARA)
regulations; i) Plaintiff's Privacy Act rights; j) Plaintiff's EEO and handicap discrimination and
accommodation and reprisal rights; and k) Plaintiff's Constitutional due process, discovery,
hearing, and adjudication rights, which have had, and continue to have, adverse effects on
Plaintiff.

A.   This is the second PA complaint the Plaintiff has filed against the Defendant.

B.   Plaintiff's first PA complaint, i.e., Civil Action No. 00-1096(PLF), was filed against the

_____

[5] Which is why Federal statutes and regulations requires this "official act" to be taken.

Defendant on or about May 16, 2000, which complaint is pending in the United States
District Court for the District of Columbia.

C.  Plaintiff's first and second PA complaints are each based on separate and different facts,
    dates and time-period acts the Defendant has taken against the Plaintiff.

D.  Plaintiff's second PA complaint is based on the Privacy Act and is supported by the other
    statutes and regulations set forth in the Complaint's Item # 1, and the Defendant's reprisal
    acts of:

    (1).  failing/refusing to safeguard and maintain records pertaining to the Plaintiff, which
          records the Defendant was statutorily required to safeguard and maintain, and

    (2).  destroying records pertaining to the Plaintiff, which records the Defendant was
          statutorily required to **NOT** destroy, which reprisal act(s) are set forth and identified
          in this Complaint's Item #s 6A through 6Z, which are further identified and explained
          throughout this Complaint.

E.  The federal oath of office administered to Plaintiff when Plaintiff was sworn in and
    became a federal employee stated Plaintiff would support and defend[6] the Constitution of
    the United States, which automatically includes the federal employee's compliance with
    federal laws, and did NOT state Plaintiff relinquished his U.S. citizenship, Privacy Act
    rights, EEO and handicap discrimination and accommodation and reprisal rights, and/or his
    Constitutional due process, discovery, hearing, and adjudication rights, and/or his right to
    sue the sovereign in a Federal District Court as the Federal Government does NOT have

---

[6] And, did not state federal employees were authorized to violate the U.S. Constitution
and federal laws or retain their federal employment through their acceptance of "bribes" in
exchange for their violation of federal laws.

the legal authority to rescind/deny/take away the Constitutional due process, discovery, hearing, and adjudication rights of a law-abiding U.S. citizen. Federal criminals relinquish some, but not all, of their rights[7] guaranteed by the United States Constitution and Bill of Rights when they are convicted of a federal crime; however, even convicted federal criminals do NOT relinquish their Privacy Act rights or their right to sue the sovereign for violations of their Privacy Act rights. Likewise, a U.S. citizen does NOT relinquish the citizen's rights guaranteed by the United States Constitution and Bill of Rights or the citizen's right to sue the sovereign in a Federal District Court and obtain justice and relief when the citizen accepts federal employment.

F.  Plaintiff did NOT relinquish his Privacy Act rights and Constitutional due process, discovery, hearing, and adjudication rights to sue the sovereign in a Federal District Court and obtain justice and relief from the Defendant due to the Defendant's willful and intentional violations of Plaintiff's Privacy Act rights and Constitutional due process, discovery, hearing, and adjudication rights when Plaintiff accepted federal employment. A law-abiding U.S. citizen, which Plaintiff is, has, at a minimum, the same rights as a federal criminal to sue the sovereign in a Federal District Court and obtain justice and relief for and from the sovereign for the sovereign's violation(s) of the U.S. citizen's Privacy Act rights and Constitutional due process, discovery, hearing, and adjudication rights even when that U.S. citizen is a federal employee.

G.  The Privacy Act statute authorizes the Plaintiff to file this Privacy Act complaint against

---

[7] Is this why Ms. Joanna Dailey falsely accused the Plaintiff of criminally violating Federal statutes and Defendant's regulations?

the Defendant in this Federal District Court and obtain relief and recover damages from

and for the Defendant's willful and intentional violation of the Plaintiff's Privacy Act rights

and Constitutional due process, discovery, hearing, and adjudication rights, and the Court

has the authority in this Complaint to award Plaintiff injunctive relief, monetary damages,

declaratory relief, and all reasonable attorney fees, costs and consequential damages even

though Plaintiff is a Federal employee.

8. **Handicap Discrimination (HD), Failure/Refusal to Accommodate/Accommodation complaints, and the second and third HD complaints include Handicap and Equal Employment Opportunity (EEO) Reprisal allegations.**

A. Since November 2004, the Plaintiff has filed three handicap discrimination (HD), failure/refusal to accommodate/accommodation complaints against the Defendant, and the second and third HD complaints include Handicap and EEO Reprisal allegations (reprisal), i.e., Defendant (Def.) complaint numbers: ED-2005-28-00, ED-2006-11-00, and ED-2007-15-00, (hereafter:

(1). Plaintiff's first HD complaint, i.e., Def. # ED-2005-28-00;

(2). Plaintiff's second HD and reprisal complaint, i.e., Def. # ED-2006-11-00; and

(3). Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00); or

(4). Plaintiff's HD and reprisal complaints).

B. Plaintiff's HD and reprisal complaints are each based on separate and different facts, dates and time-period actions the Defendant has taken against the Plaintiff.

9. **Handicap Discrimination, Failure/Refusal to Accommodate/Accommodation, and Reprisal complaint filed in this District Court pertains to Plaintiff's third HD and reprisal**

**complaint, i.e., Def. # ED-2007-15-00.**

A.  The Handicap Discrimination, Failure/Refusal to Accommodate/Accommodation, and
    Reprisal complaint Plaintiff filed in this District Court (hereafter Plaintiff's first DC HD
    and reprisal complaint) pertains to Plaintiff's third HD and reprisal complaint, i.e., Def. #
    ED-2007-15-00, that the Plaintiff filed against the Defendant.

B.  Plaintiff brings Plaintiff's first DC HD and reprisal complaint proceeding for injunctive
    relief, monetary damages, declaratory relief, and reasonable attorney fees, costs and
    consequential damages resulting from the Defendant's willful and intentional or
    unintentional violations of and to redress violations of actions taken by the Defendant based
    on the:  a) Federal Privacy Act, 5 UCC §552a(e)(5), (e)(10), and (g)(1)('c); b) Federal
    Records Act of 1950, Title 44, Chapter 31 §3101 - §3107, especially §3106; c) Office of
    Personnel Management regulations; d) Rehabilitation Act of 1973, as amended, to include,
    but not be limited to Sections 501, 504 and 505, accommodation and reprisal; e) Americans
    with Disabilities Act of 1990, as amended; f) Equal Employment Opportunity Act
    regulations for processing and reprisal; g) Civil Rights Act of 1964, 42 U.S.C. § 2000e-16;
    h) National Archives and Records Administration (NARA) regulations; i) Plaintiff's
    Privacy Act rights; j) Plaintiff's EEO and handicap discrimination and accommodation and
    reprisal rights; and k) Plaintiff's Constitutional due process, discovery, hearing, and
    adjudication rights, which have had, and continue to have, adverse effects on Plaintiff.

C.  Plaintiff's first DC HD and reprisal complaint specifically pertains to the handicap
    discrimination and accommodation and HD and EEO reprisal allegations set forth and
    identified in Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00;

however, the reprisal claims also now includes specific <u>Defendant Reprisal Processing Acts</u> (hereafter Def. RPA or Def. RPAs) set forth and identified in this Complaint's Item #s 6X, 6Y, and 6Z and further identified and explained throughout this Complaint, which Def. RPAs commenced in August 2006 and have continued through the date this Complaint was filed.

D.   Plaintiff's first DC HD and reprisal complaint is based on the Rehabilitation Act of 1973, as amended, and the EEOC statutes, and is supported by the other statutes and regulations identified in this Complaint's Item # 1, for the Defendant's willful and intentional or unintentional discrimination and reprisal act(s) set forth and identified in this Complaint's Item #s 6A through 6Z, which are further identified and explained throughout this Complaint.

E.   Plaintiff's first DC HD and reprisal complaint includes both the "intentional" and "unintentional" discrimination and reprisal theories and proof, e.g., Douglas Factors, of handicap discrimination and accommodation, and handicap and EEO reprisal.

F.   Plaintiff did NOT relinquish his EEO and handicap discrimination accommodation and reprisal rights; or his Constitutional due process, discovery, hearing, and adjudication rights; or his right to sue the sovereign through a Federal District Court and obtain justice and relief from the Defendant when he became a federal employee.

G.   The Rehabilitation Act of 1974, as amended, and the Equal Employment Opportunity Act statutes, as amended, authorizes the Plaintiff to file this Rehabilitation Act handicap discrimination and accommodation, and handicap and EEO reprisal complaint in this Federal District Court against the Defendant and obtain relief and recover damages from

and for the Defendant's willful and intentional or unintentional violation of the Plaintiff's

handicap discrimination and accommodation rights, and handicap and EEO reprisal rights,

and Constitutional due process, discovery, hearing, and adjudication rights, and the Court

has the authority to award Plaintiff injunctive relief, monetary damages, declaratory relief,

and all reasonable attorney fees, costs and consequential damages even though the Plaintiff

is a Federal employee.

10. **Defendant's Reprisal Processing Acts** **pertaining to Defendant's Processing of Plaintiff's**

**first HD and Re-Filed first HD and second HD and reprisal complaints.**

A.  Allegations pertaining to the <u>Defendant's Reprisal Processing Act(s)</u> (Def. RPA or Def.

RPAs) pertain to the Defendant's processing of Plaintiff's first HD and re-filed first HD

and second HD and reprisal complaints and are set forth in this proceeding because these

Def. RPAs pertain to specific verbal statements and agreements the Defendant made and

specific Def. RPAs the Defendant has taken, pursuant to the Defendant's August 2006

request to discuss settlement, which Def. RPAs commenced on or about August 1, 2006,

and have continued through the date this Complaint was filed.

B.  Per EEOC regulations, the Plaintiff has the legal right and obligation to include in a

Complaint being adjudicated the reprisal acts the Defendant takes during the processing of

said Complaint. Furthermore, if Plaintiff did not include the Def. RPAs in the adjudication

of this complaint at this time, Plaintiff's failure to include would deny Plaintiff his right to

have the Def. RPAs adjudicated.

C.  Plaintiff hereby exercises his legal right and obligation to include and have the Def. RPAs

adjudicated in this Complaint, i.e., Plaintiff's first DC HD and reprisal complaint, as the

Def. RPAs were taken by the Defendant during the processing of Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00.

D.  The District Court's adjudication of the Def. RPAs is within the Court's jurisdictional scope and authority as the Def. RPAs allegations set forth and identified by the Plaintiff in this Complaint, i.e., Plaintiff's first DC HD and reprisal complaint, were taken by the Defendant during the Defendant's processing of Plaintiff's third HD and reprisal complaint.

E.  The District Court is adjudicating in this Complaint, i.e., Plaintiff's first DC HD and reprisal complaint, the actual Def. RPA allegations set forth and identified in this Complaint's Item #s 6X, 6Y, and 6Z, which are further identified and explained throughout this Complaint, e.g., Complaint's Item #s 10E1 through 10E3, 11, 12, and 13, which Def. RPAs result from the Defendant's August 2006 request to discuss settlement and Defendant's statements and agreements made thereto, and the specific Def. RPAs the Defendant has taken since the June 2007 failure of settlement negotiations.

(1).  The District Court is adjudicating Plaintiff's Def. RPA allegation, which concerns the Defendant's **FAILURE/REFUSAL TO ANSWER**[8] Plaintiff's first HD complaint's timely served Request for Admissions, Interrogatories, Production of Documents, and Stipulations (hereafter Plaintiff's first HD complaint discovery requests) since the June 2007 failure of settlement negotiations, which the Defendant was required to answer on or about the time of the Defendant's August 2006 request to discuss settlement and which, in August 2006, the Defendant agreed to answer to **entice** Plaintiff into accepting the Defendant's August 2006 request to discuss settlement as the

---

[8] As of the filing date of this Complaint.

Defendant's answer to Plaintiff's first HD complaint discovery requests was due on or about the time of the Defendant's August 2006 request to discuss settlement.

    a.   The District Court is NOT adjudicating the validity or legality of Plaintiff's first HD complaint discovery requests.

    b.   The District Court is adjudicating the Defendant's **FAILURE/REFUSAL TO ANSWER**[9] since the June 2007 failure of settlement negotiations Plaintiff's first HD complaint discovery requests, which, in August 2006, the Defendant agreed to answer if settlement negotiations failed, which did fail in June 2007.

(2). The District Court is adjudicating Plaintiff's Def. RPA allegation, which concerns the Defendant's **FAILURE/REFUSAL TO FORWARD**[10], as required by the Equal Employment Opportunity Commission (EEOC) regulations, to the EEOC: a) the Defendant's Report of Investigation pertaining to Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00, and b) the Defendant's Report of Investigation pertaining to Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, since Plaintiff's July 2007 timely re-filing of Plaintiff's first HD and second HD and reprisal complaints.

    a.   The District Court is NOT adjudicating the completeness, fairness or validity of the Defendant's Report of Investigations[11].

    b.   The District Court is adjudicating the Defendant's **FAILURE/REFUSAL TO**

---

[9]  As of the filing date of this Complaint.

[10]  As of the filing date of this Complaint.

[11]  There is a Report of Investigation for each complaint.

**FORWARD**[12] since Plaintiff's July 2007 timely re-filing of Plaintiff's first HD and second HD and reprisal complaints the Defendant's Report of Investigations[13], which the Defendant is required per EEOC regulations to forward to the EEOC and which the Defendant agreed to forward if settlement negotiations failed, which did fail in June 2007.

(3). The District Court is adjudicating Plaintiff's Def. RPA allegation, which concerns the Defendant's **FAILURE/REFUSAL TO FILE**[14] since Plaintiff's July 2007 timely re-filing of Plaintiff's third WB reprisal appeal, i.e., MSPB 06-0764-W-2, the Board[15] Ordered and required: a) **Narrative Response** to the complaint allegations set forth in Plaintiff's third WB reprisal appeal, and b) **Copies** of all other documents which are relevant and material to the Plaintiff's WB appeal and the complaint allegations set forth in Plaintiff's third WB reprisal appeal.

a.   The District Court is NOT adjudicating the completeness, fairness or validity of the WB appeal allegations.

b.   The District Court is adjudicating the Defendant's **FAILURE/REFUSAL TO FILE**[16] since Plaintiff's July 2007 timely re-filing of Plaintiff's third WB reprisal complaint the Board Ordered and required narrative response and copies of all

---

[12]   As of the filing date of this Complaint.

[13]   There is a Report of Investigation for each complaint.

[14]   As of the filing date of this Complaint.

[15]   Merit Systems Protection Board (Board or MSPB).

[16]   As of the filing date of this Complaint.

other documents which are relevant and material to the Plaintiff's third WB reprisal appeal allegations.

F.   The Court has the jurisdictional authority to adjudicate in this Complaint the Plaintiff's Def. RPAs allegations set forth in this complaint even though Plaintiff's Def. RPAs allegations, i.e., Complaint Item #s 6X, 6Y, and 6Z, pertain to the Defendant's processing of Plaintiff's first HD and re-filed first HD and second HD and reprisal complaints, and Plaintiff's re-filed third WB reprisal appeal, as:

(1).   reprisal acts occurring during the processing of an active discrimination complaint can be included and adjudicated in the active complaint per EEOC regulations;

(2).   this is Plaintiff's only HD and reprisal complaint that is active solely due to the Def. RPAs, which Def. RPAs are set forth and identified in this Complaint's Item #s 6X, 6Y, and 6Z, which are further identified and explained throughout this Complaint, e.g., Complaint's Item #s 10E1 through 10E3, 11, 12, and 13; and

(3).   the Defendant will object to the adjudication of the Def. RPAs in Plaintiff's first HD and second HD and reprisal complaints even if said complaints were active, which they are not solely due to the Def. RPAs, due to the time period of said Def. RPAs since said Def. RPAs were taken by the Defendant during the processing of Plaintiff's third HD and reprisal complaint, which is the basis for this Complaint.

G.   The District Court has the jurisdictional authority to adjudicate in this Complaint the Plaintiff's Def. RPAs allegations set forth and identified in this Complaint's Item #s 6X, 6Y, and 6Z, which are further identified and explained throughout this Complaint, e.g., Complaint's Item #s 10E1 through 10E3, 11, 12, and 13.

Page 22 of 180

H.  Plaintiff did NOT relinquish Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights when he agreed to discuss settlement with the Defendant pursuant to the Defendant's August 2006 request to discuss settlement.

## IV.  JURISDICTION AND VENUE

11.  The allegations of Paragraphs 1 through 10 are hereby incorporated as fully as if set forth and rewritten herein.

12.  This Court has jurisdiction of the Privacy Act causes of this action under 28 U.S.C. §1331 and 5 U.S.C. §552a.

13.  This Court has jurisdiction of the discrimination and reprisal causes of this action under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f).

14.  This Court has jurisdiction to award Plaintiff injunctive relief, monetary damages, declaratory relief, and all reasonable attorney fees, costs and consequential damages pursuant to 42 U.S.C.A. §2000e-5(g)(k), 29 U.S.C.A. §626(b)(c)(1)(2), and 28 U.S.C.A. §1346b(1), and the previously identified statutes.

15.  Venue is appropriate in this District Court pursuant to the venue statute as set forth under 42 U.S.C. § 2000e (5) (f) (3), Fed.R.Civ.P., and the local rules of this court as the:

A.  Defendant's Privacy Act violations and unlawful and reprisal acts occurred in the District of Columbia,

B.  Defendant's handicap discrimination violations and unlawful employment acts and practices occurred in the District of Columbia,

C.  Defendant's reasonable accommodation violations and unlawful employment acts and practices occurred in the District of Columbia,

D.  Defendant's handicap discrimination and EEO violations and unlawful employment and reprisal acts and practices occurred in the District of Columbia, and

E.  Defendant's "obstructing justice" and Constitutional violations and unlawful and reprisal acts occurred in the District of Columbia.

F.  And just in case some of the above are incorrect or insufficient the District Court has jurisdiction and venue under the following: a) Federal Privacy Act, 5 UCC §552a(e)(5), (e)(10), and (g)(1)('c); b) Federal Records Act of 1950, Title 44, Chapter 31 §3101 - §3107, especially §3106; c) Office of Personnel Management regulations; d) Rehabilitation Act of 1973, as amended, to include, but not be limited to Sections 501, 504 and 505, accommodation and reprisal; e) Americans with Disabilities Act of 1990, as amended; f) Equal Employment Opportunity Act regulations for processing and reprisal; g) Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; h)  National Archives and Records Administration (NARA) regulations; i) Plaintiff's Privacy Act rights; j) Plaintiff's EEO and handicap discrimination and accommodation and reprisal rights; and k) Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights, which have had, and continue to have, adverse effects on Plaintiff.

## V.  EXHAUSTION OF HANDICAP DISCRIMINATION and EEO ADMINISTRATIVE REMEDIES FACTUAL ALLEGATIONS

16. The allegations of Paragraphs 1 through 15 are hereby incorporated as fully as if set forth and rewritten herein.

17. Most, but not all, of the factual allegations set forth in this Complaint are supported by exhibits and the actual number of exhibits now exceeds 450.   Plaintiff submitted a subset of the 450

exhibits with his request for EEO counseling, which exhibits are identified in the Medical

Litigation Exhibit Index as of December 16, 2006. The Medical Litigation Exhibits and Index

are attached hereto and referenced and incorporated herein in this complaint and filed with the

District Court and the Defendant as fully as if said exhibits were set forth and rewritten herein.

18. All of the necessary administrative prerequisites for filing the identified and referenced Privacy

Act violations and unlawful and reprisal acts claims have been met.

19. All of the necessary administrative prerequisites for filing the identified and referenced handicap

discrimination violations and unlawful employment acts and practices claims have been met.

20. All of the necessary administrative prerequisites for filing the identified and referenced

reasonable accommodation violations and unlawful employment acts and practices claims have

been met.

21. All of the necessary administrative prerequisites for filing the identified and referenced handicap

discrimination and EEO violations and unlawful employment and reprisal acts and practices

claims have been met.

22. All of the necessary administrative prerequisites for filing the identified and referenced

"obstructing justice" and Constitutional violations and unlawful and reprisal acts claims have

been met.

23. Plaintiff has continuously worked for the Defendant since April 1989 and is currently assigned

to work for the Director, Post Audit Group, Financial Improvement and Post Audit Operations,

Office of the Chief Financial Officer, Defendant. The Plaintiff is a GS-14, systems accountant.

At all times relevant to this complaint, Plaintiff is and has been an active Federal civilian

employee employed by the Defendant.

24. Plaintiff timely requested EEO counseling on December 11, 2006, by email from the Defendant's OM  IDR Center in accordance with, and as required by, Federal statutes and Defendant's regulations, i.e., Plaintiff's third HD and reprisal complaint, i.e., Def. ED-2007-15-00.  Plaintiff's document titled "EEO 5 12-11-2006.doc," i.e., Exhibit # 450, was attached to Plaintiff's official December 11, 2006, email request for EEO counseling. The handicap discrimination, accommodation, and handicap and  reprisal claims set forth in Plaintiff's document titled "EEO 5 12-11-2006.doc, i.e., Exhibit # 451, were originally numbered 1 through 12 and are hereby directly restated, i.e., "quoted," herein and renumbered as "A through L."  Plaintiff's document titled "EEO 5 12-11-2006.doc" stated "I am hereby officially requesting EEO counseling for the following as set forth below:"

A.  EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard submitted requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, to agency officials as required by and in accordance with the Rehabilitation Act.  Exhibit # 451, Item # 1.

B.  EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard timely submitted to agency officials the medical information and documentation agency officials had requested Mr. Gard submit pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, as required by and in accordance with the Rehabilitation Act.  Exhibit # 451, Item # 2.

C.  EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials timely approved Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, in accordance with the Rehabilitation Act.  Exhibit # 451, Item # 3.

D.  EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard requested reasonable accommodation from agency officials during the October through December 21, 1998, medical and return-to-work discussions as required by and in accordance with the Rehabilitation Act.  Exhibit # 451, Item # 4.

E.  EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials had all of the medical information and documentation they needed from Mr. Gard to make a reasonable accommodation determination concerning Mr. Gard's reasonable accommodation requests made during the October through December 21, 1998, medical and return-to-work discussions due to the medical information and documentation agency officials had on file because they had previously requested Mr. Gard submit the same, which he did submit, pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992.  Exhibit # 451, Item # 5.

F.  EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal

to acknowledge that agency officials timely approved Mr. Gard's requests for reasonable accommodation made during the October through December 21, 1998, medical and return-to-work discussions in accordance with the Rehabilitation Act. Exhibit # 451, Item # 6.

G.   EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials'  November 24, 2006, failure/refusal to acknowledge that Mr. Gard requested reasonable accommodation from agency officials in February 2000 as required by and in accordance with the Rehabilitation Act. Exhibit # 451, Item # 7.

H.   EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials had all of the medical information and documentation they needed from Mr. Gard to make a reasonable accommodation determination concerning Mr. Gard's reasonable accommodation requests made during February 2000 due to the medical information and documentation agency officials had on file because they had previously requested Mr. Gard submit the same, which he did submit, pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992. Exhibit # 451, Item # 8.

I.   EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials timely approved Mr. Gard's request for reasonable accommodation made during February 2000 in accordance with the Rehabilitation Act. Exhibit # 451, Item # 9.

J.   EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to correctly file, maintain, and safeguard Mr. Gard's medical information and documentation on file with the agency because agency officials had previously requested Mr. Gard submit the same, which he did submit, pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, as required by and in accordance with the Rehabilitation Act and the Privacy Act. Exhibit # 451, Item # 10.

K.   EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to accommodate.  Exhibit # 451, Item # 11.

L.   EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to continue reasonable accommodation.  Exhibit # 451, Item # 12.

25. On February 9, 2007, Plaintiff received the Defendant's OM IDR Counselor's Report, OM IDR Tracking Number: 07-046-IDR.  On February 13, 2007, Plaintiff timely filed his third HD and EEO Formal Complaint of Discrimination, OM IDR Tracking Number: 07-046-IDR, with the Director, Equal Employment Opportunity Group, Defendant, by letter in accordance with and as required by Federal statutes and Defendant's regulations, i.e., Plaintiff's third HD and reprisal complaint, i.e., Def. ED-2007-15-00.

26. Plaintiff stated in his February 13, 2007, EEO Formal Complaint of Discrimination letter that he filed with the Defendant, that Plaintiff's attachment to his December 11, 2006 email to the

OM IDR Center disagrees with the IDR's statement of two (2) allegations of discrimination. Plaintiff's attachment to his December 11, 2006, email set forth ten (10) allegations of discrimination; however, the actual number of allegations of discrimination Plaintiff submitted to the OM IDR Center is twelve (12), i.e., two plus 10, per the attachment, which discrimination and reprisal claims have been set forth in this Complaint's Item #s 27A through 27L.

27. Plaintiff's third handicap discrimination, failure/refusal to accommodate/accommodation, and handicap and EEOC reprisal action was assigned Def. ED-2007-15-00.

28. The Defendant did NOT investigate the Plaintiff's third EEO Formal Complaint of Discrimination, i.e., Def. ED-2007-15-00.

29. The Defendant did NOT issue a Report of Investigation for Plaintiff's third EEO Formal Complaint of Discrimination, i.e., Def. ED-2007-15-00.

30. On September 22, 2007, Plaintiff received the Defendant's September 20, 2007, letter, i.e., DECISION to DISMISS Plaintiff's third EEO Formal Complaint of Discrimination, Complaint ED-2007-15-00.

31. The Defendant issued a Decision to Dismiss Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00, on September 20, 2007.

32. Plaintiff informed the Defendant by fax dated October 29, 2007, of his decision to file an action in this Court.

33. Plaintiff timely filed Plaintiff's first DC HD and reprisal complaint with the District Court.[17]

34. Pursuant to 29 CFR §1614.407(c), Plaintiff has filed a timely Complaint with this Court in the

---

[17] There is no reason for Plaintiff to file this complaint with the EEOC as this Defendant will NOT comply with the EEOC Orders and regulations, i.e., see Item #s 6X and 6Y, 10F1 through 10F3, 11 and 12.

appropriate United States District Court within the 90-day statutory period from the receipt of a final Defendant decision, which final decision pertains to Plaintiff's third HD and reprisal complaint, i.e., Def. ED-2007-15-00.

## VI. REPRISAL PROCESSING ACT FACTUAL ALLEGATIONS

35. The allegations of Paragraphs 1 through 34 are hereby incorporated as fully as if set forth and rewritten herein.

36. The following three (3) Reprisal Processing Act (RPA) allegations, i.e., set forth in Item #s 39, 40 and 41, pertain to specific statements, agreements, and acts the Defendant made prior to and during, and has taken, pursuant to the Defendant's August 2006 request to discuss settlement, and the **Defendant's processing** of:

   A.   Plaintiff's first HD complaint discovery requests set forth in Item # 39,

   B.   Plaintiff's timely re-filed first HD and second HD and reprisal complaints set forth in Item # 40, and

   C.   Plaintiff's third WB reprisal appeal set forth in Item # 41.

37. Ms. Joanna Dailey, Esq., Defendant's MSPB Representative, in August 2006 during a MSPB teleconference(s), stated and agreed in order to: a) convince the Plaintiff that the Defendant's request to discuss settlement was sincere and was NOT made to stall the litigation proceedings, and b) obtain Plaintiff's agreement to agree to the Defendant's August 2006 request to discuss settlement, that upon the unsuccessful conclusion of the settlement negotiations,:

   A.   The Defendant would **Comply** with the remaining time limit pertaining to Plaintiff's first HD complaint discovery requests and would answer Plaintiff's first HD complaint discovery requests and would produce the specified documents,

Page 31 of 180

B.  The Defendant would **Forward** the Defendant's Report of Investigations[18] for Plaintiff's re-filed first HD and second HD and reprisal complaints to the Equal Employment Opportunity Commission (EEOC), and

C.  The Defendant would **File** the Defendant's "narrative response to the appeal and all material issues raised by appellant," and "Copies of all other documents which are relevant and material to this appeal," with the Merit Systems Protection Board (Board or MSPB) and Plaintiff upon the timely re-filing of Plaintiff's third WB reprisal appeal, which was timely re-filed on July 3, 2007.

38. Plaintiff did not relinquish and did not agree to relinquish Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights when he agreed to the Defendant's August 2006 request to discuss settlement.

39. **Reprisal Processing Act pertaining to Defendant's Processing of Plaintiff's first HD complaint Discovery Requests.**

A.  The allegations of Paragraphs 1 through 38 are hereby incorporated as fully as if set forth and rewritten herein.

B.  This RPA allegation pertains to the **Defendant's processing** of Plaintiff's first HD complaint's timely served Request for Admissions, Interrogatories, Production of Documents, and Stipulations (hereafter Plaintiff's first HD complaint discovery requests).

C.  Prior to the Defendant's August 2006 request to discuss settlement, the Defendant was legally required to answer Plaintiff's HD complaint discovery requests.

D.  Plaintiff's first HD complaint discovery requests were timely-served on the Defendant in

---

[18] There is a Report of Investigation for each complaint.

July 2006.

E.  Plaintiff agreed to participate in the Defendant's August 2006 request to discuss settlement because the Defendant had agreed to **ANSWER** Plaintiff's first HD complaint discovery requests upon the failure of settlement negotiations, which failed on or about June 28, 2007.

F.  Plaintiff's agreement to participate in the Defendant's August 2006 request to discuss settlement **REQUIRED** the Defendant to **ANSWER** Plaintiff's first HD complaint discovery requests upon the failure of settlement negotiations, which failed on or about June 28, 2007.

G.  In August 2006, Defendant **AGREED[19] to ANSWER** Plaintiff's first HD complaint discovery requests if settlement negotiations failed.

H.  Settlement negotiations failed on or about June 28, 2007.

I.  Defendant **HAS NOT ANSWERED** Plaintiff's first HD complaint discovery requests from the June 2007 failure of settlement negotiations and thenceforth.

J.  In August 2006, Defendant **AGREED to ANSWER** Plaintiff's first HD complaint discovery requests if settlement negotiations failed in order to **entice** the Plaintiff into agreeing to accept the Defendant's August 2006 request to discuss settlement as the Plaintiff would NOT agree to accept and did NOT accept the Defendant's August 2006 request to discuss settlement until after the Defendant had agreed to answer Plaintiff's first HD complaint discovery requests if settlement negotiations failed.

K.  The Defendant's August 2006 request to discuss settlement was made to **STOP** the

---

[19] It should not make any difference that the Defendant's August 2006 agreement is verbal.

processing of Plaintiff's first HD complaint discovery requests and thereby **DENY** Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights as the Defendant was legally required to answer Plaintiff's first HD complaint discovery requests; the Defendant's answer was due approximately on or a few days after August 1, 2006; and Plaintiff's time period for filing a Motion to Compel the Defendant to Answer Plaintiff's first HD complaint discovery requests **HAD NOT EXPIRED** when the Defendant made the Defendant's August 2006 request to discuss settlement.

L.  Defendant's August 2006 request to discuss settlement was made to PREVENT the Plaintiff from filing in August 2006 a Motion to Compel the Defendant to Answer Plaintiff's first HD complaint discovery requests.

M.  Plaintiff did NOT agree to relinquish and did NOT relinquish Plaintiff's right to have the Defendant promptly answer Plaintiff's timely served first HD complaint discovery requests when Plaintiff agreed to accept the Defendant's August 2006 request to discuss settlement.

N.  The Defendant    **HAS NOT ANSWERED**    Plaintiff's first HD complaint discovery requests from the date Plaintiff's first HD complaint discovery requests were timely-served and thenceforth.

O.  The Court should SANCTION the Defendant for the Defendant's August 2006 request to discuss settlement and agreement to answer Plaintiff's timely served first HD complaint discovery requests if settlement negotiations failed when the Defendant's real reason and purpose for the Defendant's August 2006 request to discuss settlement and agreement to answer Plaintiff's first HD complaint discovery requests was 1) to "obstruct justice," 2) not answer Plaintiff's timely served first HD complaint discovery requests, 3) prolong all

litigation pending between the Plaintiff and Defendant, and 4) deny and violate Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights.

P.  The Court should SANCTION the Defendant for the Defendant's failure/refusal to promptly answer, upon the June 2007 failure of settlement negotiations and thenceforth, Plaintiff's first HD complaint discovery requests.

Q.  The Court should sanction the Defendant by requiring the Defendant to immediately answer Plaintiff's first HD complaint discovery requests and produce the requested documents as settlement negotiations failed and said Defendant's answer is past due, and also award Plaintiff attorney fees, costs and consequential damages.

R.  If the Defendant does not comply[20] with the District Court's Sanction Order to immediately[21] answer Plaintiff's first HD complaint discovery requests and produce the requested documents then the Court should further sanction the Defendant by Ordering that:

(1). All of the Requests for Admissions and Stipulations are DEEMED ADMITTED and BINDING on the Defendant in all judicial and administrative proceedings,

(2). All of the Requests for Interrogatories are DEEMED "something"[22], and

---

[20]  Plaintiff's Requests for Interrogatories, Admissions and Stipulations are based on and supported by 435 exhibits, which were submitted to the Defendant with Plaintiff's first HD complaint discovery requests, which is why the Defendant has NOT answered Plaintiff's Requests for Admissions and Stipulations.

[21]  Plaintiffs suggests three (3) days from the date of the Court's Order as the Defendant has had from July 2006 and thenceforth to prepare Defendant's answer.

[22]  Plaintiff defers to the Court as to how the Court will sanction a Defendant for refusing to answer timely served interrogatories.

(3). The Defendant must produce the requested documents especially the Defendant's Executive File, which pertains to the Plaintiff; however, by now Plaintiff expects the Defendant has:

    a.    moved the contents of the Defendant's Executive File to another file,

    b.    renamed the Defendant's Executive File, i.e., this Defendant uses "code names" to circumvent the Privacy Act, Federal Records Act, and OPM statutory legal record-keeping requirements and regulations, and

    c.    destroyed the Defendant's Executive File, which Pertains to this complaint.

S.    The District Court has the jurisdictional authority in this complaint to adjudicate: 1) this RPA allegation in this Complaint, 2) sanction the Defendant, and 3) award Plaintiff injunctive relief, monetary damages, declaratory relief, and all reasonable attorney fees, costs and consequential damages even though the Plaintiff is a Federal employee since the Defendant's August 2006 request to discuss settlement was made: 1) to STOP and/or STALL the processing of all litigation proceedings involving Plaintiff and the Defendant, 2) not answer Plaintiff's first HD complaint discovery requests, and 3) deny Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights, which Plaintiff did not relinquish and did not agree to relinquish when he agreed to the Defendant's August 2006 request to discuss settlement.

40.  **Reprisal Processing Acts pertaining to Defendant's Processing of Plaintiff's Re-Filed first HD and second HD and reprisal complaints.**

A.    The allegations of Paragraphs 1 through 39 are hereby incorporated as fully as if set forth and rewritten herein.

B.  This RPA allegation pertains to the Defendant's processing of Plaintiff's timely re-filed first HD and second HD and reprisal complaints.

C.  Prior to the Defendant's August 2006 request to discuss settlement, the Defendant was legally required to **FORWARD** the Defendant's Report of Investigations[23] to the EEOC.

    (1). The Defendant had **FORWARDED** the Defendant's Report of Investigation for Plaintiff's first HD complaint, i.e., Def. # ED-2005-28-00, to the EEOC.

    (2). The Defendant had **NOT FORWARDED** the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint, i.e., Def. # ED-2006-11-00, to the EEOC.

D.  Plaintiff agreed to participate in the Defendant's August 2006 request to discuss settlement because the Defendant had agreed to **FORWARD** the Defendant's Report of Investigations[24] to the EEOC upon the failure of settlement negotiations, which failed on or about June 28, 2007.

E.  Plaintiff's agreement to participate in the Defendant's August 2006 request to discuss settlement **REQUIRED** the Defendant to **FORWARD** the Defendant's Report of Investigations[25] to the EEOC: 1) upon the failure of settlement negotiations, which failed on or about June 28, 2007, and 2) upon the timely re-filing of Plaintiff's Request for Hearing for Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00, and Plaintiff's second HD and reprisal complaint, i.e., Def. # ED-2006-11-00, which requests were timely re-filed.

---

[23] There is a Report of Investigation for each complaint.

[24] There is a Report of Investigation for each complaint.

[25] There is a Report of Investigation for each complaint.

F.  In August 2006, Defendant **AGREED TO FORWARD** the Defendant's Report of Investigations[26] to the EEOC if settlement negotiations failed.

G.  Settlement negotiations failed on or about June 28, 2007.

H.  Defendant **HAS NOT FORWARDED** the Defendant's Report of Investigations[27] for Plaintiff's timely re-filed first HD and second HD and reprisal complaints, i.e., Def. #s ED-2005-28-00 and ED-2006-11-00, to the EEOC.

I.  In August 2006, Defendant **AGREED to FORWARD** the Defendant's Report of Investigations[28] for Plaintiff's first HD and second HD and reprisal complaints to the EEOC if settlement negotiations failed in order to **entice** the Plaintiff into agreeing to accept the Defendant's August 2006 request to discuss settlement as the Plaintiff would NOT agree to accept and did NOT accept the Defendant's August 2006 request to discuss settlement until after the Defendant had agreed to forward the Defendant's Report of Investigations[29] for Plaintiff's first HD and second HD and reprisal complaints to the EEOC if settlement negotiations failed.

J.  The Defendant's August 2006 request to discuss settlement was made to **STOP** the processing of Plaintiff's first HD and second HD and reprisal complaints and thereby **DENY** Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights as the Defendant is legally required by EEOC regulations to forward the Defendant's

---

[26] There is a Report of Investigation for each complaint.

[27] There is a Report of Investigation for each complaint.

[28] There is a Report of Investigation for each complaint.

[29] There is a Report of Investigation for each complaint.

Report of Investigations[30] for Plaintiff's first HD and second HD and reprisal complaints to the EEOC: 1) upon the failure of settlement negotiations, which failed on or about June 28, 2007, and 2) upon the timely re-filing of Plaintiff's Requests for Hearing for Plaintiff's first HD and second HD and reprisal complaints, which requests were timely re-filed in July 2007; and the Defendant's time-period, i.e., approximately fifteen (15) days, for forwarding the Defendant's Report of Investigations[31] to the EEOC has expired.

K.    Defendant's August 2006 request to discuss settlement was made to PREVENT the EEOC from adjudicating Plaintiff's first HD and second HD and reprisal complaints.

L.    Plaintiff did NOT agree to relinquish and did NOT relinquish Plaintiff's right to have the Defendant promptly forward the Defendant's Report of Investigations[32] for Plaintiff's first HD and second HD and reprisal complaints to the EEOC as required by EEOC regulations if settlement negotiations failed when Plaintiff agreed to accept the Defendant's August 2006 request to discuss settlement.

M.    The Defendant    **HAS NOT FORWARDED** the Defendant's Report of Investigations[33] for Plaintiff's first HD and second HD and reprisal complaints to the EEOC as required by EEOC regulations from the date Plaintiff's requests for hearing were timely-re-filed and thenceforth.

N.    The EEOC has NOT forwarded Plaintiff's first HD complaint's **Re-Filed** Request for

---

[30] There is a Report of Investigation for each complaint.

[31] There is a Report of Investigation for each complaint.

[32] There is a Report of Investigation for each complaint.

[33] There is a Report of Investigation for each complaint.

Hearing to an EEOC Administrative Judge for adjudication since the June 2007 failure of settlement negotiations and thenceforth because the EEOC **HAS NOT RECEIVED FROM** the Defendant, the Defendant's Report of Investigation for Plaintiff's first HD complaint, i.e., Def. # ED-2005-28-00.

O. The EEOC has NOT forwarded Plaintiff's second HD and reprisal complaint's **Re-Filed** Request for Hearing to an EEOC Administrative Judge for adjudication since the June 2007 failure of settlement negotiations and thenceforth because the EEOC **HAS NOT RECEIVED FROM** the Defendant, the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint, i.e., Def. # ED-2006-11-00.

P. The EEOC will NOT forward a complainant's[34] Request for Hearing to an EEOC Administrative Judge for adjudication until the EEOC has received from the Federal agency[35], the Federal agency's Report of Investigation, which pertains to the complainant's Request for Hearing.

Q. The Court should SANCTION the Defendant for the Defendant's August 2006 request to discuss settlement and agreement to forward the Defendant's Report of Investigations[36] to the EEOC when the Defendant's real reason and purpose for the Defendant's August 2006 request to discuss settlement was 1) to "obstruct justice," 2) not forward the Defendant's Report of Investigations[37] for Plaintiff's first HD and second HD and reprisal complaints

---

[34] For this District Court Complaint, that would be the Plaintiff.

[35] For this District Court Complaint, that would be the Defendant.

[36] There is a Report of Investigation for each complaint.

[37] There is a Report of Investigation for each complaint.

to the EEOC, 3) prolong all litigation pending between the Plaintiff and Defendant, and 4) deny and violate Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights.

R.  The Court should SANCTION the Defendant for the Defendant's failure/refusal to promptly forward the Defendant's Report of Investigations[38] to the EEOC upon Plaintiff's timely re-filing of Plaintiff's first HD and second HD and reprisal complaints, and also award Plaintiff attorney fees, costs and consequential damages.

S.  Plaintiff's agreement to participate in the Defendant's August 2006 request to discuss settlement was to negotiate a settlement and did NOT authorize the Defendant to violate Plaintiff's EEOC due process rights.

T.  Plaintiff did not relinquish and did not agree to relinquish Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights when he agreed to discuss settlement with the Defendant pursuant to the Defendant's August 2006 request to discuss settlement.

U.  The District Court has the jurisdictional authority to adjudicate in this Complaint: 1) the Plaintiff's Def. RPAs allegations, 2) sanction the Defendant, and 3) award Plaintiff injunctive relief, monetary damages, declaratory relief, and all reasonable attorney fees, costs and consequential damages even though the Plaintiff is a Federal employee since the Defendant's August 2006 request to discuss settlement was made to: 1) STOP and/or STALL the processing of all litigation proceedings, 2) not forward Defendant's Report of Investigations[39] to the EEOC upon Plaintiff's timely re-filing of Plaintiff's first HD and

---

[38] There is a Report of Investigation for each complaint.

[39] There is a Report of Investigation for each complaint.

second HD and reprisal complaints, and 3) deny Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights.

41. **Reprisal Processing Act** pertaining to Defendant's Processing of Plaintiff's third MSPB Whistleblower (WB) Reprisal Appeal.

A.   The allegations of Paragraphs 1 through 40 are hereby incorporated as fully as if set forth and rewritten herein.

B.   This RPA allegation pertains to the **Defendant's processing** of Plaintiff's third MSPB Whistleblower (WB) reprisal appeal, i.e., MSPB Docket No. DC-1221-06-0764-W-1, now W-2 (hereafter Plaintiff's third WB reprisal appeal).

C.   Prior to the Defendant's August 18, 2006, request to discuss settlement, Plaintiff had timely filed Plaintiff's third WB reprisal appeal with the Merit Systems Protection Board (Board or MSPB).

D.   The Board's Acknowledgment Order dated August 18, 2006, Ordered the Defendant to serve the MSPB Administrative Judge assigned to hear the MSPB appeal, appellant[40], and appellant's representative, with the material listed on the **enclosed schedule** and any other information required by 5 C.F.R. § 12.01.25 **within 20 calendar days of the date of this Order**.

(1).   Enclosed Schedule Item # 1 states, "A narrative response to the appeal and all material issues raised by appellant."

(2).   Enclosed Schedule Item # 4 states, "Copies of all other documents which are relevant and material to this appeal."

_____

[40]  Plaintiff is the Appellant in a Board appeal.

E.  Prior to the Defendant's August 2006 request to discuss settlement, the Defendant was legally required to: 1) Answer the appeal allegations set forth in Plaintiff's third MSPB Whistleblower (WB) reprisal appeal, and 2) Comply with the instructions set forth in the Board's August 18, 2006, Acknowledgment Order.

F.  Plaintiff agreed to participate in the Defendant's August 2006 request to discuss settlement because the Defendant had agreed to: **comply** with the remaining time limit pertaining to Plaintiff's third WB reprisal appeal, and **File** the Board-Ordered Defendant's "narrative response to the appeal and all material issues raised by appellant," and "Copies of all other documents which are relevant and material to this appeal," with the Board upon the timely re-filing of Plaintiff's third WB reprisal appeal, which was timely re-filed on July 3, 2007.

G.  Plaintiff's agreement to participate in the Defendant's August 2006 request to discuss settlement **REQUIRED** the Defendant to **FILE** the Board-Ordered "narrative response to the appeal and all material issues raised by appellant," and "Copies of all other documents which are relevant and material to this appeal," with the Board upon the timely re-filing of Plaintiff's third WB reprisal appeal, which appeal was timely re-filed on July 3, 2007.

H.  In August 2006, Defendant **AGREED to ANSWER** the allegations set forth in Plaintiff's third WB reprisal appeal if settlement negotiations failed.

I.  Settlement negotiations failed on or about June 28, 2007.

J.  The Defendant has NOT filed the Board-Ordered Defendant's answer to the allegations set forth in Plaintiff's third WB reprisal appeal and copies of all other documents which are relevant and material to this appeal from July 3, 2007 and henceforth.

Page 43 of  180

K. Defendant's August 2006 request to discuss settlement was made so the Defendant would NOT have to: 1) File Defendant's answer to the allegations set forth in Plaintiff's third WB reprisal appeal and 2) Comply with the Board's Acknowledgment Order.

L. In August 2006, Defendant **AGREED**[41] **to ANSWER** the allegations set forth in Plaintiff's third WB reprisal appeal in order to **entice** the Plaintiff into agreeing to accept the Defendant's August 2006 request to discuss settlement as the Plaintiff would NOT agree to accept and did NOT accept the Defendant's August 2006 request to discuss settlement until after the Defendant had agreed to answer the allegations set forth in Plaintiff's third WB reprisal appeal if settlement negotiations failed.

M. The Defendant's August 2006 request to discuss settlement was made to **STALL** the processing of Plaintiff's third WB reprisal appeal and thereby **DENY** Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights as the Defendant was legally required to file the Defendant's answer to the appeal allegations set forth in Plaintiffs' third WB reprisal appeal; the Defendant's answer was due a few days after the Defendant had made the Defendant's August 2006 request to discuss settlement; and Defendant knew the Plaintiff would file a Motion to Compel the Defendant to Answer the allegations set forth in Plaintiff's third WB reprisal appeal and Comply with the Board's Acknowledgment Order if the Defendant did not file the Board ordered and required Defendant answer.

N. Plaintiff did NOT agree to relinquish and did NOT relinquish Plaintiff's right to have the

---

[41]    It should not make any difference that the Defendant's August 2006 agreement is verbal.

Defendant promptly answer the appeal allegations set forth in Plaintiff's timely re-filed third WB reprisal appeal when Plaintiff agreed to accept the Defendant's August 2006 request to discuss settlement.

O. The Board's August 1, 2007, Acknowledgment Order for Plaintiff's third WB reprisal appeal states:

    (1). "The procedures and instructions set forth in the Board's original Acknowledgment Order, and subsequent Board Orders addressing processing, remain in effect."

    (2). "The August 18, 2006, Stay of the running of all time periods under the Board's original Acknowledgment Order dissolved effective with the July 3, 2007 refiling action."

P. Defendant **HAS NOT ANSWERED** the appeal allegations set forth in Plaintiff's third timely re-filed WB reprisal appeal, which was re-filed on July 3, 2007 and henceforth.

Q. The Court should SANCTION the Defendant for the Defendant's August 2006 request to discuss settlement and agreement to answer the allegations set forth in Plaintiff's third WB reprisal appeal if settlement negotiations failed when the Defendant's real reason and purpose for the Defendant's August 2006 request to discuss settlement and agreement to answer the allegations set forth in Plaintiff's third WB reprisal appeal was to 1) "obstruct justice," 2) not answer the allegations set forth in Plaintiff's third WB reprisal appeal, 3) not comply with the Board's Acknowledgment Order, 4) prolong all litigation pending between the Plaintiff and Defendant, and 5) deny and violate Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights.

R. The Court should SANCTION  the Defendant for the Defendant's failure/refusal to

promptly answer the allegations set forth in Plaintiff's third WB reprisal appeal upon Plaintiff's timely re-filing of Plaintiff's third WB reprisal appeal.

S.  The Court should sanction the Defendant by requiring the Defendant to immediately answer the allegations set forth in Plaintiff's timely re-filed third WB reprisal appeal as settlement negotiations failed and said Defendant answer is past due, and also award Plaintiff attorney fees, costs and consequential damages.

T.  If the Defendant does not comply[42] with the District Court's Sanction Order to immediately answer Plaintiff's timely re-filed third WB reprisal appeal then the Court should further sanction the Defendant by Ordering that all of the allegations set forth in Plaintiff's timely re-filed third WB reprisal appeal are DEEMED ADMITTED and BINDING on the Defendant in all judicial and administrative proceedings.

U.  On November 27, 2007, the MSPB Administrative Judge rewarded the Defendant for the Defendant's August 2006 request to discuss settlement and penalized the Plaintiff for agreeing to the Defendant's August 2006 request to discuss settlement but not settling by ruling in Plaintiff's third WB reprisal appeal, i.e., MSPB 06-0764-W-2, that the Defendant would NOT **now** have to comply with the requirements of the Board's Acknowledgment Order dated August 18, 2006, and would NOT **now** have to file:

(1). "A narrative response to the appeal and all material issues raised by appellant" and

(2). "Copies of all other documents which are relevant and material to this appeal."

V.  Plaintiff's agreement to participate in the Defendant's August 2006 request to discuss

---

[42] The appeal allegations set forth in Plaintiff's third WB reprisal appeal are supported by 435 exhibits, which were submitted to the Defendant, which is why the Defendant has refused to file the required Defendant's answer to the allegations set forth in said appeal.

settlement was to negotiate a settlement and did NOT authorize the Defendant to violate Plaintiff's MSPB due process rights. Plaintiff did not relinquish and did not agree to relinquish Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights when Plaintiff agreed to discuss settlement with the Defendant pursuant to the Defendant's August 2006 request to discuss settlement.

W. Plaintiff is entitled by MSPB regulations to the Defendant's answer to the allegations set forth in Plaintiff's appeal.

X. The District Court has the jurisdictional authority to adjudicate in this Complaint: 1) the Plaintiff's Def. RPA allegations, 2) sanction the Defendant, and 3) award Plaintiff injunctive relief, monetary damages, declaratory relief, and all reasonable attorney fees, costs and consequential damages even though the Plaintiff is a Federal employee since the Defendant's August 2006 request to discuss settlement was made: 1) to STOP and/or STALL the processing of all litigation proceedings, 2) not file the Defendant's answer to the allegations set forth in Plaintiff's third WB reprisal appeal, 3) not comply with the Board's Acknowledgment Order, and 4) deny Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights.

## VII. FACTUAL ALLEGATIONS

42. The allegations of Paragraphs 1 through 41 are hereby incorporated as fully as if set forth and rewritten herein.

43. The Defendant hired Plaintiff in April 1989.

44. Plaintiff's Oct. 19, 1990, memorandum marked "confidential" to Mr. Ronald Oleyar[43], Director,

---

[43] Mr. Oleyar has retired and this position and office have since been reorganized.

Financial Management Service, through Ms. Shirley Jackson, Chief, Liaison Section I, Program

Financing Branch; Mr. John Murphy, Chief, Program Financing Branch, Financial Operations

Division; Ms. Betty Hepak, Director, Financial Operations Division, Financial Management

Service; Defendant, states in subject "Notification of Equal Employment Opportunity problem."

Paragraph one's opening sentence states "As instructed[44] when hired, I am hereby notifying the

Department of Education (ED) of a pending Equal Employment Opportunity problem prior to

the commencement of EEO action." Mr. Oleyar called Ms. Jackson, Plaintiff's supervisor, and

Plaintiff to his office shortly after Plaintiff starting work for the Defendant.  Mr. Oleyar told

Plaintiff that: a) Plaintiff would not have to file a discrimination complaint while employed for

Defendant, b) Plaintiff was to let Mr. Oleyar know if there was a reasonable accommodation

problem, c) Defendant would accommodate Plaintiff, and d) there would be no reasonable

accommodation problems.  Indeed, there were no reasonable accommodation problems[45], not

even in 1998, between Plaintiff and the Defendant from 1990 through November 19, 2004, that

would have required the Plaintiff to file an EEO complaint against the Defendant because, just

as Mr. Oleyar stated, the Defendant would do: 1)  the Defendant provided Plaintiff with the

reasonable accommodation Plaintiff requested from 1990 through November 19, 2004; 2)

Defendant officials determined Plaintiff was an otherwise qualified handicap employee entitled

to reasonable accommodation; and 3) Defendant's officials authorized and provided  Plaintiff

with the reasonable accommodation requested.

---

[44] As instructed by Mr. Oleyar within a few weeks of starting work for the Defendant.

[45] i.e., Not until after Plaintiff's July 2004 disclosures involving grantee and internal
fraud and other internal employee disclosures.

45. On October 19, 1990, Plaintiff submitted a written request for reasonable accommodation to the Defendant. Exhibit # 10.

    A.  Defendant requested Plaintiff submit medical documentation.

    B.  Plaintiff and/or Plaintiff's physicians submitted the requested medical documentation to the Defendant.

    C.  Defendant determined Plaintiff was an otherwise qualified handicap employee entitled to reasonable accommodation.

    D.  Defendant approved Plaintiff's October 19, 1990, request for reasonable accommodation.

    E.  Defendant provided Plaintiff with the requested reasonable accommodation from the date of the Defendant's approval of Plaintiff's October 19, 1990, request for reasonable accommodation through November 18, 2004.

    F.  Plaintiff has never received written notice from the Defendant that Plaintiff's October 19, 1990, request for reasonable accommodation had been denied.

    G.  The Defendant has never notified the Plaintiff of his EEO and handicap discrimination appeal rights.

46. The Defendant did not deny Plaintiff's October 19, 1990, request for reasonable accommodation. Instead it provided Plaintiff with the requested accommodation as the Defendant's denial of Plaintiff's October 19, 1990, request for reasonable accommodation would have triggered the statutory time-period for requesting EEO counseling and filing an appeal, which would have caused the Plaintiff to file a handicap discrimination, refusal to accommodate, complaint against the Defendant in this District Court, which Plaintiff did not file because the Defendant approved and did not deny Plaintiff's October 19, 1990, request for

reasonable accommodation.

47. On December 16, 1991, Plaintiff submitted a written request for reasonable accommodation to the Defendant. Exhibit # 15.

    A.   Defendant requested Plaintiff submit medical documentation.

    B.   Plaintiff and/or Plaintiff's physicians submitted the requested medical documentation to the Defendant.

    C.   Defendant determined Plaintiff was an otherwise qualified handicap employee entitled to reasonable accommodation.

    D.   Defendant approved Plaintiff's December 16, 1991, request for reasonable accommodation.

    E.   Defendant provided Plaintiff with the requested reasonable accommodation from the date of the Defendant's approval of Plaintiff's December 16, 1991, request for reasonable accommodation through November 18, 2004.

    F.   Plaintiff has never received written notice from the Defendant that Plaintiff's December 16, 1991, request for reasonable accommodation had beeen denied.

    G.   The Defendant has never notified the Plaintiff of his EEO and handicap discrimination appeal rights.

48. The Defendant did not deny Plaintiff's December 16, 1991, request for reasonable accommodation. Instead it provided Plaintiff with the requested accommodation as the Defendant's denial of Plaintiff's December 16, 1991, request for reasonable accommodation would have triggered the statutory time-period for requesting EEO counseling and filing an appeal, which would have caused the Plaintiff to file a handicap discrimination, refusal to accommodate, complaint against the Defendant in this District Court, which Plaintiff did not

file because the Defendant approved and did not deny Plaintiff's December 16, 1991, request for reasonable accommodation.

49. On March 4, 1992, Plaintiff submitted a written request for reasonable accommodation to Defendant. Exhibit # 16.

   A.  Defendant requested Plaintiff submit medical documentation.

   B.  Plaintiff and/or Plaintiff's physicians submitted the requested medical documentation to the Defendant.

   C.  Defendant determined Plaintiff was an otherwise qualified handicap employee entitled to reasonable accommodation.

   D.  Defendant approved Plaintiff's March 4, 1992, request for reasonable accommodation.

   E.  Defendant provided Plaintiff with the requested reasonable accommodation from the date of the Defendant's approval of Plaintiff's March 4, 1992, request for reasonable accommodation through November 18, 2004.

   F.  Plaintiff has never received written notice from the Defendant that Plaintiff's March 4, 1992, request for reasonable accommodation had been denied.

   G.  The Defendant has never notified the Plaintiff of his EEO and handicap discrimination appeal rights.

50. The Defendant did not deny Plaintiff's March 4, 1992, request for reasonable accommodation. Instead it provided Plaintiff with the requested accommodation as the Defendant's denial of Plaintiff's March 4, 1992, request for reasonable accommodation would have triggered the statutory time-period for requesting EEO counseling and filing an appeal, which would have caused the Plaintiff to file a handicap discrimination, refusal to accommodate, complaint against

the Defendant in this District Court, which Plaintiff did not file because the Defendant approved and did not deny Plaintiff's March 4, 1992, request for reasonable accommodation.

51. Plaintiff and Defendant have been involved in whistleblower reprisal administrative proceedings and/or litigation from June 1998 forward. The Board awarded and Ordered the Defendant to pay the Plaintiff more than $150,000 in attorney fees, costs and consequential damages in early 2005, which is approximately one half of the total amount of attorney fees, costs and consequential damages expenses the Plaintiff actually incurred and does not include any damage amount for other damages, e.g., was not, but should have been, grossed up for income taxes per a Court decision plaintiff found upon his own investigation. The Defendant paid Plaintiff the $150,000 in April 2005. The Office of General Counsel, Defendant, and Defendant's officials were upset with the Plaintiff because the Defendant had been Ordered to pay and had to pay to the Plaintiff more than $150,000 in attorney fees, costs and consequential damages due to Defendant's reprisal acts, which reprisal acts were taken against the Plaintiff due to Plaintiff's 1998 disclosures of Defendant gross mismanagement and fraud.

52. In July 2004 and thenceforth Plaintiff disclosed external grantee and potential internal employee fraud and gross mismanagement to Mr. Jack Martin, Chief Financial Officer (CFO), Mr. Mark Carney, Deputy CFO, and Mr. Jack Higgins, Inspector General, Office of Inspector General, Defendant. Plaintiff's July 2004 whistleblower disclosures involved the Indirect Cost Group, FIPAO, which was the group Plaintiff was working in at the time of his disclosures. Plaintiff's July 2004 disclosures named some of the employees who worked in the Indirect Cost Group. The supervisor of the Indirect Cost Group, Mr. Richard Mueller, was upset with the Plaintiff for making disclosures that involved the Indirect Cost Group.

53. Ms. Linda Stracke is the Director, Financial Improvement and Post Audit Operations (FIPAO), Office of the Chief Financial Officer (OCFO), Defendant, and was assigned to this position in July 2005.

54. On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Plaintiff had submitted requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, to Defendant's officials.

55. On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Plaintiff had timely submitted to Defendant's officials the medical information and documentation Defendant officials had requested the Plaintiff submit pursuant to the Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992.

56. On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Defendant's officials timely approved Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, in accordance with the Rehabilitation Act.

57. On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Plaintiff requested reasonable accommodation from Defendant's officials, i.e., Mr. Danny Harris, now Deputy Chief Financial Officer, Office of the Chief Financial Officer, Defendant, during the October through December 21, 1998, medical and return-to-work discussions Mr. Harris held with the Plaintiff as required by and in accordance with the Rehabilitation Act.

58. On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Defendant's officials had all of the medical information and documentation they needed from the Plaintiff to make a reasonable accommodation determination concerning Plaintiff's reasonable accommodation requests made during the October through December 21, 1998, medical and

return-to-work discussions Mr. Harris, Acting Director, Financial Management Operations, Defendant, held with the Plaintiff due to the medical information and documentation Defendant's officials had on file because they had previously requested the Plaintiff submit the same, which he did submit, pursuant to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992.

59.  Mr. Phil Maestri, Director, FIPAO, was in attendance at all of the October through December 1998 medical and return-to-work discussions Mr. Harris held with the Plaintiff as the Defendant had decided Plaintiff's supervisor would be Mr. Maestri. Mr. Maestri was fully aware of and involved in Plaintiff's and Defendant's October through December 1998 reasonable accommodation, medical and return-to-work discussions and the medical documentation the Defendant had on file. Mr. Maestri was the Director of FIPAO from, at least, 1998 through 2002.

60.  On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Defendant's officials timely approved Plaintiff's requests for reasonable accommodation made during the October through December 21, 1998, medical and return-to-work discussions in accordance with the Rehabilitation Act.

61.  On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Plaintiff had requested reasonable accommodation from Defendant's officials in February 2000 as required by and in accordance with the Rehabilitation Act.

62.  On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Defendant's officials had all of the medical information and documentation they needed from Plaintiff to make a reasonable accommodation determination concerning Plaintiff's reasonable

accommodation requests made during February 2000 due to the medical information and documentation Defendant's officials had on file because they had previously requested Plaintiff submit the same, which he did submit, pursuant to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992.

63. On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that Defendant's officials timely approved Plaintiff's request for reasonable accommodation made during February 2000 in accordance with the Rehabilitation Act.

64. On November 24, 2006, Ms. Linda Stracke failed/refused to correctly file, maintain, and safeguard Plaintiff's medical information and documentation on file with the Defendant because Defendant's officials had previously requested the Plaintiff submit the same, which he did submit, pursuant to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, as required by and in accordance with the Rehabilitation Act and the Privacy Act.

65. On November 24, 2006, Ms. Linda Stracke failed/refused to accommodate the Plaintiff.

66. On November 24, 2006, Ms. Linda Stracke failed/refused to continue Plaintiff's reasonable accommodation.

67. The Defendant has denied that Plaintiff submitted a request or any requests for reasonable accommodation to the Defendant from approximately September 20, 2006 through the date of this Complaint. Exhibit # 445.

68. Defendant's denial that Plaintiff submitted a request or any requests for reasonable accommodation to the Defendant is an adverse employment action.

69. Defendant's denial that Plaintiff submitted a request or any requests for reasonable

Page 55 of 180

accommodation to the Defendant is an acknowledgment that the Defendant has failed to safeguard and maintain Plaintiff's requests for reasonable accommodation as Plaintiff submitted three requests for reasonable accommodation to the Defendant. Exhibit # 445 is contradicted by Exhibit #s 10, 15 and 16.

70. Defendant's denial that Plaintiff submitted a request or any requests for reasonable accommodation to the Defendant is an acknowledgment that the Defendant has destroyed Plaintiff's requests for reasonable accommodation as Plaintiff submitted three requests for reasonable accommodation to the Defendant. Exhibit # 445 is contradicted by Exhibit #s 10, 15 and 16.

71. Defendant's failure to safeguard and maintain Plaintiff's requests for reasonable accommodation violates the Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations, which require the Defendant to safeguard and maintain Plaintiff's medical documentation.

72. Plaintiff and/or Plaintiff's physicians submitted medical documentation to the Defendant prior to June 1998. E.g., Exhibit #s 11 through 25 and others.

73. From approximately September 20, 2006 through the date of this Complaint the Defendant has denied that Plaintiff and/or Plaintiff's physicians submitted medical documentation to the Defendant. Exhibit #s 445.

74. Defendant's denial that Plaintiff and/or Plaintiff's physicians submitted medical documentation to the Defendant is an adverse employment action.

75. Defendant's denial that Plaintiff and/or Plaintiff's physicians submitted medical documentation to the Defendant is an acknowledgment that the Defendant has failed to safeguard and maintain the medical documentation Plaintiff and/or Plaintiff's physicians submitted to the Defendant as

Plaintiff and Plaintiff's physicians did submit medical documentation to the Defendant. Exhibit # 445 is contradicted by Exhibit #s 11 through 25 and others.

76. Defendant's failure to safeguard and maintain the medical documentation Plaintiff and/or Plaintiff's physicians submitted to the Defendant is an adverse employment action.

77. Defendant's failure to safeguard and maintain the medical documentation Plaintiff and/or Plaintiff's physicians submitted to the Defendant violates the Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations, which require the Defendant to safeguard and maintain Plaintiff's medical documentation.

78. Defendant's denial that Plaintiff and/or Plaintiff's physicians submitted medical documentation to the Defendant is an acknowledgment that the Defendant has destroyed the medical documentation Plaintiff and/or Plaintiff's physicians submitted to the Defendant as Plaintiff and Plaintiff's physicians did submit medical documentation to the Defendant. Exhibit # xxxx.

79. Defendant's destruction of the medical documentation Plaintiff and/or Plaintiff's physicians submitted to the Defendant is an adverse employment action.

80. Defendant's destruction of the medical documentation Plaintiff and/or Plaintiff's physicians submitted to the Defendant violates the Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations, which require the Defendant to safeguard and maintain Plaintiff's medical documentation.

81. Prior to November 19, 2004, Plaintiff's medical documentation was on file with the Defendant. Exhibit # 116-1.

82. From approximately September 20, 2006 through the date of this Complaint, Defendant states that Plaintiff's medical documentation is NOT on file with the Defendant

83. Defendant's denial that Plaintiff's medical documentation is on file with the Defendant is an adverse employment action.

84. The Defendant had all of Plaintiff's medical documentation, which the Defendant needed to make a reasonable accommodation determination prior to June 1998.

85. The Defendant states the Defendant no longer has Plaintiff's medical documentation on file from approximately September 20, 2006 through the date of this Complaint.

86. Defendant's failure to safeguard and maintain Plaintiff's medical documentation is an adverse employment action.

87. Prior to June 1998 the Defendant determined Plaintiff was handicapped.

88. From approximately September 20, 2006 through the date of this Complaint the Defendant has denied Plaintiff is handicapped.  Exhibit #s 442 through 445.

89. Defendant's denial that Plaintiff is handicapped is an adverse employment action.

90. The Defendant determined Plaintiff was an otherwise qualified handicapped employee entitled to reasonable accommodation prior to November 19, 2004.

91. From approximately September 20, 2006 through the date of this Complaint the Defendant has denied Plaintiff is an otherwise qualified handicapped employee entitled to reasonable accommodation.

92. Defendant's denial that Plaintiff is an otherwise qualified handicapped employee entitled to reasonable accommodation is an adverse employment action.

93. Prior to November 19, 2004, the Defendant authorized Plaintiff reasonable accommodation.

94. From approximately September 20, 2006 through the date of this Complaint the Defendant has denied Plaintiff was authorized reasonable accommodation.

95. Defendant's denial that Plaintiff was authorized reasonable accommodation is an adverse employment action.

96. Defendant provided Plaintiff with reasonable accommodation from approximately October 20, 1990, through November 18, 2004, which is approximately 14 years.

97. On November 19, 2004, the Defendant through Mr. Richard Mueller, who was Plaintiff's supervisor, notified Plaintiff that the reasonable accommodation the Defendant had provided Plaintiff would no longer be provided. Exhibits # 169 and 170.

98. Defendant's November 19, 2004, discontinuance of Plaintiff's reasonable accommodation is an adverse employment action.

99. Defendant's refusal to continue Plaintiff's reasonable accommodation after November 19, 2004, is an adverse employment action taken by Defendant's officials to punish Plaintiff because Plaintiff had disclosed grantee and Defendant fraud and gross mismanagement in June 1998 and again in July 2004 to the legal authorities.

100. On September 5, 2006, Plaintiff sent an email to Ms. Linda Stracke, and Messrs. Charles Miller and Robert Kilpatrick, copied John Gard. The subject of Plaintiff's email states "Attached is additional reasonable accommodation and medical documentation." The body of Plaintiff's email states: (Sub-Item #s A - D are direct quotes.)

A. "Ms. Stracke and Messrs. Miller and Kilpatrick,

B. Attached is additional reasonable accommodation and medical documentation that I located this Labor Day weekend. This documentation, like the prior documentation that has been submitted to agency officials, again reflects I requested reasonable accommodation and submitted medical documentation to the agency, i.e., agency officials, in accordance with

Page 59 of 180

and as required by the Rehabilitation Act.

C.   Pursuant to and in accordance with the Rehabilitation Act, I again request current agency officials promptly restore the reasonable accommodation former agency officials had provided and authorized me.

D.   Pursuant to the Privacy Act and the Freedom of Information Act, I again request that this agency promptly locate all reasonable accommodation and medical documentation concerning John Gard that was submitted to the agency through former and some current agency officials to include, but not be limited to, letters, memos, documents, email, notes and medical records. The Privacy Act and the Rehabilitation Act requires this agency to safeguard, file and maintain all of the reasonable accommodation and medical documentation concerning John Gard that was submitted to the agency." Exhibit # 442.

101.   The following documents were attached to Plaintiff's September 5, 2006, email to Ms. Stracke: [Exhibit #s 436. 437, 438, 440 and 441 were attached to Exhibit # 442.

A.   Medical Ltr to ED 10-13-1989.pdf, [Exhibit # 436];

B.   Reasonable Accommodation Request dtd 06-20-1997.pdf, [Exhibit # 441];

C.   Medical Info to FOB6 Health Unit 06-01-1990.pdf, [see attachment to 442]; and

D.   Medical Notes 09-13-1990.pdf. [Exhibit # 437].

102.   On September 20, 2006, Ms. Linda Stracke sent an email to Plaintiff and copied Messrs. Charles Miller and Robert Kilpatrick. The subject of Ms. Stracke's email states "FW: Attached is additional reasonable accommodation and medical documentation." The body of Ms. Stracke's email states:        (Sub-Item #s A - D are direct quotes.)

A.   "John,

B.  Thank you for the information.

C.  As you know, the Department has located no record of any written approval for a reasonable accommodation request from you. You indicated to me that Phil Maestri had verbally approved your reasonable accommodation request; however, this information was not confirmed by Phil. Also, verbal approval would be unlikely given the Department's policy on reasonable accommodation.

D.  As I indicated to you last summer, if your medical condition warrants a reasonable accommodation, we will entertain such a request. However, we will need more recent medical documentation (i.e., last three months) in order to consider your request. I am somewhat perplexed that accommodation remains an issue, since the Department has given you a private office and allows you to work at home most days on an "as needed" flex schedule." Exhibit # 443.

103.  On October 3, 2006, Plaintiff sent an email to Ms. Linda Stracke, and copied Messrs. Charles Miller, Robert Kilpatrick, and John Gard. The subject of Plaintiff's email states "RE: Attached is additional reasonable accommodation and medical documentation." The body of Plaintiff's email states:         (Sub-Item #s A - D are direct quotes.)

A.  "Ms. Stracke,

B.  Former and some current agency officials made the agency's determination that my medical condition warrants reasonable accommodation. The agency has no legal right to withdraw, revoke and/or deny, and/or attempt to withdraw, revoke and/or deny the reasonable accommodation determination they made. Said reasonable accommodation determination was made in accordance with the Rehabilitation Act and agency procedures and regulations.

Page 61 of 180

I requested reasonable accommodation and my physicians and I responded to the agency's questions and requests for medical records. The medical records agency officials requested were submitted to the agency and the agency's failure to safeguard and maintain those records is a violation of the Privacy Act and the Rehabilitation Act.

C.   Current agency officials do not have the legal right to:

    (1). a)   Withdraw, revoke and/or deny, and/or attempt to withdraw, revoke and/or deny the reasonable accommodation determination that was made and/or the reasonable accommodation that has been authorized and provided me,

    (2). b)   Destroy my requests for reasonable accommodation and/or the medical information my physicians and I submitted to the agency,

    (3). c)   Request I submit "more recent medical documentation" and/or to make a new reasonable accommodation determination.

D.   Your response is further proof that the U.S. Department of Education has violated, at a minimum, to include, but not be limited to, the record keeping requirements of the Privacy Act and the record keeping and reasonable accommodation requirements of the Rehabilitation Act."   Exhibit # 444.

104.   On November 24, 2006, Ms. Linda Stracke sent an email to Plaintiff and copied Messrs. Charles Miller and Robert Kilpatrick. The subject of Ms. Stracke's email states "Response to e-mail dated October 3, 2006." The body of Ms. Stracke's email states:    (Sub-Item #s A - E are direct quotes.)

A.   "John,

B.   This is in response to your e-mail to me dated October 3, 2006, in which you assert that

"former and some current agency officials made the agency's determination that my medical condition warrants reasonable accommodation." It is difficult for me to follow up on your statement as it contains no specific information regarding when and by whom a determination to provide you a reasonable accommodation was made,  . and you have submitted no documentary evidence of any such determination. I have checked with OCFO Human Resources Officer, Gerri Wright, and also with the Department's disability/Section 504 Coordinator, JoAnn Cottman, and have located no record of an agency determination that you are or have ever been a qualified individual with a disability or of any decision to provide you with any reasonable accommodation of a disability. When I became the Director of Financial Improvement and Post Audit Operations in June 2005, I was not made aware that any reasonable accommodation was in place for you.

C.  You previously informed me that Phil Maestri had orally approved your request for a reasonable accommodation. However, Mr. Maestri's sworn testimony in the report of investigation prepared in connection with your EEO complaint counters your assertion. My understanding is that the oral approval you describe would not comport with agency policy and standard practice, as the Handbook for Reasonable Accommodations (Handbook) states that an "employee must be notified in writing" of the agency's decision on a request for accommodation. Given that Mr. Maestri has denied approving any accommodation for you, and the oral approval you claim occurred would not be in accordance with Department policy, I cannot find a basis to conclude that you were ever given an accommodation.

D.  Given that your alleged disability and/or need for accommodation are not obvious to me or your supervisor, and we are unable to locate any record of any agency determination that

you are or have ever been a qualified individual with a disability, we are unable to consider your request further without current medical documentation.

E.  For these reasons, if you wish further consideration of your request, please submit current documentation containing a description of your disablity, and a statement of the accommodation needed and how it will assist you in performing the duties of your job. You are not required to use the Reasonable Accommodation Request Form at pages 66-69 of the Handbook, but may find it helpful to do so to ensure that you provide all the required information." Exhibit # 445.

105.  Mr. Maestri apparently has a memory problem because the written documentation contradicts Mr. Maestri's sworn testimony. The exhibits prove that Mr. Phil Maestri, Director, FIPAO, was in attendance at all of the October through December 1998 medical and return-to-work discussions Mr. Harris held with the Plaintiff as the Defendant had decided Plaintiff's supervisor would be Mr. Maestri. Mr. Maestri was fully aware of, and involved in, Plaintiff's and Defendant's October through December 1998 reasonable accommodation, medical and return-to-work discussions and the medical documentation the Defendant had on file.

106.  During the October through December 21, 1998, medical and return-to-work discussions, the Defendant had on file a) Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, and medical documentation, and b) the Defendant's reasonable accommodation determinations and the reasonable accommodation authorized. Otherwise, the Defendant would have informed, i.e., had an affirmative duty and obligation to inform, the Plaintiff at that time, which the Defendant

did NOT do, that the Defendant did not have on file a) Plaintiff's requests for reasonable accommodation and medical documentation, and b) the Defendant's reasonable accommodation determinations and the reasonable accommodation authorized.

107.    Ms. Linda Stracke told the Plaintiff that if the Plaintiff is handicapped and requires reasonable accommodation then the Plaintiff must start the reasonable accommodation process from the beginning by submitting both a) a new request for reasonable accommodation and b) new and updated medical documentation. Upon receipt of Plaintiff's new request for reasonable accommodation and medical documentation, Plaintiff's supervisor would then make a new determination as to whether: a) Plaintiff is handicapped; b) if handicapped, if Plaintiff is an otherwise qualified handicap employee entitled to reasonable accommodation; c), if an otherwise qualified handicap employee, if reasonable accommodation will be provided; and d) if reasonable accommodation will be provided, the type of reasonable accommodation the Defendant will authorize and provide the Plaintiff.

108.    Defendant's position that the Plaintiff must start the reasonable accommodation process from the beginning by submitting a) a new request for reasonable accommodation and b) submitting new and updated medical documentation, is illegal, violates the Rehabilitation Act, and is an adverse employment action.

109.    Defendant's position that upon receipt of Plaintiff's new request for reasonable accommodation and medical documentation, Plaintiff's supervisor will then make a new determination as to whether: a) Plaintiff is handicapped; b) if handicapped, if Plaintiff is an otherwise qualified handicap employee entitled to reasonable accommodation; c), if an

otherwise qualified handicap employee, if reasonable accommodation will be provided; and

d) if reasonable accommodation will be provided, the type of reasonable accommodation the Defendant will authorize and provide the Plaintiff, is illegal, violates the Rehabilitation Act, and is an adverse employment action.

110. The Rehabilitation Act does not authorize the Defendant to revise the Defendant's determination that Plaintiff is an otherwise qualified handicap employee entitled to reasonable accommodation once the Defendant has determined that Plaintiff is an otherwise qualified handicap employee entitled to reasonable accommodation.

111. The Rehabilitation Act does not authorize an employee's new supervisor to make a **NEW** Defendant determination as to whether an employee is or is not an otherwise qualified handicapped employee entitled to reasonable accommodation once the Defendant's determination that the employee is an otherwise qualified handicap employee entitled to reasonable accommodation has been made.

112. The Rehabilitation Act does not authorize the Defendant to request additional medical documentation from an employee once the employee has submitted the medical documentation the Defendant requested and the Defendant found the medical documentation that was submitted sufficient to make the Rehabilitation Act's: a) handicap employee, b) otherwise qualified, and c) reasonable accommodation determinations, unless the employee submits a new request for reasonable accommodation, unrelated to the prior requests for reasonable accommodation and not covered by the medical documentation the employee has already submitted.

113. Plaintiff's previous Defendant supervisory officials made the Defendant's Rehabilitation

Act's determination in the early 1990's and determined that the Plaintiff was an otherwise qualified handicapped employee entitled to reasonable accommodation.

114.    Defendant's current supervisory officials cannot undo the Defendant's Rehabilitation Act determination made by Plaintiff's previous Defendant supervisory officials.

115.    Ms. Stracke's refusal to provide Plaintiff with reasonable accommodation commencing in November 2006 after receipt of Plaintiff's written documentation, which confirmed Plaintiff had requested reasonable accommodation from and had submitted medical documentation to the Defendant, is handicap discrimination, refusal to accommodate, and refusal to continue reasonable accommodation, and is an adverse employment action, taken by the Defendant because Plaintiff reports/reported external grantee and internal employee fraud and gross mismanagement to the legal authorities.

116.    The Defendant has stated through Ms. Joanna Dailey, Defendant's legal counsel, and Ms. Linda Stracke from approximately September 20, 2006 through the date of this Complaint that the Plaintiff did not submit any requests for reasonable accommodation. Defendant statement, i.e., Exhibit # 445 is contradicted by Exhibit #s 11 through 25 and others. Defendant has admitted failure to safeguard and maintain the requests for reasonable accommodation Plaintiff submitted to the Defendant. Defendant has admitted destruction of the requests for reasonable accommodation Plaintiff submitted to the Defendant.

117.    The Defendant has stated through Ms. Joanna Dailey, Defendant's legal counsel, and Ms. Linda Stracke from approximately September 20, 2006 through the date of this Complaint that the Defendant does not have on file any requests for reasonable accommodation from the Plaintiff. Defendant statement, i.e., Exhibit # 445 is contradicted by Exhibit #s 11

through 25 and others. Defendant has admitted failure to safeguard and maintain the requests for reasonable accommodation Plaintiff submitted to the Defendant. Defendant has admitted destruction of the requests for reasonable accommodation Plaintiff submitted to the Defendant.

118.    The Defendant has stated through Ms. Joanna Dailey, Defendant's legal counsel, and Ms. Linda Stracke from approximately September 20, 2006 through the date of this Complaint that the Plaintiff did not submit medical documentation to the Defendant. Defendant statement, i.e., Exhibit # 445 is contradicted by Exhibit #s 11 through 25 and others. Defendant has admitted failure to safeguard and maintain the medical documentation Plaintiff submitted to the Defendant. Defendant has admitted destruction of the medical documentation Plaintiff submitted to the Defendant.

119.    The Defendant has stated through Ms. Joanna Dailey, Defendant's legal counsel, and Ms. Linda Stracke from approximately September 20, 2006 through the date of this Complaint that the Defendant does not have on file any medical documentation pertaining to the Plaintiff. Defendant statement, i.e., Exhibit # 445 is contradicted by Exhibit #s 11 through 25 and others. Defendant has admitted failure to safeguard and maintain the medical documentation Plaintiff submitted to the Defendant. Defendant has admitted destruction of the medical documentation Plaintiff submitted to the Defendant.

120.    "The Federal Records Act of 1950, as amended, establishes the framework for records management programs in Federal Agencies. As the primary agency for records management oversight, the National Archives and Records Administration (NARA) is responsible for assisting Federal agencies in maintaining adequate and proper

documentation of policies and transactions of the Federal Government." *Direct quote from the Defendant's website.* www.ed.gov/print/policy/gen/leg/fra.html

121.    "Federal records may not be destroyed-except in accordance with the procedures described in Chapter 33 of Title 44, United States Code. These procedures allow for records destruction only under the authority of a records disposition schedule approved by the Archivist of the United States." *Direct quote from the Defendant's website.* www.ed.gov/print/policy/gen/leg/fra.html

122.    "Agency civilian personnel records relate to the supervision over and management of Federal civilian employees. This schedule covers the disposition of Official Personnel Folders (OPF) of civilian employees and other records relating to civilian personnel, wherever located in the agency." *General Records Schedule 1*, Transmittal No. 12, dated July 2004, @ p. 1-1.

123.    "The most important types of Federal civilian employee records, the Official Personnel Folders, the Service Record Cards, and the Employee Medical Folders, are maintained according to *The Guide to Personnel Recordkeeping*, a U.S. Office of Personnel Management (OPM), manual that prescribes a system of recordkeeping for Federal civilian personnel." *General Records Schedule 1*, Transmittal No. 12, dated July 2004, @ p. 1-1.

124.    The most important types of Federal civilian employee records, i.e., the **Official Personnel Folders** and the **Employee Medical Folders**, are required to be maintained by the Defendant according to *The Guide to Personnel Recordkeeping*, an Office of Personnel Management (hereafter "OPM"), manual that prescribes a system of recordkeeping for Federal civilian personnel. *General Records Schedule 1*, Transmittal No. 12, dated July

2004, @ p. 1-1.

125.   "The Department's [meaning Defendant] Records Management Program is responsible for ensuring that the legal, financial, evidentiary and historical transactions are recorded accurately and completely." *Direct quote from the Defendant's website.* www.ed.gov/print/policy/gen/leg/fra.html

126.   "The law provides that Federal records may only be destroyed with NARA authorization." *Direct quote from the National Archives and Records Administration (NARA) website,* http://www.archives.gov/records-mgmt/policy/documenting-your-public-service.html.

127.   The NARA did NOT authorize the Defendant to destroy: a) Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, and the medical documentation Plaintiff and/or Plaintiff's physician submitted to the Defendant (Plaintiff's medical records), and b) the Defendant's reasonable accommodation determinations and reasonable accommodation authorized determinations (Defendant's reasonable accommodation determination records).   The Defendant did not have the legal authority to destroy Plaintiff's medical records and the Defendant's reasonable accommodation determination records.

128.   The NARA did NOT authorize the Defendant to lose Plaintiff's medical records and the Defendant's reasonable accommodation determination records.   The Defendant did not have the legal authority to lose Plaintiff's medical records and the Defendant's reasonable accommodation determination records.

129.   The NARA did NOT authorize the Defendant to misplace Plaintiff's medical records and the Defendant's reasonable accommodation determination records. The Defendant did not

have the legal authority to misplace Plaintiff's medical records and the Defendant's reasonable accommodation determination records.

130.    The NARA did NOT authorize the Defendant to remove Plaintiff's medical records and the Defendant's reasonable accommodation determination records from the Defendant's Employee Medical Folder (EMF) and the Defendant's Official Personnel Folder (OPF) the Defendant is required to maintain on Plaintiff for the benefit of the Defendant and Plaintiff. The Defendant did not have the legal authority to remove Plaintiff's medical records and the Defendant's reasonable accommodation determination records from Defendant's EMF and/or OPF.

131.    The Defendant has failed to safeguard and maintain Plaintiff's medical records and the Defendant's reasonable accommodation determination records as required by the Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations when the Defendant does not have on file Plaintiff's medical records and  the Defendant's reasonable accommodation determination records.

132.    The NARA did NOT authorize the Defendant to a) destroy, b) lose, c) misplace, or d) remove from Defendant's Official Personnel File pertaining to Plaintiff, Plaintiff's: 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement (hereafter Plaintiff's military retirement records).

133.    The Defendant did not have the legal authority to: a) destroy, b) lose, c) misplace, or d) remove  from Defendant's OPF Plaintiff's military retirement records.

134.    The Defendant has failed to safeguard and maintain Plaintiff's military retirement records

as required by the Privacy Act, Federal Records Act, and OPM regulations when the Defendant does not have on file Plaintiff's military retirement records, which records were in the Defendant's OPF the Defendant is required to maintain on Plaintiff for the benefit of the Defendant and Plaintiff.

135.    The Defendant has destroyed Plaintiff's retirement records in violation of the Privacy Act, Federal Records Act, and OPM regulations when the Defendant does not have on file Plaintiff's retirement records, which records were in the Defendant's OPF the Defendant is required to maintain on Plaintiff for the benefit of the Defendant and Plaintiff.

136.    At all times relevant to this complaint and specifically since June 2, 1998, the Plaintiff and Defendant have been involved in: a) litigation, b) pending litigation, c) potential litigation, d) litigation temporarily on hold, and/or e) active litigation, due to the communication between Plaintiff, Plaintiff's legal counsels, Defendant, and Defendant's legal counsels resulting from Defendant's action(s): a) litigation, b) pending litigation, c) potential litigation, d) litigation temporarily on hold, and/or e) active litigation.

137.    At all times relevant to this complaint and specifically since June 2, 1998, the Defendant was legally required to secure, safeguard and maintain all records and evidence the Defendant has, or should have, control or possession of, which pertained to the Plaintiff.

138.    The administrative and/or legal proceedings and/or litigation the Plaintiff and Defendant have been involved in since approximately June 1998 and through the date of this Complaint required the Defendant to secure, safeguard and maintain all records and evidence the Defendant has, or should have, control or possession of pertaining to: a)

litigation, b) pending litigation, c) potential litigation, d) litigation temporarily on hold, and/or e) active litigation, which pertain to the Plaintiff. The Defendant does not have the legal authority to destroy records and/or evidence pertaining to: a) litigation, b) pending litigation, c) potential litigation, d) litigation temporarily on hold, and/or e) active litigation, which pertains to the Plaintiff. The Defendant has: a) destroyed, b) lost, c) misplaced, or d) removed from Defendant's file and/or records management system Defendant's records pertaining to: a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records, as the Defendant had on file but does not now have on file said identified records. The Defendant has illegally destroyed evidence, which pertains to the administrative and/or legal proceedings and/or litigation the Plaintiff and Defendant have been involved in since approximately June 1998 and through the date of this Complaint as the Defendant had on file, but does not now have on file, said identified records. The Defendant has admitted through Defendant's written statements failure to secure, safeguard and maintain records the Defendant has, or should have, control or possession of, which pertained to: a) litigation, b) pending litigation, c) potential litigation, d) litigation temporarily on hold, and/or e) active litigation involving the Plaintiff and Defendant as the Defendant had on file, but does not now have on file,: a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records. The Defendant has admitted to destroying records and/or evidence pertaining to: a) litigation, b) pending litigation, c) potential litigation, d) litigation temporarily on hold, and/or e) active litigation involving the Plaintiff and Defendant as the Defendant had on file, but does not now have on file,: a) Plaintiff's medical

documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records. The Defendant has admitted in writing that the Defendant has violated Plaintiff's rights and the record-keeping requirements of the Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations pertaining to the record-keeping requirements for Federal agencies. Defendant's officials will commit perjury if the Defendant's officials deny this allegation as the Defendant's officials have stated in writing that the Defendant does not now have on file the Defendant's records that pertain to,: a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records.

139.   At all times relevant to this complaint and specifically since June 2, 1998, the Defendant did NOT secure, safeguard and maintain all records and evidence the Defendant has, or should have, control or possession of, that pertain to the Plaintiff, specifically, but not limited to, the following Defendant files, file system(s), records management system(s), and/or records and folders:

   A.   The Defendant did NOT secure, safeguard and maintain the Defendant's Official Personnel Folder (OPF), which the Defendant is required by statute to secure, safeguard and maintain for and on behalf of the Federal government and the Plaintiff.

      (1).   In the mid-1990s, Plaintiff worked with Defendant's employee relations personnel to identify and locate all of the records required to substantiate his military service-time to ensure his military service-time would count towards his Federal retirement and be included in the calculation of Plaintiff's FERS[46] annuity retirement benefits. Plaintiff

---

[46]   Federal Employees Retirement System.

made the required military service-time deposit upon the conclusion of this process, and Defendant's employee relations personnel placed all of the documentation required to substantiate Plaintiff's military service-time  and proof of deposit (Plaintiff's military retirement records) in the Defendant's OPF pertaining to Plaintiff.

(2). In January 2007, Plaintiff inspected his OPF pursuant to retirement considerations.

(3). In January 2007, upon Plaintiff's inspection of his OPF, Plaintiff learned that Plaintiff's military retirement documentation required to substantiate his military service-time  and proof of military service-time  deposit had been removed from his OPF.

(4). In January 2007, when meeting with Defendant's employee relations personnel pursuant to retirement considerations, Plaintiff learned that his military service-time would NOT count towards and would NOT be used in the calculation of his Federal employment service-time  and FERS retirement annuity **UNLESS PLAINTIFF PROVIDED**  the Defendant's employee relations personnel with the required military service-time documentation and made the required military service-time deposit, which documentation and deposit Plaintiff had already provided the Defendant and made.

(5). The Defendant: a) destroyed, b) lost, c) misplaced, or d) removed and thereby failed to secure, safeguard and maintain the Defendant's OPF, which the Defendant is required by statute to secure, safeguard and maintain for and on behalf of the Federal government and the Plaintiff, as the Defendant's OPF pertaining to Plaintiff contained, but did NOT now contain, Plaintiff's military retirement documentation, which

military retirement documentation Defendant's employee relations personnel had placed in the Defendant's OPF pertaining to Plaintiff after they had assisted the Plaintiff in obtaining and preparing said documentation to ensure Plaintiff's retirement calculations would include Plaintiff's military service-time .

(6). The Defendant does not have the legal authority to destroy records pertaining to Plaintiff's military retirement documentation.

(7). The Defendant destroyed records pertaining to Plaintiff's military retirement documentation.

B.  The Defendant did NOT secure, safeguard and maintain the Defendant's Official Personnel Folder (OPF), which the Defendant is required by statute to secure, safeguard and maintain for and on behalf of the Defendant and the Plaintiff.

(1). The Defendant has:  a) destroyed, b) lost, c) misplaced, or d) removed from Defendant's file and/or records management system Defendant's records pertaining to Plaintiff's retirement records, as the Defendant had on file, but does not now have on file, said identified records.  The Defendant has illegally destroyed Plaintiff's retirement records, as the Defendant had on file, but does not now have on file, said identified files, records and documentation.  The Defendant has admitted through Defendant's written statements to failing to secure, safeguard and maintain records the Defendant has, or should have, control or possession of, which pertained to Plaintiff's retirement records, which the Defendant had on file, but does not now have on file. The Defendant has admitted to destroying records and/or evidence pertaining to Plaintiff's retirement records, as the Defendant had on file, but does not now have on

file Plaintiff's retirement records. The Defendant has admitted in writing that the Defendant has violated Plaintiff's rights and the record-keeping requirements of the Privacy Act, Federal Records Act, and OPM regulations pertaining to the record-keeping requirements for Federal agencies. Defendant's officials will commit perjury if the Defendant's officials deny this allegation as the Defendant's officials have stated in writing that the Defendant does not now have on file Defendant's records which pertain to Plaintiff's retirement records.

C.  The Defendant did NOT secure, safeguard and maintain the Defendant's Employee Medical Folder (EMF), which the Defendant is required by statute to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff. The Defendant's Employee Medical Folder pertaining to the Plaintiff should have contained, but does NOT now contain, the following records:

(1). Plaintiff's Requests for Reasonable Accommodation dated October 19, 1009, December 16, 1991, and March 4, 1992.

(2). The medical documentation Plaintiff and Plaintiff's physicians submitted to the Defendant.

(3). The Defendant's handicap employee determination pertaining to Plaintiff's requests for reasonable accommodation.

(4). The Defendant's otherwise qualified determination pertaining to Plaintiff's requests for reasonable accommodation.

(5). The Defendant's reasonable accommodation determination pertaining to Plaintiff's requests for reasonable accommodation.

(6). The reasonable accommodation the Defendant authorized Plaintiff pursuant to Plaintiff's requests for reasonable accommodation.

(7). The reasonable accommodation the Defendant provided Plaintiff pursuant to Plaintiff's requests for reasonable accommodation.

(8). The Defendant's written determination letter pertaining to Plaintiff's requests for reasonable accommodation.

D.  The Defendant has: a) destroyed, b) lost, c) misplaced, or d) removed from Defendant's file and/or records management system Defendant's records pertaining to: a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records, as the Defendant had on file, but does not now have on file, said identified records.    The Defendant has illegally destroyed:    a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records, as the Defendant had on file, but does not now have on file, said identified files, records and documentation.    The Defendant has admitted through Defendant's written statements to failing to secure, safeguard and maintain records the Defendant has, or should have, control or possession of, which pertained to: a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records, which the Defendant had on file, but does not now have on file.    The Defendant has admitted to destroying records and/or evidence pertaining to: a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement records, as the Defendant had on file, but does not now have on file,:    a) Plaintiff's medical documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement

records. The Defendant has admitted in writing that the Defendant has violated Plaintiff's

rights and the record-keeping requirements of the Privacy Act, Federal Records Act,

Rehabilitation Act, and OPM regulations pertaining to the record-keeping requirements for

Federal agencies. Defendant's officials will commit perjury if the Defendant's officials

deny this allegation as the Defendant's officials have stated in writing that the Defendant

does not now have on file the Defendant's records which pertain to,: a) Plaintiff's medical

documentation, b) Plaintiff's military retirement records, and c) Plaintiff's retirement

records.

140.    "The head of each Federal Def. shall establish safeguards against the removal or loss of

records he determines to be necessary and required by regulations of the Archivist.

Safeguards shall include making it known to officials and employees of the Def. –

A.    (1) that records in the custody of the Def. are not to be ... or destroyed except in accordance

with sections 3301 - 3314 of this title, and

B.    (2) the penalties provided by law for the unlawful removal or destruction of records."

*Records Management by Federal Agencies*, 44 U.S.C. Chapter 31, NARA Basic Laws and

Authorities, //www.archives.gov/about/laws/fed-agencies.html

141.    One of the penalties provided by law for the unlawful removal or destruction of records is

that the unlawful removal or destruction of records is a federal criminal offense. Therefore,

Defendant's officials involved in the unlawful removal or destruction of Plaintiff's records

should be charged with committing a federal crime. However, Defendant's officials

involved in the unlawful removal or destruction of Plaintiff's records will not be charged

with a federal crime as they have apparently been guaranteed immunity from prosecution

for the reprisal acts they take or cause others to take against the Plaintiff, who is a known whistleblower who will disclose and who will not agree to not disclose grantee and internal Defendant fraud to the legal authorities.

142.    The Defendant made a decision on September 20, 2007, to dismiss Plaintiff's third HD and reprisal complaint, i.e., Def. ED-2007-15-00. Defendant's letter dated September 20, 2007, was received by the Plaintiff on September 22, 2007.

143.    The Defendant's September 20, 2007, decision to dismiss Plaintiff's third HD and reprisal complaint was NOT made in accordance with 29 CFR §1614.107(a)(1) of the EEOC regulations for the following reasons:

A.    The discriminatory claims alleged in Plaintiff's first HD, and second and third HD and reprisal complaints, i.e., Def. ED-2005-28-00, ED-2006-11-00 and ED-2007-15-00, are NOT the same discriminatory claims because said discriminatory claims CANNOT legally be the same discriminatory claims per EEOC statute and EEOC's 45-day counseling and filing legal requirement.

(1).    Plaintiff must request EEO counseling within 45-days of an alleged discriminatory act.

(2).    The alleged discriminatory acts set forth in Plaintiff's first HD, and second and third HD and reprisal complaints each occurred approximately one-year apart, i.e., November 2004, August 2005, and November 2006.

(3).    Defendant personnel involved in each complaint and alleged discriminatory claims are different.

(4).    Plaintiff's first, second and third complaints do NOT allege the same discriminatory claims because they CANNOT legally include the alleged same discriminatory claims

due to the dates of each alleged discriminatory claim.

(5). It is legally impossible to request EEO counseling in November 2006 based on a November 2004 discriminatory act as said request for EEO counseling would be denied as "untimely" and any complaint based thereon would be summarily dismissed by the Defendant, EEOC and/or District Court as "untimely."

(6). Plaintiff's first HD, and second and third HD and reprisal complaints involve some, but not all, of the same evidence.

(7). It is legally permissible to include evidence in any complaint when the evidence provides support for the claims set forth in the Complaint. Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, provide support for the claims set forth in Plaintiff's first HD, and second and third HD and reprisal complaints. However, Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, are not the claims of Plaintiff's first HD, and second and third HD and reprisal complaints.

(8). Plaintiff's first HD, and second and third HD and reprisal complaints do NOT involve the same discriminatory claims.

B. The discriminatory claims alleged in Plaintiff's first HD, and second and third HD and reprisal complaints are each based on specific act(s) the Defendant has taken against the Plaintiff, which act(s) involved different Defendant personnel, and which act(s) occurred on specific and different dates and during different time-periods.

(1). Plaintiff's first HD complaint,  i.e., Def. ED-2005-28-00, alleges handicap discrimination, refusal to continue reasonable accommodation, and is based on

discriminatory acts taken by Mr. Richard Mueller in November 2004. Plaintiff's first HD complaint does not include reprisal claims. The alleged discriminatory acts set forth in Plaintiff's first HD complaint are not included in this District Court Complaint.

(2). Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, alleges handicap discrimination, refusal to continue reasonable accommodation, refusal to accommodate, and handicap discrimination and EEO reprisal, and is based on discriminatory acts taken by multiple Defendant officials in July and August 2005. Defendant refused Plaintiff's September 2005 request to combine Plaintiff's second HD and reprisal complaint with Plaintiff's first HD complaint because each complaint: a) involved different Defendant personnel and b) was based on non-related separate and distinct discriminatory claims and time-periods. Plaintiff's second HD and reprisal complaint includes reprisal claims. The alleged discriminatory acts set forth in Plaintiff's second HD and reprisal complaint are not included in this District Court Complaint.

(3). Plaintiff's third HD and reprisal complaint, i.e., Def. ED-2007-15-00, alleges handicap discrimination, refusal to accommodate, and refusal to continue reasonable accommodation, and handicap discrimination and EEO reprisal, and is based on very specific discriminatory acts taken by Ms. Linda Stracke on November 24, 2006, which discriminatory acts are included in this District Court Complaint.

C.  Plaintiff's EEOC Requests for Hearing pertaining to Plaintiff's first HD and second HD and EEO complaints were timely filed with the EEOC; however, the Defendant's statement

that said complaints are "pending before the EEOC" is, in the least, misleading due to the Defendant's reprisal acts.

(1). Plaintiff's first HD complaint's request for a hearing was timely filed with the EEOC; however, said complaint is NOT technically currently pending before the EEOC due to the Defendant's REFUSAL TO FORWARD since July 2007 and through the date of this Complaint the Defendant's Report of Investigation (ROI) for Plaintiff's first HD complaint to the EEOC. The Defendant issued this ROI.

(2). Plaintiff's second HD and reprisal complaint's request for a hearing was timely filed with the EEOC; however, said complaint is NOT technically currently pending before the EEOC due to the Defendant's REFUSAL TO FORWARD since July 2007 and through the date of this Complaint the Defendant's Report of Investigation (ROI) for Plaintiff's second HD and reprisal complaint to the EEOC. The Defendant has NOT issued this ROI.

(3). The EEOC will NOT forward a complainant's Request for Hearing to an EEOC Administrative Judge for adjudication until the Defendant agency has forwarded the Defendant's Report of Investigation (ROI) to the EEOC. The Defendant refuses to forward the Defendant's ROI for Plaintiff's first HD complaint to the EEOC because the EEOC would then forward Plaintiff's Request for Hearing to an EEOC Administrative Judge for adjudication and the Defendant does not want any of Plaintiff's complaints adjudicated, which is why Plaintiff filed this discrimination complaint in the District Court and not the EEOC.

D.  The Defendant's Report of Investigation (ROI) for Plaintiff's first HD complaint includes

the claims set forth in Plaintiff's first EEO request for counseling. and excludes all claims set forth in Plaintiff's second and third HD and reprisal complaints because the Defendant refused to combine said complaints and instructed the investigator to exclude from Defendant's ROI for Plaintiff's first HD complaint all claims set forth in Plaintiff's second HD and reprisal complaint.

E.  Even if the District Court were to Order the Defendant to forward to the EEOC the Defendant's Report of Investigation (ROI) for Plaintiff's first HD and second HD and reprisal complaints, the EEOC would still not be able to adjudicate Plaintiff's second HD and reprisal complaint because the Defendant has not issued a ROI for Plaintiff's second HD and reprisal complaint. Defendant's ROI for Plaintiff's first HD complaint only includes the discriminatory claims, which pertain to Plaintiff's first HD complaint. The Defendant does not have a ROI for Plaintiff's second HD and reprisal complaint to forward to the EEOC because the Defendant refuses to issue a ROI for Plaintiff's second HD and reprisal complaint.

F.  The Defendant's Report of Investigation for Plaintiff's first HD complaint does NOT include the claims set forth in Plaintiff's second and third HD and reprisal complaints.

144.  The Defendant has alleged[47] in Defendant's decision that the claims of Plaintiff's first HD, and second and third HD and reprisal complaints are combined to **DENY** Plaintiff his right to have the discriminatory claims set forth in Plaintiff's second and third HD and reprisal complaints adjudicated. The EEOC has not issued an order that the complaints are combined. If the District Court were to agree with the Defendant that the claims set forth

_____

[47] in the Defendant's September 20, 2007, decision

in Plaintiff's three discrimination complaints are combined, then the Defendant will allege and argue that the claims of Plaintiff's second and third HD and reprisal complaints are: a) "untimely" as the claims of Plaintiff's second and third HD and reprisal complaints are not part of the claims of Plaintiff's first HD complaint, and b) outside the scope of the District Court's jurisdiction as the Court does not have the jurisdictional authority to adjudicate "untimely" discrimination claims.

A.  The only claims the Defendant would allow the EEO investigator to investigate and include in the Defendant's ROI for Plaintiff's first HD complaint are the claims set forth in Plaintiff's first EEO request for counseling.

B.  The Defendant's ROI for Plaintiff's first HD complaint excludes evidence, e.g., Plaintiff's medical documentation, pertaining to Plaintiff's first HD complaint. "Pertaining" because Plaintiff's medical documentation proves Plaintiff submitted requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, to the Defendant.  "Pertaining" because Plaintiff's medical documentation provides proof of intentional handicap discrimination and refusal to continue reasonable accommodation.

C.  The Defendant refused to include Plaintiff's medical documentation in the Defendant's Report of Investigation the Defendant issued for Plaintiff's first HD complaint, i.e., Def. # ED-2005-28-00.

D.  The Defendant's ROI for Plaintiff's first HD complaint excludes Plaintiff's medical documentation evidence because the inclusion of Plaintiff's medical documentation provides proof of intentional and willful Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations violations, to include but not be limited to, failure to safeguard,

secure and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff and the destruction of Plaintiff's medical documentation.

E.    The Defendant, i.e., Mr. Larry F. Ross, Director, Equal Employment Opportunity Services, Defendant, refused to include Plaintiff's medical documentation in the Defendant's September 20, 2007, decision letter that dismissed Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00.

F.    The Defendant, i.e., Mr. Ross, did not include Plaintiff's medical documentation in the Defendant's September 20, 2007, decision letter, that dismissed Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00.

G.    The Defendant's September 20, 2007, decision to dismiss Plaintiff's third HD and reprisal complaint excludes Plaintiff's medical documentation evidence because the inclusion of Plaintiff's medical documentation provides proof of intentional and willful Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations violations, to include but not be limited to, failure to safeguard, secure and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff and the destruction of Plaintiff's medical documentation.

H.    Plaintiff timely re-filed the Request for a Hearing Form pertaining to Plaintiff's first HD complaint with the EEOC and a copy was sent to the Defendant. The Defendant has NOT FORWARDED since July 2007 the Defendant's Report of Investigation for Plaintiff's first HD complaint to the EEOC as Ordered by the EEOC.

I.    Defendant has NOT: a) accepted Plaintiff's second HD and reprisal complaint for processing, b) assigned said complaint to an investigator, c) issued the Defendant's Report

of Investigation, d) notified Plaintiff of his right to request a hearing, or e) issued to Plaintiff the Request for a Hearing Form from December 8, 2005 and through the date of this Complaint.

J.   The Defendant will NOT forward the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint to the EEOC.

145.   The Defendant has admitted intentional and willful Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations violations, to include but not be limited to, failure to safeguard, secure and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff and the destruction of Plaintiff's medical documentation when the Defendant stated on September 20, 2007, in the Defendant's decision letter that the claims set forth in Plaintiff's second and third discrimination complaints are the "same claims" as the claims set forth in Plaintiff's first discrimination complaint. Said decision letter goes on to state through implication that Plaintiff's medical documentation the Plaintiff included with his EEO request for counseling for Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00, was intentionally excluded from and not included in, but should have been included in, the Defendant's Report of Investigation for Plaintiff's first HD complaint.

146.   The Defendant has further admitted in the Defendant's September 20, 2007, decision letter intentional and willful handicap discrimination, refusal to continue reasonable accommodation, refusal to accommodate, and handicap, EEO, and whistleblower reprisal when Plaintiff's medical documentation was not included, but should have been included, in the Defendant's September 20, 2007, decision letter that dismissed Plaintiff's formal

complaint of discrimination. Plaintiff's medical documentation was included with Plaintiff's request for EEO counseling to ensure that Plaintiff's medical documentation would, this time, be included in the Defendant's Report of Investigation and decision letter pertaining to Plaintiff's third HD and reprisal complaint as the Defendant CANNOT LEGALLY EXCLUDE from the Defendant's Report of Investigation and decision letter any claims and documentation submitted to an EEO counselor. The Defendant did not include, but should have included, Plaintiff's medical documentation in the Defendant's September 20, 2007, decision letter that dismissed Plaintiff's formal complaint of discrimination. The Defendant's refusal to include Plaintiff's medical documentation in the Defendant's September 20, 2007, decision letter is further proof of the Defendant's intentional and willful handicap discrimination, refusal to continue reasonable accommodation, refusal to accommodate, and handicap, EEO, and whistleblower reprisal acts.

147.    Plaintiff included Plaintiff's medical documentation[48] with his EEO request for counseling pertaining to Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00.

   A.    Defendant excluded Plaintiff's medical documentation from the Defendant's Report of Investigation for Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00.

   B.    Defendant should have included Plaintiff's medical documentation in the Defendant's Report of Investigation for Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00.

   C.    Defendant excluded Plaintiff's medical documentation from the Defendant's September 20, 2007, decision letter for Plaintiff's third HD and EEO complaint, i.e., Def. ED-2007-15-

---

[48] Limited to the medical documentation the Plaintiff was able to locate.

00.

D.    Defendant should have included Plaintiff's medical documentation in the Defendant's September 20, 2007, decision letter for Plaintiff's third HD and EEO complaint, i.e., Def. ED-2007-15-00.

E.    The Defendant has DENIED, in writing, the existence of Plaintiff's medical documentation the Plaintiff submitted to the EEO counselor concerning Plaintiff's request for EEO counseling for Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00.

148.    The Defendant has admitted intentional and willful Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations violations, to include but not be limited to, failure to safeguard, secure and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff and the destruction of Plaintiff's medical documentation when Mr. Ross stated that Complaint ED-2007-15-00 involves the same claims as Complaints ED-2005-28-00 and ED-2006-11-00 as the Defendant has admitted that the Defendant has failed to comply with the mandatory, non-discretionary requirements of the Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations in that the Defendant failed to secure, safeguard, and maintain in accordance with, and as required by, said acts and regulations Plaintiff's medical documentation included with his EEO request for counseling pertaining to Complaint ED-2007-15-00 since the Defendant intentionally excluded Plaintiff's medical documentation from the Defendant's Report of Investigation for Def. # ED-2005-28-00 and Mr. Ross intentionally excluded Plaintiff's medical documentation from the Defendant's September 20, 2007, decision letter.

149.    The oath taken by every Federal employee when hired requires said employee to obey

federal laws and uphold the United States Constitution.

150.    The legally permissible scope of assigned act(s) requires the federal employee's compliance with federal laws.

151.    The legally permissible scope of taken act(s) requires the federal employee's compliance with federal laws.

152.    Act(s) taken by a federal employee that do not comply with federal laws are unlawful act(s).

153.    Act(s) a federal employee directs another federal employee to take that do not comply with federal laws are unlawful act(s).

154.    Federal employees are only authorized to take lawful act(s).

155.    Unlawful act(s) are not legally authorized official act(s).

156.    Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00. The actions taken by Mr. Ross, detrimental to the Plaintiff as set forth and pleaded in this complaint are outside the legally permissible scope of Mr. Ross' assigned duties and are NOT legal authorized "Official Act(s)." Mr. Ross' failure to forward the Defendant's Report of Investigation (ROI) for Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00 constitutes [_____insert the word or phrase from sub-allegation "A through E" into the allegation statement and answer each_____] as the Defendant and Mr. Ross both have an affirmative, non-discretionary "official duty" to promptly[49] forward the Defendant's ROI to the EEOC, which duty is required by Federal statute to be performed, and which duty Mr. Ross did NOT do and has NOT done from July 2007 and through the date of this complaint.

A.    a **"Breach of Duty"**

---

[49] EEOC regulations state ten (10) days.

B.  **"Misconduct in Office"**

C.  **"Nonfeasance"**

D.  **"Malfeasance"** and

E.  **"Official Misconduct."**

F.  Mr. Ross violated the "Official Immunity Doctrine" pertaining to his office, position and
    duties when he failed to perform the non-discretionary "official duty," i.e., to promptly
    forward the Defendant's ROI for Plaintiff's first HD complaint to the EEOC, which duty
    is required by Federal statute to be performed, and which duty Mr. Ross did NOT do and
    has NOT done from July 2007 and through the date of this complaint.

G.  Mr. Ross is no longer entitled to: a) Federal employer/employee immunity and b) Federal
    employer legal representation as the scope of his act(s) taken are outside the scope of
    legally authorized Federal employer/employee authorized act(s).

H.  Mr. Ross was complying with the instructions of Defendant's officials when he did NOT
    forward the Defendant's ROI for Complaint ED-2005-28-00 to the EEOC.  Mr. Ross
    complied with the instructions of Defendant's officials  even though he knew, or should
    have known, that his compliance with the requirements of said  instructions was outside the
    legally permissible scope of his assigned duties and was NOT a legally authorized "Official
    Act".  Mr. Ross complied with the instructions of Defendant's officials to NOT forward the
    Defendant's ROI for Complaint ED-2005-28-00 to the EEOC in order to continue his
    employment with the Defendant. Mr. Ross has therefore accepted a "Bribe" and committed
    "Bribery" through his actions when he complied with the instructions of Defendant's
    officials to NOT forward the ROI for Complaint ED-2005-28-00 to the EEOC in return for

the continuation of his employment with the Defendant.[50]

157.    Plaintiff's second HD and reprisal complaint, i.e., Def. # ED-2006-11-00.  The actions taken by Mr. Larry F. Ross, Director, Equal Employment Opportunity Services, Defendant, detrimental to the Plaintiff as set forth and pleaded in this complaint are outside the legally permissible scope of Mr. Ross' assigned duties and are NOT legally authorized "Official Act(s)."  Mr. Ross' failure to forward the Defendant's Report of Investigation (ROI) Plaintiff's second HD and reprisal complaint, i.e., Def. #  ED-2006-11-00, constitutes [_____insert the word or phrase from sub-allegation "A through E" into the allegation statement and answer each_____ ] as the Defendant and Mr. Ross both have an affirmative, non-discretionary "official duty" to promptly[51] forward the Defendant's ROI to the EEOC, which duty is required by Federal statute to be performed, and which  Mr. Ross did NOT do and has NOT done from July 2007 and through the date of this complaint.

A.   a **"Breach of Duty"**

B.   **"Misconduct in Office"**

C.   **"Nonfeasance"**

D.   **"Malfeasance"**

E.   **"Official Misconduct."**

---

[50] All of the elements required to justify the filing of a federal bribery charge against Mr. Ross are there.  But then, this is a Federal agency and Ms. Ross is a Federal political official and we all know the US-DOJ will not bring a federal charge against a political federal official, and, if the US-DOJ did bring said charge, the US-DOJ would whitewash and not prosecute said charge.

[51] EEOC regulations state ten (10) days.

F.    Mr. Ross violated the "Official Immunity Doctrine" pertaining to his office, position and duties when he failed to perform the non-discretionary "official duty," i.e., to promptly forward the Defendant's ROI for Plaintiff's second HD and reprisal complaint to the EEOC, which duty is required by Federal statute to be performed, and which duty Mr. Ross did NOT do and has NOT done from July 2007 and through the date of this complaint.

G.    Mr. Ross is no longer entitled to: a) Federal employer/employee immunity and b) Federal employer legal representation as the scope of his act(s) taken are outside the scope of legally authorized Federal employer/employee authorized act(s).

H.    Mr. Ross was complying with the instructions of Defendant's officials when he did NOT forward the Defendant's ROI for Complaint ED-2006-11-00 to the EEOC. Mr. Ross has complied with the instructions of Defendant's officials even though he knew, or should have known, that his compliance with the requirements of said instructions was outside the legally permissible scope of his assigned duties and was NOT a legal authorized "Official Act". Mr. Ross complied with the instructions of Defendant's officials to NOT forward the Defendant's ROI for Complaint ED-2006-11-00 to the EEOC in order to continue his employment with the Defendant. Mr. Ross has therefore accepted a "Bribe" and committed "Bribery" through his actions when he complied with the instructions of Defendant's officials to NOT forward the Defendant's ROI for Complaint ED-2006-11-00 to the EEOC in return for the continuation of his employment with the Defendant.[52]

---

[52] All of the elements required to justify the filing of a federal bribery charge against Mr. Ross are there. But then, this is a Federal agency and Ms. Ross is a Federal political official and we all know the US-DOJ will not bring a federal charge against a political federal official, and, if the US-DOJ did bring said charge, the US-DOJ would whitewash and not prosecute said charge.

158.   Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00. The actions taken by Mr. Larry F. Ross, Director, Equal Employment Opportunity Services, Defendant, detrimental to the Plaintiff as set forth and pleaded in this complaint are outside the legally permissible scope of Mr. Ross' assigned duties and are NOT legally authorized "Official Act(s)." Mr. Ross' failure to include Plaintiff's medical documentation in Mr. Ross' September 20, 2007, decision letter for Defendant's Complaint ED-2007-15-00 constitutes [_____insert the word or phrase from sub-allegation "A through E" into the allegation statement and answer each_____] as the Defendant and Mr. Ross both have an affirmative, non-discretionary "official duty" to include Plaintiff's medical documentation in Mr. Ross' September 20, 2007, decision letter for Defendant's Complaint ED-2007-15-00, which duty is required by Federal statute to be performed, and which duty Mr. Ross did NOT do and has NOT done from July 2007 and through the date of this complaint.

A.   a **"Breach of Duty"**

B.   **"Misconduct in Office"**

C.   **"Nonfeasance"**

D.   **"Malfeasance"**

E.   **"Official Misconduct."**

F.   Mr. Ross violated the "Official Immunity Doctrine" pertaining to his office, position and duties when he failed to perform the non-discretionary "official duty," i.e., to include Plaintiff's medical documentation in Mr. Ross' September 20, 2007, decision letter for Defendant's Complaint ED-2007-15-00, which duty is required by Federal statute to be performed, and which duty Mr. Ross did NOT do and has NOT done from July 2007 and

through the date of this complaint.

G.  Mr. Ross is no longer entitled to: a) Federal employer/employee immunity and b) Federal employer legal representation as the scope of his act(s) taken are outside the scope of legally authorized Federal employer/employee authorized act(s).

H.  Mr. Ross was complying with the instructions of Defendant's officials when he did NOT include Plaintiff's medical documentation in his September 20, 2007, decision letter for Defendant's Complaint ED-2007-15-00. Mr. Ross has complied with the instructions of Defendant's officials even though he knew, or should have known, that his compliance with said instructions was outside the legally permissible scope of his assigned duties and was NOT a legally authorized "Official Act". Mr. Ross complied with the instructions of Defendant's officials to NOT acknowledge, and to NOT acknowledge the existence of, and to NOT include Plaintiff's medical documentation in his September 20, 2007, decision letter for Defendant's Complaint ED-2007-15-00 in order to continue his employment with the Defendant. Mr. Ross has therefore accepted a "Bribe" and committed "Bribery" through his actions when he complied with the instructions of Defendant's officials to NOT include Plaintiff's medical documentation in his September 20, 2007, decision letter for Defendant's Complaint ED-2007-15-00 in return for the continuation of his employment with the Defendant.[53]

159.    Plaintiff's third HD and reprisal complaint, i.e., Def. # ED-2007-15-00. The November

---

[53] All of the elements required to justify the filing of a federal bribery charge against Mr. Ross are there. But then, this is a Federal agency and Ms. Ross is a Federal political official and we all know the US-DOJ will not bring a federal charge against a political federal official, and, if the US-DOJ did bring said charge, the US-DOJ would whitewash and not prosecute said charge.

24, 2006, actions taken, and attempted to be taken, by Ms. Linda Stracke, Director,

Financial Improvement and Post Audit Operations, Defendant, detrimental to the Plaintiff

as set forth and pleaded in this complaint[54] are outside the legally permissible scope of Ms.

Stracke's assigned duties and are NOT legally authorized "Official Act(s)." Ms. Stracke's

refusal to acknowledge, which includes her refusal to acknowledge even the existence of,

Plaintiff's medical documentation and then her statements and instructions to Plaintiff that,

if the Plaintiff needed reasonable accommodation, Plaintiff had to submit a new request

for reasonable accommodation from scratch, from the beginning, and had to submit medical

documentation are not legally authorized "Official Act(s)" when Plaintiff had: 1)

previously requested reasonable accommodation from the Defendant and 2) submitted to

the Defendant the medical information and documentation Defendant's officials had

requested and constitute

A. a **"Breach of Duty"**

B. **"Misconduct in Office"**

---

[54] Partially summarized here: On November 24, 2006, Ms. Linda Stracke failed/refused to acknowledge that: a) Plaintiff had submitted requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, to Defendant's officials pursuant to the Rehabilitation Act; b) Plaintiff had timely submitted to Defendant's officials the medical information and documentation Defendant officials had requested the Plaintiff submit pursuant to the Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992; c) Defendant's officials timely approved Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, in accordance with the Rehabilitation Act; d) Plaintiff requested reasonable accommodation from Defendant's officials, i.e., Mr. Danny Harris, now Deputy CFO, OCFO, Defendant, during the October through December 21, 1998, medical and return-to-work discussions Mr. Harris held with the Plaintiff; and e) Defendant's officials had all of the medical information and documentation they needed from the Plaintiff to make a reasonable accommodation determination concerning Plaintiff's reasonable accommodation requests made during the October through December 21, 1998, medical and return-to-work discussions.

C. **"Nonfeasance"**

D. **"Malfeasance."**

E. **"Official Misconduct"**

as the Defendant and Ms. Stracke both have an affirmative, non-discretionary "official duty" to promptly: 1) acknowledge,[55] which includes the existence of, Plaintiff's medical documentation, and 2) comply with federal laws, which duty is required by Federal statute to be performed, and which duty Ms. Stracke did not do and has not done from November 24, 2006, and through the date of this complaint.

F.  Ms. Stracke violated the "Official Immunity Doctrine" pertaining to her office, position and duties when she failed to perform the non-discretionary "official duty," i.e., to promptly acknowledge Plaintiff's medical documentation, which duty is required by Federal statute to be performed, and which duty Ms. Stracke did not do and has not done from November 24, 2006, and through the date of this complaint.

G.  Ms. Stracke is no longer entitled to: a) Federal employer/employee immunity and b) Federal employer legal representation as the scope of her act(s) taken are outside the scope of legally authorized Federal employer/employee authorized act(s).

H. Ms. Stracke was complying with the instructions of Defendant's officials when she did NOT acknowledge Plaintiff's medical documentation.  Ms. Stracke complied with the instructions of

---

[55] Even when Ms. Stracke's acknowledgment of Plaintiff's medical documentation would: a) mean the Defendant has admitted, and b) provide Plaintiff with direct proof of, intentional and willful Privacy Act, Federal Records Act, Rehabilitation Act, and OPM regulations violations, to include but not be limited to, failure to safeguard, secure and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff and the destruction of Plaintiff's medical documentation.

Defendant's officials even though she knew, or should have known, that her compliance with said instructions was outside the legally permissible scope of her assigned duties and was NOT a legally authorized "Official Act." Ms. Stracke complied with the instructions of Defendant's officials to NOT acknowledge, and to NOT acknowledge the existence of, Plaintiff's medical documentation in order to continue her employment with the Defendant. Ms. Stracke has therefore accepted a "Bribe" and committed "Bribery" through her actions when she complied with the instructions of Defendant's officials to NOT acknowledge, and to NOT acknowledge the existence of, Plaintiff's medical documentation in return for the continuation of her employment with the Defendant.[56]

160. The Defendant has stated that the Plaintiff did NOT submit request(s) for reasonable accommodation to the Defendant. However, Plaintiff's medical documentation is proof that the Plaintiff did submit request(s) for reasonable accommodation to the Defendant.

161. The Defendant has stated that the Plaintiff did NOT submit medical documentation to the Defendant. However, Plaintiff's medical documentation is proof that the Plaintiff did submit medical documentation to the Defendant.

162. The Defendant cannot legally ignore the existence of Plaintiff's medical documentation.

163. The Defendant cannot legally deny the existence of Plaintiff's medical documentation.

164. The Federal government's three hundred thousand dollar award damage amount can be exceeded when the Defendant's act(s) justify an award amount that exceeds $300,000.

   A. The United States Department of Justice (DOJ) awards and authorizes the approval and

---

[56] All of the elements required to justify the filing of a federal bribery charge against Ms. Stracke are there. But then, this is a Federal agency and Ms. Stracke is a Federal official and we all know the US-DOJ will not bring a federal charge against a federal official, and, if the US-DOJ did bring said charge, the US-DOJ would whitewash and not prosecute said charge.

payment of award damage amounts that exceed $300,000.

B. One specific case where the DOJ approved an award damage amount that exceeded $300,000 involved a female and her disclosure of sexual misconduct of a politician. The DOJ approved an award damage amount and payment thereof in the $600,000 plus range.

C. The Court can award and authorize the approval and payment of award damage amounts that exceed $300,000.

D. One specific case where the Court approved an award damage amount that exceeded $300,000 involved a female and her disclosure of sexual misconduct of a politician. The Court approved an award damage amount and payment thereof in the $600,000 plus range.

165.    The DOJ can award a Plaintiff in a federal complaint, which involves a federal agency, damages that exceed $300,000 if the DOJ finds and determines the Defendant's act(s) justify an award and payment of an amount that exceeds $300,000.

166.    The Court can award a Plaintiff in a federal complaint, which involves a federal agency, damages that exceed $300,000 if the Court finds and determines the Defendant's act(s) justify the Court's award and payment of an amount that exceeds $300,000.

167.    This Court can award this Plaintiff in this federal complaint, which involves this federal Defendant agency, damages that exceed $300,000 if the Court finds and determines the Defendant's act(s) justify the Court's award and payment of an amount that exceeds $300,000.

168.    The duration, quantity and seriousness of the Defendant's continuous and numerous reprisal act(s) Defendant's officials and employees have taken against this Plaintiff because this Plaintiff is a known whistleblower who will disclose, and who will not agree to not

disclose, external grantee and internal Defendant employee fraud to the legal authorities will justify the Court's findings and determination that the Defendant's reprisal act(s) justifies the Court's award and payment of a damage amount that substantially exceeds $300,000 when the duration, quantity and seriousness of the Defendant's continuous and numerous reprisal act(s) Defendant's officials and employees have taken against this Plaintiff are taking into consideration. The Defendant's reprisal act(s) are set forth in the allegations of Paragraph 6, 6A through 6Z, and are hereby incorporated as fully as if set forth and rewritten herein.

169.    Plaintiff's 1998 disclosures saved the U.S. taxpayers millions of dollars[57] by not having unauthorized disbursements made. Plaintiff's 2004 disclosures involved the recovery of more than $27 million of U.S. taxpayers funds. Plaintiff's disclosures do not involve the sexual misconduct of a politician. One would think that the saving and/or recovery of millions of dollars of U.S. taxpayers funds would justify the DOJ and the Court's award and payment of a damage amount that substantially exceeds $300,000 especially when the duration, quantity and seriousness of the Defendant's continuous and numerous reprisal act(s) Defendant's officials and employees have taken against this Plaintiff are taking into consideration.

170.    Since June 1998, there have been two attempts on Plaintiff's life and one break-in of Plaintiff's property, which can be attributed through circumstantial evidence to the Defendant. Plaintiff has been the target of intimidation and criminal acts, which logically can only be explained as attributable to, and involving, the Defendant and/or Defendant's

---

[57] Actual amount is unknown.

employees. The intimidation and criminal acts commenced the evening of June 2, 1998, which is the date Plaintiff filed and notified the Defendant that he had filed a whistleblower disclosure complaint against the Defendant, and have continued throughout the duration of the litigation involving Plaintiff and the Defendant. The circumstantial evidence is currently insufficient to justify the filing of criminal charges.

A.  There has been, at least, one (1) break-in of Plaintiff's property that can be attributed to the Defendant.

B.  There have been intimidation acts directed towards Plaintiff and his wife that can be attributed to the Defendant.

C.  There have been two (2) serious attempts on Plaintiff's life, i.e., to actually kill the Plaintiff, that can be attributed to the Defendant.

171.  The United States Department of Justice has offered immunity from prosecution of perjury to Defendant's employees who provide testimony detrimental to the Plaintiff.

172.  Defendant has at all times relevant herein intentionally and willfully refused to comply with the security, safeguard, maintenance, and record-keeping requirements of and as pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to comply with the security, safeguard, maintenance, and record-keeping requirements of said statutes and regulations would[58] result in Defendant

---

[58]  Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

actions that would: a) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States, and b) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

173.    Defendant has at all times relevant herein intentionally and willfully refused to comply with the security, safeguard, maintenance, record-keeping, accommodation and non-reprisal requirements of and as pertaining to the Rehabilitation Act and EEO regulations, which statutes and regulations require the Defendant to comply with the requirements of said statutes and regulations for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to comply with the security, safeguard, maintenance, record-keeping, accommodation, and non-reprisal requirements of said statutes and regulations would[59] result in Defendant actions that would: a) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States, and b) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

174.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff as

---

[59] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff would[60] result in Defendant actions that would: a) result in the removal of official records from the Defendant's Official Personnel File pertaining to Plaintiff; b) result in the destruction of official records from the Defendant's Official Personnel File pertaining to Plaintiff; c) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States, and d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

175.    Illegal removal of Plaintiff's military retirement records. Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the

---

[60] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, would[61] result in Defendant actions that would result in the illegal removal of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

176.   Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service- time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, would[62] result in Defendant actions

---

[61] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

[62] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

that would: a) result in the illegal removal of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

177.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1)  military service-time records, 2) proof of military service-time  and calculation records, and/or 3) proof of military service- time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff,  knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, would[63] result in Defendant actions that would result in an attempt to illegally deny Plaintiff his full FERS retirement benefits because the Defendant allowed the illegal removal of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff.  As a result of such

---

[63] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

178.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, would[64] result in Defendant actions that would: a) result in an attempt to illegally deny Plaintiff his full FERS retirement benefits because the Defendant allowed the illegal removal of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages.    As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

---

[64]  Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

179.    <u>Illegal destruction of Plaintiff's military retirement records</u>. Defendant has at all times

relevant herein intentionally and willfully refused to secure, safeguard, and maintain the

Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's

military retirement records, i.e., 1) military service-time records, 2) proof of military

service-time and calculation records, and/or 3) proof of military service-time deposit

records required for retirement, as required by and pertaining to the Privacy Act and

Federal Records Act and NARA and OPM regulations, which statutes and regulations

require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the

Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and

maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained

Plaintiff's military retirement records, would[65] result in Defendant actions that would result

in the illegal destruction of Plaintiff's military retirement records from the Defendant's

Official Personnel File pertaining to Plaintiff. As a result of such failure Defendant's

actions and determinations were and continue to be made and taken that had and continue

to have adverse effects on Plaintiff.

180.    Defendant has at all times relevant herein intentionally and willfully refused to secure,

safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff,

which contained Plaintiff's military retirement records, i.e., 1) military service-time

records, 2) proof of military service-time and calculation records, and/or 3) proof of

military service-time deposit records required for retirement, as required by and pertaining

---

[65] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, would[66] result in Defendant actions that would: a) result in the illegal destruction of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

181.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to

---

[66] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, would[67] result in Defendant actions that would result in an attempt to illegally deny Plaintiff his full FERS retirement benefits because the Defendant allowed the illegal destruction of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

182.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Official Personnel File pertaining to Plaintiff, which contained Plaintiff's military retirement records, would[68] result in Defendant actions that would: a) result in an attempt to illegally deny Plaintiff his full FERS retirement benefits because the Defendant allowed the illegal destruction of Plaintiff's military

---

[67] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

[68] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

retirement records from the Defendant's Official Personnel File pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

183.   Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[69] result in Defendant actions that would result in the removal of official records from the Defendant's Employee Medical Folder pertaining to Plaintiff. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

184.   Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation

---

[69] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[70] result in Defendant actions that would result in the destruction of official records from the Defendant's Employee Medical Folder pertaining to Plaintiff. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

185.     Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[71] result in Defendant actions that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

_____

[70] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

[71] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

186.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[72] result in Defendant actions that would require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

187.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[73] result in Defendant actions that would: a) result in the removal of official records from the Defendant's Employee Medical

---

[72] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

[73] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

Folder pertaining to Plaintiff; b) result in the destruction of official records from the Defendant's Employee Medical Folder pertaining to Plaintiff; c) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States, and d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

188.    Illegal removal of Plaintiff's medical records. Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[74] result in Defendant actions that would result in the illegal removal of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff. As a result of such

---

[74] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

189.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[75] result in Defendant actions that would: a) result in the illegal removal of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

190.    Defendant has at all times relevant herein intentionally and willfully refused to secure,

---

[75] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[76] result in Defendant actions that would result in an attempt to illegally deny Plaintiff reasonable accommodation. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

191.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require

---

[76] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[77] result in Defendant actions that would: a) result in an attempt to illegally deny Plaintiff reasonable accommodation because the Defendant allowed the illegal removal of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

192.     Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Defendant's reasonable accommodation determination records

---

[77] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

pertaining to Plaintiff's requests for reasonable accommodation, would[78] result in Defendant actions that would result in an attempt to illegally deny Plaintiff reasonable accommodation. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

193.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation, would[79] result in Defendant actions that would: a) result in an attempt to illegally deny Plaintiff reasonable accommodation because the Defendant allowed the illegal removal of Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation from the Defendant's Employee Medical Folder pertaining to

---

[78]  Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

[79]  Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

194.    <u>Illegal destruction of Plaintiff's medical records.</u> Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[80] result in Defendant actions that would result in the illegal destruction of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

---

[80] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

195.   Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[81] result in Defendant actions that would: a) result in the illegal destruction of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages.  As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

196.   <u>Illegal destruction of Defendant's reasonable accommodation determination records.</u> Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff,

---

[81]   Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

which contained Plaintiff's medical records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Plaintiff's medical records, would[82] result in Defendant actions that would result in an attempt to illegally deny Plaintiff reasonable accommodation because the Defendant allowed the illegal destruction of Plaintiff's medical records from the Defendant's Employee Medical Folder pertaining to Plaintiff. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

197.   Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard, and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which statutes and regulations require the Defendant to secure, safeguard and maintain for

---

[82] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

the benefit and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff, which contained Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation, would[83] result in Defendant actions that would: a) result in an attempt to illegally deny Plaintiff reasonable accommodation because the Defendant allowed the illegal destruction of Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation from the Defendant's Employee Medical Folder pertaining to Plaintiff; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

198.    Defendant has at all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which Defendant Employee Medical Folder contained Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records, which were submitted to the Defendant, which Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16,

---

[83] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

1991, and March 4, 1992, records were illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff and destroyed, which statutes and regulations require the Defendant to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[84] result in the removal of Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records from the Defendant's Employee Medical Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

199.     Defendant has at all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which Defendant Employee Medical Folder contained the medical documentation records Plaintiff and/or Plaintiff's physicians submitted to the Defendant from approximately October 1990 through 1992, which medical documentation records Plaintiff and/or Plaintiff's physicians submitted to the Defendant were illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff and

---

[84] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

destroyed, which statutes and regulations require the Defendant to secure, safeguard and

maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure

to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to

Plaintiff would[85] result in the removal of the medical documentation records Plaintiff and/or

Plaintiff's physicians submitted to the Defendant from the Defendant's Employee Medical

Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as

an employee of the Defendant and the United States and require the Plaintiff to secure legal

representation and incur legal and attorney fees, costs and consequential expenses and

damages. As a result of such failure Defendant's actions and determinations were and

continue to be made and taken that had and continue to have adverse effects on Plaintiff.

200.    Defendant has at all times relevant herein intentionally and willfully failed to secure,

safeguard, and maintain as required by and pertaining to the Privacy Act, Federal Records

Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee

Medical Folder pertaining to Plaintiff, which Defendant Employee Medical Folder

contained Plaintiff's requests for reasonable accommodation dated October 19, 1990,

December 16, 1991, and March 4, 1992, records, which were submitted to the Defendant,

which Plaintiff's requests for reasonable accommodation dated October 19, 1990,

December 16, 1991, and March 4, 1992, records were illegally removed from the

Defendant's Employee Medical Folder pertaining to Plaintiff, which statutes and

regulations require the Defendant to secure, safeguard and maintain for and on behalf of

---

[85] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[86] illegally allow the Defendant to deny the existence of Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records, which were submitted to the Defendant, to allow the Defendant to deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

201.    Defendant has at all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which medical folder contained Defendant's reasonable accommodation determination that Plaintiff was an otherwise qualified handicapped employee entitled to reasonable accommodation, which Defendant determination was illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff, which statutes and regulations require the Defendant to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff

---

[86] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

would[87] result in the removal of Defendant's reasonable accommodation determination record that Plaintiff was an otherwise qualified handicapped employee entitled to reasonable accommodation from the Defendant's Employee Medical Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

202.    Defendant has at all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which medical folder contained Defendant's reasonable accommodation determination that Plaintiff was handicapped, which Defendant determination was illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff, which statutes and regulations require the Defendant to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[88] result in the removal of Defendant's reasonable accommodation determination that Plaintiff was handicapped from the Defendant's

---

[87] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

[88] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

Employee Medical Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

203.    Defendant has at all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which medical folder contained Defendant's reasonable accommodation determination that the Defendant authorized Plaintiff reasonable accommodation, which Defendant determination was illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff and destroyed, which statutes and regulations require the Defendant to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[89] result in the removal of Defendant's reasonable accommodation determination record that the Defendant authorized Plaintiff reasonable accommodation from the Defendant's Employee Medical Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff

_____

[89] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

204.    Defendant has at all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which medical folder contained Defendant's reasonable accommodation determination that the Defendant provided Plaintiff reasonable accommodation, which Defendant determination was illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff and destroyed, which statutes and regulations require the Defendant to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[90] result in the removal of Defendant's reasonable accommodation determination record that the Defendant provided Plaintiff reasonable accommodation from the Defendant's Employee Medical Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations

---

[90] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

were and continue to be made and taken that had and continue to have adverse effects on

Plaintiff.

205.    Defendant has at all times relevant herein intentionally and willfully failed to secure,

safeguard, and maintain as required by and pertaining to the Privacy Act, Federal Records

Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee

Medical Folder pertaining to Plaintiff, which Defendant Employee Medical Folder

contained Plaintiff's requests for reasonable accommodation dated October 19, 1990,

December 16, 1991, and March 4, 1992, records, which were submitted to the Defendant,

which Plaintiff's requests for reasonable accommodation dated October 19, 1990,

December 16, 1991, and March 4, 1992, records were illegally removed from the

Defendant's Employee Medical Folder pertaining to Plaintiff, which statutes and

regulations require the Defendant to secure, safeguard and maintain for and on behalf of

the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and

maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[91] illegally

allow the Defendant to refuse to provide Plaintiff with reasonable accommodation to allow

the Defendant to deny Plaintiff his rights, benefits and privileges as an employee of the

Defendant and the United States and require the Plaintiff to secure legal representation and

incur legal and attorney fees, costs and consequential expenses and damages.  As a result

of such failure Defendant's actions and determinations were and continue to be made and

taken that had and continue to have adverse effects on Plaintiff.

---

[91] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

206.    <u>Removal of Defendant's reasonable accommodation authorized records</u>. Defendant has at

all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain

as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and

OPM regulations,  Defendant's Employee Medical Folder pertaining to Plaintiff, which

Defendant Employee Folder contained Defendant's records of the reasonable

accommodation the Defendant authorized the Plaintiff from approximately October 1990

through November 18, 2004, which Defendant's official records were illegally removed

from the Defendant's Employee Medical Folder pertaining to Plaintiff, which statutes and

regulations require the Defendant to secure, safeguard and maintain for and on behalf of

the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and

maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[92] result in the

removal of the Defendant's records of the reasonable accommodation the Defendant

authorized the Plaintiff from approximately October 1990 through November 18, 2004,

from the Defendant's Employee Medical Folder pertaining to Plaintiff that would deny

Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United

States and require the Plaintiff to secure legal representation and incur legal and attorney

fees, costs and consequential expenses and damages.  As a result of such failure

Defendant's actions and determinations were and continue to be made and taken that had

and continue to have adverse effects on Plaintiff.

207.    <u>Removal of Defendant's reasonable accommodation provided records</u>. Defendant has at

---

[92]  Which is why the statutes and regulations requires the Defendant to "comply" with the
law, and "secure" the Defendant's OPF for all employees.

all times relevant herein intentionally and willfully failed to secure, safeguard, and maintain as required by the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, Defendant's Employee Medical Folder pertaining to Plaintiff, which Defendant Employee Folder contained Defendant's records of the reasonable accommodation the Defendant provided the Plaintiff from approximately October 1990 through November 18, 2004, which Defendant's official records were illegally removed from the Defendant's Employee Medical Folder pertaining to Plaintiff, which statutes and regulations require the Defendant to secure, safeguard and maintain for and on behalf of the Defendant and Plaintiff, knowing that Defendant's failure to secure, safeguard, and maintain Defendant's Employee Medical Folder pertaining to Plaintiff would[93] result in the removal of the Defendant's records of the reasonable accommodation the Defendant provided the Plaintiff from approximately October 1990 through November 18, 2004, from the Defendant's Employee Medical Folder pertaining to Plaintiff that would deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

208.    Defendant's refusal to answer Plaintiff's first HD complaint discovery requests. Defendant has at all times relevant herein intentionally and willfully attempted to deny Plaintiff his

---

[93] Which is why the statutes and regulations requires the Defendant to "comply" with the law, and "secure" the Defendant's OPF for all employees.

Rehabilitation Act, EEOC, and Constitutional due process, discovery, and adjudication rights, by refusing to comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights through the Defendant's refusal to take an official act said Constitution and statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to comply with the law and answer Plaintiff's first HD complaint discovery requests from the June 2007 failure of settlement negotiations through the date of this Complaint, would[94] result in Defendant actions that would: a) violate, result in the denial of, and deny Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

209. <u>Defendant's refusal to forward the Defendant's Reports of Investigation to the EEOC</u>. Defendant has at all times relevant herein intentionally and willfully attempted to deny Plaintiff his Rehabilitation Act, EEOC, and Constitutional due process, discovery, hearing, and adjudication rights, by refusing to comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, hearing, and adjudication rights through the Defendant's refusal to take an official act said statutes and regulations required

---

[94] Which is why Federal statutes and regulations requires this "official act" to be taken.

the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to comply with the law and forward the Defendant's Reports of Investigation[95] pertaining to Plaintiff's first HD and second HD and reprisal complaints to the EEOC would[96] result in Defendant actions that would: a) violate, result in the denial of, and deny Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, hearing, and adjudication rights; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

210. <u>Refusal to file the Board Ordered and required answer</u>. Defendant has at all times relevant herein intentionally and willfully attempted to deny Plaintiff his MSPB and Constitutional due process and adjudication rights by refusing to comply with Plaintiff's MSPB and Constitutional due process and adjudication rights through the Defendant's refusal to take an official act said statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to file the Board Ordered and required: a) narrative response to the complaint allegations set forth in Plaintiff's third Whistleblower (WB) reprisal appeal, and b) copies of all other documents which are relevant and material to the Plaintiff's WB reprisal appeal and the complaint

---

[95] There is a Report of Investigation for each complaint.

[96] Which is why Federal statutes and regulations requires this "official act" to be taken.

allegations set forth in Plaintiff's third WB reprisal appeal from the July 3, 2007, timely re-filing of Plaintiff's third Whistleblower (WB) reprisal appeal through the date of this Complaint, would[97] result in Defendant actions that would: a) violate, result in the denial of, and deny Plaintiff's MSPB and Constitutional due process and adjudication rights; b) deny Plaintiff his rights, benefits and privileges as an employee of the Defendant and the United States; and c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

211.    Defendant has at all times relevant herein intentionally and willfully failed and refused to maintain Defendant's records concerning Plaintiff with such accuracy, relevance, timeliness and completeness as necessary to assure accuracy and fairness in determinations related to retirement benefits and reasonable accommodation rights and opportunities of, or benefits to, Plaintiff that may be made on the basis of such records, after which determinations were and continue to be made that were and continue to be adverse to Plaintiff to require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant's actions and determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## VIII. COUNT I A

212.    The allegations of Paragraphs 1 through 219 are hereby incorporated as fully as if set forth

---

[97] Which is why Federal statutes and regulations requires this "official act" to be taken.

and rewritten herein.

213.    Defendant has at all times relevant herein intentionally and willfully refused to comply with the security, safeguarding, maintenance, and record-keeping requirements of and as pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) violate Plaintiff's Constitutional and statutory and regulatory rights; b) be detrimental to the Plaintiff; c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; d) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); and e) have an adverse effect on Plaintiff.

214.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## IX.  COUNT II    B

215.    The allegations of Paragraphs 1 through 222 are hereby incorporated as fully as if set forth

and rewritten herein.

216.    Defendant has at all times relevant herein intentionally and willfully refused to comply with the security, safeguard, maintenance, record-keeping, accommodation and non-reprisal requirements of and as pertaining to the Rehabilitation Act and EEO regulations knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) violate Plaintiff's Constitutional and statutory and regulatory rights; b) be detrimental to the Plaintiff; c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; d) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); and e) have an adverse effect on Plaintiff.

217.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## X.  COUNT III    C

218.    The allegations of Paragraphs 1  through 225 are hereby incorporated as fully as if set forth

and rewritten herein.

219.    Defendant has at all times relevant herein intentionally and willfully refused to secure,

safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff for

the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the

Privacy Act and Federal Records Act and NARA and OPM regulations knowing that the

Defendant's compliance was required and the Defendant's noncompliance with the

requirements of said statutes and regulations would: a) violate Plaintiff's Constitutional and

statutory and regulatory rights; b) be detrimental to the Plaintiff; c) require the Plaintiff to

secure legal representation and incur legal and attorney fees, costs and consequential

expenses and damages; d) violate the provisions of the Privacy Act embodied in 5 U.S.C.

§552a (e)(2); and e) have an adverse effect on Plaintiff.

220.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and

continues to suffer loss of Constitutional and statutory and regulatory rights, promotional

opportunities, loss of income, loss of other employment benefits, loss of reasonable

accommodation, and has suffered and continues to suffer reprisal, hostile work

environment, severe distress, emotional pain and suffering, mental anguish, humiliation,

embarrassment, inconvenience, damage to his reputation, unfairness and loss of the

enjoyment of life, and has required the Plaintiff to secure legal representation and incur

legal and attorney fees, costs and consequential expenses and damages. As a result of such

failure Defendant determinations were and continue to be made and taken that had and

continue to have adverse effects on Plaintiff.

## XI.  COUNT IV    D

221.    The allegations of Paragraphs 1 through 228 are hereby incorporated as fully as if set forth and rewritten herein.

222.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which Defendant's Official Personnel File contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and 3) proof of military service-time deposit records required for retirement, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) result in the illegal removal of Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); and f) have an adverse effect on Plaintiff.

223.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation,

embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XII. COUNT V    E

224.    The allegations of Paragraphs 1 through 231 are hereby incorporated as fully as if set forth and rewritten herein.

225.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, to deny Plaintiff his full FERS retirement benefits by removing Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, from Defendant's Official Personnel File pertaining to Plaintiff, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) deny Plaintiff his full FERS retirement benefits; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); and f) have an adverse effect on Plaintiff.

Page 138 of 180

226.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XIII.  COUNT VI     F

227.    The allegations of Paragraphs 1  through 234 are hereby incorporated as fully as if set forth and rewritten herein.

228.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as  required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, which Defendant's Official Personnel File contained Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and 3) proof of military service-time  deposit records required for retirement, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a)  result in the illegal destruction of

Page 139 of 180

Plaintiff's military retirement records from the Defendant's Official Personnel File pertaining to Plaintiff; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); and f) have an adverse effect on Plaintiff.

229.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XIV. COUNT VII    G

230.    The allegations of Paragraphs 1 through 237 are hereby incorporated as fully as if set forth and rewritten herein.

231.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the

Page 140 of  180

Privacy Act and Federal Records Act and NARA and OPM regulations to deny Plaintiff his full FERS retirement benefits by destroying Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, filed in the Defendant's Official Personnel File pertaining to Plaintiff, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) deny Plaintiff his full FERS retirement benefits; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); and f) have an adverse effect on Plaintiff.

232.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XV.  COUNT VIII    H

233.    The allegations of Paragraphs 1 through 240 are hereby incorporated as fully as if set forth and rewritten herein.

234.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) violate Plaintiff's Constitutional and statutory and regulatory rights; b) be detrimental to the Plaintiff; c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; d) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); e) violate the provisions of the Federal Records Act; f) violate the provisions of the Rehabilitation Act; g) violate the provisions of the NARA and OPM regulations; and h) have an adverse effect on Plaintiff.

235.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur

legal and attorney fees, costs and consequential expenses and damages. As a result of such

failure Defendant determinations were and continue to be made and taken that had and

continue to have adverse effects on Plaintiff.

## VVI. COUNT IX   I

236. The allegations of Paragraphs 1 through 243 are hereby incorporated as fully as if set forth

and rewritten herein.

237. Defendant has at all times relevant herein intentionally and willfully refused to secure,

safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff

for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining

to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM

regulations, which Defendant's Employee Medical Folder contained Plaintiff's requests for

reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4,

1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician

submitted to the Defendant, knowing that the Defendant's compliance was required and the

Defendant's noncompliance with the requirements of said statutes and regulations would:

a) result in the illegal removal of Plaintiff's medical records from the Defendant's

Employee Medical Folder pertaining to Plaintiff; b) violate Plaintiff's Constitutional and

statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to

secure legal representation and incur legal and attorney fees, costs and consequential

expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C.

§552a (e)(2); f) violate the provisions of the Federal Records Act; g) violate the provisions

of the Rehabilitation Act; h) violate the provisions of the NARA and OPM regulations; and

i) have an adverse effect on Plaintiff.

238.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## VVII.  COUNT X    J

239.    The allegations of Paragraphs 1 through 246 are hereby incorporated as fully as if set forth and rewritten herein.

240.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, to deny Plaintiff  his reasonable accommodation rights by removing Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, from the Defendant's Employee Medical Folder pertaining to

Page 144 of  180

Plaintiff knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); f) violate the provisions of the Federal Records Act; g) violate the provisions of the Rehabilitation Act; h) violate the provisions of the NARA and OPM regulations; and i) have an adverse effect on Plaintiff.

241.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XVIII.  COUNT XI    K

242.    The allegations of Paragraphs 1 through 249 are hereby incorporated as fully as if set forth and rewritten herein.

243.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, to deny Plaintiff his reasonable accommodation rights by removing Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records, from the Defendant's Employee Medical Folder pertaining to Plaintiff knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); f) violate the provisions of the Federal Records Act; g) violate the provisions of the Rehabilitation Act; h) violate the provisions of the NARA and OPM regulations; and i) have an adverse effect on Plaintiff.

244.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation,

embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XIX. COUNT XII    L

245.    The allegations of Paragraphs 1 through 252 are hereby incorporated as fully as if set forth and rewritten herein.

246.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act, Federal Records Act and Rehabilitation Act and NARA and OPM regulations, which Defendant's Employee Medical Folder contained Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) result in the illegal destruction of Plaintiff's medical records filed in the Defendant's Employee Medical Folder pertaining to Plaintiff; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential

expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); f) violate the provisions of the Federal Records Act; g) violate the provisions of the Rehabilitation Act; h) violate the provisions of the NARA and OPM regulations; and i) have an adverse effect on Plaintiff.

247.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XX. COUNT XIII   M

248.    The allegations of Paragraphs 1 through 255 are hereby incorporated as fully as if set forth and rewritten herein.

249.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, to deny Plaintiff his reasonable accommodation rights by destroying Plaintiff's requests for

reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant, filed in the Defendant's Employee Medical Folder pertaining to Plaintiff knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); f) violate the provisions of the Federal Records Act; g) violate the provisions of the Rehabilitation Act; h) violate the provisions of the NARA and OPM regulations; and i) have an adverse effect on Plaintiff.

250.   As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

Page 149 of 180

## XXI.  COUNT XIV    N

251.    The allegations of Paragraphs 1 through 258 are hereby incorporated as fully as if set forth and rewritten herein.

252.    Defendant has at all times relevant herein intentionally and willfully refused to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff for the benefit and on behalf of the Defendant and Plaintiff as required by and pertaining to the Privacy Act and Federal Records Act and NARA and OPM regulations, to deny Plaintiff his reasonable accommodation rights by destroying Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records, filed in the Defendant's Employee Medical Folder pertaining to Plaintiff knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statutes and regulations would: a)  deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(2); f) violate the provisions of the Federal Records Act; g) violate the provisions of the Rehabilitation Act; h) violate the provisions of the NARA and OPM regulations; and i) have an adverse effect on Plaintiff.

253.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional

opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXII. COUNT XV    O

254.    The allegations of Paragraphs 1 through 261 are hereby incorporated as fully as if set forth and rewritten herein.

255.    Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by denying Plaintiff submitted requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, to the Defendant knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

256.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional

opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXIII. COUNT XVI    P

257.    The allegations of Paragraphs 1 through 264 are hereby incorporated as fully as if set forth and rewritten herein.

258.    Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by denying Plaintiff submitted medical documentation to the Defendant pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute and regulations would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

259.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and

continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXIV. COUNT XVII    Q

260.    The allegations of Paragraphs 1  through 267 are hereby incorporated as fully as if set forth and rewritten herein.

261.    Defendant has at all times relevant herein intentionally and willfully  violated the Rehabilitation Act by refusing to acknowledge the existence of Plaintiff's requests for reasonable  accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, submitted to the Defendant, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a)  deny Plaintiff  his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

262.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXV.  COUNT XVIII    R

263.    The allegations of Paragraphs 1 through 270 are hereby incorporated as fully as if set forth and rewritten herein.

264.    Defendant has at all times relevant herein intentionally and willfully  violated the Rehabilitation Act by denying Defendant determined Plaintiff was an otherwise qualified handicapped employee entitled to reasonable accommodation pertaining to Plaintiff's requests for reasonable  accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, submitted to the Defendant, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential

expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

265.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XXVI.  COUNT XIX    S

266.    The allegations of Paragraphs 1  through 273 are hereby incorporated as fully as if set forth and rewritten herein.

267.    Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by denying Defendant determined Plaintiff is handicapped pertaining to Plaintiff's requests for reasonable  accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, submitted to the Defendant, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d)

require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

268. As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XXVII. COUNT XX   T

269. The allegations of Paragraphs 1 through 276 are hereby incorporated as fully as if set forth and rewritten herein.

270. Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by denying Defendant authorized Plaintiff reasonable accommodation pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, submitted to the Defendant, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a) deny Plaintiff his reasonable accommodation rights;

b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

271.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XXVIII.  COUNT XXI    U

272.    The allegations of Paragraphs 1 through 279 are hereby incorporated as fully as if set forth and rewritten herein.

273.    Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by denying Defendant provided Plaintiff reasonable accommodation pertaining to Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, submitted to the Defendant, knowing that the Defendant's compliance was required and the Defendant's noncompliance with the

requirements of said statute would: a) deny Plaintiff his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

274.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXIX.  COUNT XXII    V

275.    The allegations of Paragraphs 1 through 282 are hereby incorporated as fully as if set forth and rewritten herein.

276.    Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by the Defendant's, i.e., Ms. Stracke's, refusal to accommodate the Plaintiff in November 2006 knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a) deny Plaintiff

his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

277.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

## XXX.  COUNT XXIII    W

278.    The allegations of Paragraphs 1 through 285 are hereby incorporated as fully as if set forth and rewritten herein.

279.    Defendant has at all times relevant herein intentionally and willfully violated the Rehabilitation Act by the Defendant's refusal to continue from November 19, 2004, through the date of this complaint the reasonable accommodation Defendant had authorized and provided Plaintiff from approximately October 1990 through November 18, 2004,

knowing that the Defendant's compliance was required and the Defendant's noncompliance with the requirements of said statute would: a)    deny Plaintiff    his reasonable accommodation rights; b) violate Plaintiff's Constitutional and statutory and regulatory rights; c) be detrimental to the Plaintiff; d) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; e) violate the provisions of the Rehabilitation Act; and f) have an adverse effect on Plaintiff.

280.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXXI.  COUNT XXIV   X

281.    The allegations of Paragraphs 1  through 288 are hereby incorporated as fully as if set forth and rewritten herein.

282.    Defendant has at all times relevant herein intentionally and willfully violated Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and

adjudication rights through the Defendant's refusal to take an official act said Constitution and statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to comply with the law and answer Plaintiff's first HD complaint discovery requests from the June 2007 failure of settlement negotiations through the date of this Complaint, would[98]: a) violate Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights; b) deny Plaintiff his reasonable accommodation and EEOC adjudication rights; c) violate Plaintiff's Constitutional and statutory and regulatory rights; d) be detrimental to the Plaintiff; e) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; f) violate the provisions of the Rehabilitation Act; g) violate the provisions of the EEOC regulations; and h) have an adverse effect on Plaintiff.

283.     As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and

---

[98] Which is why Federal statutes and regulations requires this "official act" to be taken.

continue to have adverse effects on Plaintiff.

### XXXII.  COUNT XXV    Y

284.    The allegations of Paragraphs 1 through 291 are hereby incorporated as fully as if set forth and rewritten herein.

285.    Defendant has at all times relevant herein intentionally and willfully violated Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights through the Defendant's refusal to take an official act said Constitution and statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to comply with the law and forward the Defendant's Reports of Investigation[99] pertaining to Plaintiff's first HD and second HD and reprisal complaints to the EEOC would[100]:  a)  violate Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights; b) deny Plaintiff  his reasonable accommodation and EEOC adjudication rights; c) violate Plaintiff's Constitutional and statutory and regulatory rights; d) be detrimental to the Plaintiff; e) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; f) violate the provisions of the Rehabilitation Act; g) violate the provisions of the EEOC regulations; and h) have an adverse effect on Plaintiff.

286.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional

---

[99]  There is a Report of Investigation for each complaint.

[100]  Which is why Federal statutes and regulations requires this "official act" to be taken.

opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXXIII.  COUNT XXVI    Z

287.    The allegations of Paragraphs 1 through 294 are hereby incorporated as fully as if set forth and rewritten herein.

288.    Defendant has at all times relevant herein intentionally and willfully violated Plaintiff's MSPB regulations and Constitutional due process, discovery, and adjudication rights through the Defendant's refusal to take an official act said Constitution and statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to file the Board Ordered and required: a) narrative response to the complaint allegations set forth in Plaintiff's third Whistleblower (WB) reprisal appeal, and b) copies of all other documents which are relevant and material to the Plaintiff's WB reprisal appeal and the complaint allegations set forth in Plaintiff's third WB reprisal appeal, from the July 3, 2007, timely re-filing of Plaintiff's third Whistleblower

(WB) reprisal appeal through the date of this Complaint, would[101]: a) violate Plaintiff's MSPB regulations and Constitutional due process, discovery, and adjudication rights; b) be detrimental to the Plaintiff; c) require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages; d) violate the provisions of the MSPB regulations; and e) have an adverse effect on Plaintiff.

289.    As a direct and proximate result of such failure and refusal Plaintiff has suffered and continues to suffer loss of Constitutional and statutory and regulatory rights, promotional opportunities, loss of income, loss of other employment benefits, loss of reasonable accommodation, and has suffered and continues to suffer reprisal, hostile work environment, severe distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life, and has required the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages. As a result of such failure Defendant determinations were and continue to be made and taken that had and continue to have adverse effects on Plaintiff.

### XXXIV.  COUNT XXVII

290.    The allegations of Paragraphs 1 through 297 are hereby incorporated as fully as if set forth and rewritten herein.

291.    Defendant's intentional and willful failure and refusal to establish appropriate administrative, technical and physical safeguards to insure the security of records pertaining to Plaintiff and to protect Plaintiff from the unlawful removal of Plaintiff's medical

---

[101] Which is why Federal statutes and regulations requires this "official act" to be taken.

records, i.e., Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records submitted to the Defendant, from the Defendant's Employee Medical Folder pertaining to Plaintiff, which failures and refusals have resulted and continue to result in Defendant's denial of reasonable accommodation and substantial harm, embarrassment, inconvenience and unfairness to Plaintiff, violated and continue to violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(10), as a result of which determinations were and continue to be made that were and continue to be adverse to Plaintiff..

292.    As a direct and proximate result of Defendant's maintenance of such records, Plaintiff has suffered and continues to suffer loss of reasonable accommodation, promotional opportunities, loss of income, loss of other employment benefits, loss of potential retirement benefits, and has suffered and continues to suffer reprisal, a hostile work environment, distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life.

## XXXV.  COUNT XXVIII

293.    The allegations of Paragraphs 1 through 300 are hereby incorporated as fully as if set forth and rewritten herein.

294.    Defendant's intentional and willful maintenance of records which were and continue to be used by Defendant in making determinations about Plaintiff that contain information regarding Plaintiff that was and is not accurate, truthful, relevant, timely or complete, and which, accordingly did and does not reasonably assure fairness to Plaintiff in making such

determinations, violated and continues to violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (e)(5), as a result of which determinations were and continue to be made that were and continue to be adverse to Plaintiff.

295.    As a direct and proximate result of Defendant's maintenance of such records, Plaintiff has suffered and continues to suffer loss of reasonable accommodation, promotional opportunities, loss of income, loss of other employment benefits, loss of potential retirement benefits, and has suffered and continues to suffer reprisal, a hostile work environment, distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life.

### XXXVI. COUNT XXIX

296.    The allegations of Paragraphs 1 through 303 are hereby incorporated as fully as if set forth and rewritten herein.

297.    Defendant's intentional and willful failure and refusal to establish appropriate administrative, technical and physical safeguards to insure the security of records pertaining to Plaintiff and to protect Plaintiff from the unlawful removal of Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement, which were filed in Defendant's Official Personnel File pertaining to Plaintiff, from the Defendant's Official Personnel File pertaining to Plaintiff, which failures and refusals have resulted and continue to result in substantial harm, embarrassment, inconvenience and unfairness to Plaintiff, violated and continue to violate the provisions

of the Privacy Act embodied in 5 U.S.C. §552a (e)(10), as a result of which determinations were and continue to be made that were and continue to be adverse to Plaintiff..

298.   As a direct and proximate result of Defendant's maintenance of such records, Plaintiff has suffered and continues to suffer loss of reasonable accommodation, promotional opportunities, loss of income, loss of other employment benefits, loss of potential retirement benefits, and has suffered and continues to suffer reprisal, a hostile work environment, distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life.

## XXXVII. COUNT XXX

299.   The allegations of Paragraphs 1 through 306 are hereby incorporated as fully as if set forth and rewritten herein.

300.   Defendant's intentional and willful maintenance of records containing information regarding Plaintiff which was and is not accurate, truthful, relevant, timely or complete, and which, accordingly, did and does not assure fairness to Plaintiff in making determinations related to the retirement, reasonable accommodation, qualifications, character, rights and opportunities of, or benefits to, Plaintiff that were made and continue to be made on the basis of such records, as a result of which determinations were made that were and continue to be adverse to Plaintiff, violated and continue to violate the provisions of the Privacy Act embodied in 5 U.S.C. §552a (g)(1)('c).

301.   As a direct and proximate result of Defendant's maintenance of such records, Plaintiff has suffered and continues to suffer loss of reasonable accommodation, loss of promotional

opportunities, loss of income, loss of other employment benefits, loss of potential retirement benefits, and has suffered and continues to suffer reprisal, a hostile work environment, distress, emotional pain and suffering, mental anguish, humiliation, embarrassment, inconvenience, damage to his reputation, unfairness and loss of the enjoyment of life.

302.    Defendant has at all times relevant herein intentionally and willfully and knowingly refused to comply with the security, safeguard, maintenance, record-keeping, accommodation and non-reprisal requirements of the Rehabilitation Act and/or EEO regulations knowing that the Defendant's violation of the security, safeguard, maintenance, record-keeping, accommodation and non-reprisal requirements of the Rehabilitation Act and/or EEO regulations would be detrimental to the Plaintiff and require the Plaintiff to secure legal representation and incur legal and attorney fees, costs and consequential expenses and damages violated the accommodation and reprisal provisions of the Rehabilitation Act and/or EEO regulations and had an adverse effect on Plaintiff.

### RELIEF

WHEREFORE, Plaintiff respectfully hereby prays that this Court grant him the following relief against Defendant:

1.    Order Defendant to secure, safeguard and maintain the Defendant's Official Personnel File pertaining to Plaintiff in accordance with the requirements of Federal statutes and regulations,

2.    Order Defendant to return and restore to the Defendant's Official Personnel File pertaining to Plaintiff all of the papers and records removed from the Defendant's Official Personnel File pertaining to Plaintiff, which should not have been removed,

Page 168 of 180

3.  Order Defendant to return and restore to the Defendant's Official Personnel File pertaining to Plaintiff, Plaintiff's military retirement records, i.e., 1) military service-time records, 2) proof of military service-time and calculation records, and/or 3) proof of military service-time deposit records required for retirement,

4.  Order the Defendant to provide Plaintiff with a notarized certified true and correct copy of the complete Defendant's Official Personnel File pertaining to Plaintiff after the Defendant has returned and restored to Defendant's Official Personnel File pertaining to Plaintiff ALL records, which should not have been removed,

5.  Retain the District Court's jurisdiction in this Complaint for one (1) year after the Defendant has submitted to the Court the Defendant's notarized certification statement signed by the Secretary and General Counsel, Defendant, which clearly states and certifies that the Defendant is in total and full compliance with the Court's Order and has returned and restored to Defendant's Official Personnel File pertaining to Plaintiff ALL records, which should not have been removed, to ensure the Defendant's total and full compliance with the Court's Orders as the Defendant's actions confirmed that this Defendant will not voluntarily comply with the requirements of Federal statutes and related regulations or the Orders of the EEOC, MSPB and District Court,

6.  Order Defendant to secure, safeguard and maintain the Defendant's Employee Medical Folder pertaining to Plaintiff in accordance with the requirements of Federal statutes and regulations,

7.  Order Defendant to return and restore to the Defendant's Employee Medical Folder pertaining to Plaintiff all of the papers and records removed from the Defendant's Employee Medical Folder pertaining to Plaintiff, which should not have been removed,

8.  Order the Defendant to return and restore to the Defendant's appropriate files all of Defendant's reasonable accommodation determination records pertaining to Plaintiff's requests for reasonable accommodation,

9.  Order Defendant to return and restore to the Defendant's Employee Medical Folder pertaining to Plaintiff, Plaintiff's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, records and the medical documentation records Plaintiff and/or Plaintiff's physician submitted to the Defendant,

10. Order the Defendant to provide Plaintiff with a notarized certified true and correct copy of the complete Defendant's Employee Medical Folder pertaining to Plaintiff after the Defendant has returned and restored to Defendant's Employee Medical Folder pertaining to Plaintiff ALL records, which should not have been removed,

11. Retain the District Court's jurisdiction in this Complaint for one (1) year after the Defendant has submitted to the Court the Defendant's notarized certification statement signed by the Secretary and General Counsel, Defendant, which clearly states and certifies that the Defendant is in total and full compliance with the Court's Order and has returned and restored to Defendant's Employee Medical Folder pertaining to Plaintiff ALL records, which should not have been removed, to ensure the Defendant's total and full compliance with the Court's Orders as the Defendant's actions confirmed that this Defendant will not voluntarily comply with the requirements of Federal statutes and related regulations or the Orders of the EEOC, MSPB and District Court,

12. Order the Defendant to provide Plaintiff with a copy of all records the Defendant returns and restores to the Defendant's appropriate files,

13. Order a finding against Defendant's employees that Defendant employees committed a prohibited personnel practice against the Plaintiff,

14. Order the Defendant to terminate the employment of every Defendant employee involved in taking reprisal acts against the Plaintiff,

15. Order the Defendant to terminate the employment of every Defendant employee instructing other Defendant employees to take reprisal acts against the Plaintiff,

16. Order the Defendant to terminate the employment of every Defendant employee who had the authority to intervene and instruct Defendant's employees to stop taking reprisal acts against the Plaintiff who failed to intervene,

17. Order the permanent garnishment of all Defendant's management and supervisory employees' wages they receive from any and all sources in the amount of two (2) percent per year for every year of their involvement in the reprisal acts they took against the Plaintiff payable to the United States Taxpayers through and for deposit into the United States Treasury,

18. Order the permanent garnishment of all Defendant's non-management and non-supervisory employees' wages they receive from any and all sources in the amount of one (1) percent per year for every year of their involvement in the reprisal acts they took against the Plaintiff payable to the United States taxpayers through and for deposit into the United States Treasury,

19. Order the permanent garnishment of all Defendant's management and supervisory employees' retirement funds they receive from any and all sources in the amount of two (2) percent per year for every year of their involvement in the reprisal acts they took against the Plaintiff payable to the United States taxpayers through and for deposit into the United States Treasury,

20. Order the permanent garnishment of all Defendant's non-management and non-supervisory

employees' retirement funds they receive from any and all sources in the amount of one (1) percent per year for every year of their involvement in the reprisal acts they took against the Plaintiff payable to the United States taxpayers through and for deposit into the United States Treasury,

21. Order the Defendant to make the Plaintiff whole through the total and full restoration of all of the reasonable accommodation[102] the Defendant was providing the Plaintiff prior to November 2004,

22. Order the Defendant to make the Plaintiff whole through the total and full restoration of the December 1998 return-to-work written agreement,

23. Order the Defendant to comply with the terms of the December 1998 return-to-work written agreement,

24. Order the Defendant to make the Plaintiff whole through the total and full restoration of bona fide work assignments,

25. Order the Defendant to make the Plaintiff whole through the total and full restoration of Plaintiff's unrestricted ability to earn and use credit hours on a daily basis as credit hours assist the Plaintiff in the control of his narcolepsy,

26. Order the Defendant to make the Plaintiff whole through the total and full restoration of promotions, back pays, front pay, bonuses, restoration of annual leave and credit hours,

27. Order the Defendant to make the Plaintiff whole through the total and full establishment of a non-hostile work environment,

28. Order the Defendant to immediately cease all reprisal acts against the Plaintiff,

---

[102] as set forth in Plaintiff's request for stipulations.

29. Order the Defendant to implement any new reprisal acts against the Plaintiff,

30. Order the Defendant to reimburse Plaintiff for all attorney fees, costs and consequential damages incurred in any and all of the litigation involving Plaintiff and Defendant,

31. Order the Defendant to "make whole" the Plaintiff and that means all costs, expenses and damages Plaintiff has incurred because of the Defendant's acts will be paid and reimbursed to the Plaintiff in full without reduction,

32. Order the Defendant that to "make whole" the Plaintiff includes the payment of all income taxes owed due to the Plaintiff's reimbursement of attorney fees, costs and consequential expenses and damages,

33. Enjoin Defendant from continuing to maintain records regarding Plaintiff in violation of the Privacy Act;

34. Enjoin Defendant from continuing to engage in further conduct in violation of the Privacy Act,

35. Enjoin Defendant from continuing to maintain records regarding Plaintiff in violation of the Rehabilitation Act,

36. Enjoin Defendant from continuing to engage in further conduct in violation of the Rehabilitation Act,

37. Damages in amount of $1,000 or more to be determined at time of trial for Privacy Act violations pertaining to Defendant's Official Personnel File pertaining to Plaintiff, Plaintiff's military retirement records,

38. Damages in amount of $1,000 or more to be determined at time of trial for Privacy Act violations pertaining to Defendant's Employee Medical Folder pertaining to Plaintiff,

39. Damages in amount of $1,000 or more to be determined at time of trial for Privacy Act

violations pertaining to Plaintiff's requests for reasonable accommodation,

40. Damages in amount of $10,000 or more to be determined at time of trial for Rehabilitation Act refusal to accommodate violations,

41. Damages in amount of $10,000 or more to be determined at time of trial for Rehabilitation Act and EEOC reprisal acts violations,

42. Order the Defendant to pay Plaintiff any other monetary damages the law allows the Court to award,

43. Plaintiff requests any and all other monetary damages the law allows the Court to award,

44. Plaintiff requests any and all other non-monetary damages the law allows the Court to award,

45. Award to Plaintiff such other and further relief as the Court shall deem just and appropriate under the circumstances.

46. Order the Defendant to pay Plaintiff damages to be determined at time of trial but not less than $10,000 to due to Plaintiff's damage to reputation, unfairness and loss of the enjoyment of life,

47. Order Defendant to reimburse Plaintiff for all cost and expenses, including reasonable attorneys fees, incurred in this matter.

48. Order any other relief the Court is authorized to award,

49. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count I of this Complaint, but in no event less than $1,000;

50. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count II of this Complaint, but in no event less than $1,000;

51. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count III of this Complaint, but in no event less than $1,000;

52. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count IV of this Complaint, but in no event less than $1,000;

53. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count V of this Complaint, but in no event less than $1,000;

54. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count VI of this Complaint, but in no event less than $1,000;

55. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count VII of this Complaint, but in no event less than $1,000;

56. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count VIII of this Complaint, but in no event less than $1,000;

57. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count IX of this Complaint, but in no event less than $1,000;

58. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count X of this Complaint, but in no event less than $1,000;

59. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XI of this Complaint, but in no event less than $1,000;

60. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XII of this Complaint, but in no event less than $1,000;

61. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XIII of this Complaint, but in no event less than $1,000;

62. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XIV of this Complaint, but in no event less than $1,000;

63. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XV of this Complaint, but in no event less than $1,000;

64. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XVI of this Complaint, but in no event less than $1,000;

65. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XVII of this Complaint, but in no event less than $1,000;

66. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XVIII of this Complaint, but in no event less than $1,000;

67. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XIV of this Complaint, but in no event less than $1,000;

68. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XX of this Complaint, but in no event less than $1,000;

69. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXI of this Complaint, but in no event less than $1,000;

70. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXII of this Complaint, but in no event less than $1,000;

71. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXIII of this Complaint, but in no event less than $1,000;

72. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXIV of this Complaint, but in no event less than $1,000;

73. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXV of this Complaint, but in no event less than $1,000;

74. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXVI of this Complaint, but in no event less than $1,000;

75. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXVII of this Complaint, but in no event less than $1,000;

76. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXVIII of this Complaint, but in no event less than $1,000;

77. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXIX of this Complaint, but in no event less than $1,000; and

78. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result of Defendant's violation of the law set forth in Count XXX of this Complaint, but in no event less than $1,000.

**The Notarized Declaration and Verification statements and signatures are on the next page.**

Page 177 of 180

SUBSCRIBE AND SWORN TO:

Respectfully submitted,

Dec. 20, 2007
_____
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

<u>JURY DEMAND</u>

Plaintiff demands trial by jury as to all issues triable by jury.

_____
John Gard     12/20/2007

**DECLARATION.**

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

12/20/2007
_____
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

The Notarization for the Declaration and Verification statements are on the next page.

Page 178 of 180

## VERIFICATION

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, appellant in this Board appeal, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

12/20/2007
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

STATE OF MARYLAND          )
                           ) ss.
COUNTY OF HOWARD           )

Subscribed and sworn to before me on this 20TH day of December, 2007.

Witness my hand and official seal.

My commission expires: Sept 14 2007

Notary Public

ERIC T. BROOKS, JR.
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires 09/14/2009

File ref:    2007-12-20 final 01 Fed Complaint EEO 5.wpd

Page 179 of 180

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2007, a true and correct copy of the above and foregoing document entitled "Notarized Complaint" including the exhibits as specified therein was filed with and set to the offices and individuals as specified below by FedEx:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Attorney General of the United States
950 Independence Ave., NW
Washington, D.C. 20530

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Margaret Spelling, Secretary
United States Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202

William Haubert
Office of the General Counsel
United States Department of Education
400 Maryland Avenue, S.W., Room 6C106
Washington, D.C. 20202

12/20/2007
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244          (W) 202-377-3830

File ref: 2007-12-20 final 01 Fed Complaint EEO 5.wpd

Page 180 of 180

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

H of 2303
RMC

**I (a) PLAINTIFFS**

JOHN GARD,
5045 Rushlight Path
Columbia, Maryland 21004-1295,

**DEFENDANTS**

UNITED STATES DEPARTMENT OF EDUCATION, Defendant
and
MARGARET SPELLING, SECRETARY, UNITED STATES DEPARTMENT OF EDUCATION
400 Maryland Avenue, S.W. . Washington, D.C. 20202, Defendant.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    Howard
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

John Gard, Plaintiff, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244 (W) 202-377-3830

ATT

Case: 1:07-cv-02303
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/21/2007
Description: Employ Discrim.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊗ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊗ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**      **OR**      **⊗ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

5 UCC 8 552a

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Privacy Act, destruction of agency records. EEO and Rehabilitation Act of 1973, as amended. Handicap discrimination, refusal to accommodate.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,000 + ☐ Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.
Maybe

DATE 12/21/2007    SIGNATURE OF ATTORNEY OF RECORD  John F. Gard

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **JACK GARD** | |
| Plaintiff(s), | |
| vs. | **Civil Action No.  07-2303(RMC)** |
| **UNITED STATES DEPARTMENT OF EDUCATION, et al.** | |
| Defendant(s). | |

## NOTICE REGARDING BULKY EXHIBITS

Pursuant to the procedures for filing bulky pleadings, bulky exhibits have been filed in paper in this case.  The exhibits are available at the Clerk's Office for public viewing  and copying between the  hours of 9:00 a.m. and  4:00 p.m., Monday through Friday.


**NANCY MAYER-WHITTINGTON**

Clerk