UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>  5045 Rushlight Path<br>  Columbia, Maryland 21004-1295,<br><br>        Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>        Defendant<br>  and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>  OF EDUCATION<br>  400 Maryland Avenue, S.W.<br>  Washington, D.C. 20202<br><br>        Defendant. | Civil Action No.  __1:07-cv-02303__ |

**MOTION to COMPEL and MOTION for SANCTIONS**

**due to Defendant's Reprisal Processing Act pertaining to**

**Defendant's REFUSAL TO ANSWER Plaintiff's first HD complaint's discovery requests**

Plaintiff's filing of this Motion to Compel and Motion for Sanctions is due to the Defendant's Reprisal Processing Act(s) (Def. RPA or Def. RPAs), which commenced with the Defendant's August 2006 Request to Discuss Settlement and has continued since the June 2007 failure of settlement negotiations and henceforth[1] through the Defendant's REFUSAL to ANSWER Plaintiff's first Handicap Discrimination (HD) complaint's timely served Request for Admissions,

---

[1] At least as of the filing date of this Complaint, i.e., December 21, 2007.

Page 1 of 10

RECEIVED
JAN 2 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Interrogatories, Production of Documents, and Stipulations (hereafter Plaintiff's first HD complaint's discovery requests).[2]

1. The Defendant's September 20, 2007, decision to dismiss Plaintiff's third Handicap Discrimination (HD) and reprisal complaint (Plaintiff's third HD and reprisal complaint) is the basis for, and provides Plaintiff the jurisdictional authority necessary to file, Plaintiff's first District Court (DC) HD complaint (Plaintiff's first DC HD complaint) in this District Court.

2. The District Court's adjudication of the Defendant's Refusal to Answer Plaintiff's first HD complaint's discovery requests is within the District Court's jurisdictional scope and authority as the Def. RPAs allegations summarized in this Motion to Compel and Motion for Sanctions were taken by the Defendant during the Defendant's processing of Plaintiff's third HD and reprisal complaint.

3. Plaintiff's Motion to Compel and Motion for Sanctions is filed because Plaintiff needs the Defendant's answer to Plaintiff's first HD complaint's discovery requests at this time and not months or years from now.

4. The District Court is adjudicating in this Motion to Compel and Motion for Sanctions the Defendant's **REFUSAL TO ANSWER** Plaintiff's first HD complaint discovery requests, since the June 2007 failure of settlement negotiations and as of the December 21, 2007 filing date of this Complaint, which, in August 2006, the Defendant agreed to answer if settlement negotiations failed, which did fail in June 2007. The District Court is NOT adjudicating in these

---

[2] Plaintiff's Requests for Interrogatories, Admissions and Stipulations and Production of Documents are based on and supported by 435-plus exhibits, which were submitted to the Defendant with Plaintiff's discovery requests. This is why the Defendant has refused to answer Plaintiff's discovery requests as the Defendant would have to either admit or commit perjury if answered. Said exhibits fill one standard-size storage box.

Motions the validity of Plaintiff's first HD complaint discovery requests as the Defendant agreed to answer Plaintiff's first HD complaint discovery requests if settlement negotiations failed.

5. The Court has the jurisdictional authority to adjudicate in these Motions Plaintiff's allegation that the Defendant **HAS REFUSED TO ANSWER**[3] Plaintiff's first HD complaint's discovery requests since the June 2007 failure of settlement negotiations, which, in August 2006, the Defendant agreed to answer if settlement negotiations failed, as:

   A. reprisal acts occurring during the processing of an active discrimination complaint can be included and adjudicated in the active complaint per EEOC regulations;

   B. this is Plaintiff's only HD and reprisal complaint that is active solely due to the Def. RPAs allegations set forth in the Complaint and this Motion to Compel and Motion for Sanctions, which Motions pertain to the Defendant's **REFUSAL TO FORWARD**[4], as required by the Equal Employment Opportunity Commission (EEOC) regulations, to the EEOC: a) the Defendant's Report of Investigation for Plaintiff's first HD complaint, i.e., Def. ED-2005-28-00, and b) the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, since Plaintiff's July 2007 timely re-filing of said complaints; and

   C. the Defendant will object to the adjudication of the Def. RPAs in Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint even if said complaints were active, which they are not solely due to the Def. RPA of **REFUSING TO FORWARD,**

---

[3] As of the filing date of this Complaint, i.e., December 21, 2007.

[4] As of the filing date of this Complaint, i.e., December 21, 2007.

due to the time period of said Def. RPAs since said Def. RPAs were taken by the Defendant during the processing of Plaintiff's third HD and reprisal complaint, which is the basis for this Complaint.

6. The Complaint paragraphs and allegations pertaining to the Defendant's Refusal to Answer Plaintiff's first HD complaint's discovery requests are hereby incorporated as fully as if set forth and rewritten herein, i.e., Complaint's Paragraph 6X, @ p. 10, which is further identified and explained throughout the Complaint's Paragraphs # 10, @ pp. 18 - 23, and Section VI, @ pp. 31 - 47.

7. Plaintiff's first HD complaint discovery requests were timely served on the Defendant in July 2006.

8. Prior to the Defendant's August 2006 request to discuss settlement, the Defendant was legally required to answer Plaintiff's HD complaint's discovery requests.

9. In August 2006, the Defendant requested to discuss settlement.

10. In August 2006, Defendant **AGREED to ANSWER** Plaintiff's first HD complaint's discovery requests if settlement negotiations failed in order to **entice** the Plaintiff into agreeing to accept the Defendant's August 2006 request to discuss settlement as the Plaintiff would NOT agree to accept and did NOT accept the Defendant's August 2006 request to discuss settlement until after the Defendant had agreed to answer Plaintiff's first HD complaint's discovery requests if settlement negotiations failed.

11. Plaintiff agreed to participate in the Defendant's August 2006 request to discuss settlement because the Defendant had agreed to **ANSWER** Plaintiff's first HD complaint's discovery requests upon the failure of settlement negotiations.

12. Settlement negotiations failed on or about June 28, 2007.

13. Plaintiff did NOT agree to relinquish and did NOT relinquish Plaintiff's right to have the Defendant promptly answer Plaintiff's timely served first HD complaint discovery requests when Plaintiff agreed to accept the Defendant's August 2006 request to discuss settlement.

14. Defendant **HAS NOT ANSWERED** Plaintiff's first HD complaint discovery requests from the June 2007 failure of settlement negotiations and thenceforth, e.g., through December 21, 2007, the filing date of Plaintiff's complaint.

15. The Defendant's August 2006 request to discuss settlement was made to **STOP** the EEOC's adjudication of Plaintiff's first HD complaint discovery requests and thereby **DENY** Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights as the Defendant was legally required to answer Plaintiff's first HD complaint discovery requests; the Defendant's answer was due approximately on or a few days after August 1, 2006; and Plaintiff's time-period for filing a Motion to Compel the Defendant to Answer Plaintiff's first HD complaint discovery requests **HAD NOT EXPIRED** when the Defendant made the Defendant's August 2006 request to discuss settlement.

16. Defendant's August 2006 request to discuss settlement was made to **PREVENT** the Plaintiff from filing in August 2006 a Motion to Compel the Defendant to Answer Plaintiff's first HD complaint discovery requests.

17. The Defendant has refused to comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights through the Defendant's refusal to take an official act said Constitution and statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to

comply with the law and answer Plaintiff's first HD complaint discovery requests from the June 2007 failure of settlement negotiations through the date of this Complaint, would[5] violate Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights.

18. The Court should sanction the Defendant for the Defendant's August 2006 request to discuss settlement and agreement to answer Plaintiff's timely served first HD complaint discovery requests if settlement negotiations failed when the Defendant's real reason and purpose for the Defendant's August 2006 request to discuss settlement and agreement to answer Plaintiff's first HD complaint discovery requests was 1) to "obstruct justice," 2) not answer Plaintiff's timely served first HD complaint discovery requests, 3) prolong all litigation pending between the Plaintiff and Defendant, and 4) deny and violate Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights.

19. The Court should sanction the Defendant for the Defendant's failure/refusal to promptly answer, upon the June 2007 failure of settlement negotiations and thenceforth, Plaintiff's first HD complaint discovery requests.

20. The Court should sanction the Defendant by requiring the Defendant to answer within three (3) days of the Court's order Plaintiff's first HD complaint discovery requests and produce the requested documents as settlement negotiations failed in June 2007 and the Defendant's answer to Plaintiff's HD complaint discovery requests is approximately six (6) months past due from the June 2007 due date of the failed settlement negotiations and seventeen (17) months past due from the original August 2006 due date for answering.

---

[5] Which is why Federal statutes and regulations requires this "official act" to be taken.

21. The Court should further sanction the Defendant by ordering the Defendant to reimburse Plaintiff[6], within three (3) days of the Plaintiff's submission, the full amount of attorney fees, costs and consequential damages Plaintiff incurred due to the Defendant's sham August 2006 request to discuss settlement.

22. If the Defendant does not comply[7] with the District Court's Sanction Order to answer within three (3) days of the Court's Order date Plaintiff's first HD complaint discovery requests and produce the requested documents then the Court should further sanction the Defendant by Ordering that:

   A. All of the Requests for Admissions and Stipulations are DEEMED ADMITTED and BINDING on the Defendant in all judicial and administrative proceedings,

   B. All of the Requests for Interrogatories are DEEMED "something"[8], and

   C. The Defendant must produce the requested documents especially the Defendant's Executive File, which pertains to the Plaintiff; however, by now Plaintiff expects the Defendant has:

   (1). moved the contents of the Defendant's Executive File to another file,

   (2). renamed the Defendant's Executive File, i.e., this Defendant uses "code names" to circumvent the Privacy Act, Federal Records Act, and OPM statutory legal record-

---

[6] Without objection because the Defendant will deny the validity and reasonableness of every attorney fee, cost and consequential damage Plaintiff has incurred.

[7] Plaintiff's Requests for Interrogatories, Admissions and Stipulations are based on and supported by 435-plus exhibits, which were submitted to the Defendant with Plaintiff's first HD complaint discovery requests, which is why the Defendant has NOT answered Plaintiff's Requests for Admissions and Stipulations. The Defendant has chosen to not admit and thereby commit perjury by not answering Plaintiff's discovery requests.

[8] Plaintiff defers to the Court as to how the Court will sanction a Defendant for refusing to answer timely served interrogatories.

       keeping requirements and regulations, and

       (3). destroyed the Defendant's Executive File, which Pertains to this complaint.

23. Plaintiff requests the opportunity to reply to the Defendant's response if the Defendant's response states that the Defendant has answered or is not required to answer Plaintiff's first HD complaint's discovery requests as the Defendant has not answered and is required to answer and only an idiot[9] would agree to give up timely-served discovery requests to discuss settlement.

24. Plaintiff requests a hearing if the Court is going to deny Plaintiff's motions due to the extreme importance and significance[10] of having the Defendant answer Plaintiff's first HD complaint's discovery requests.

WHEREFORE, Plaintiff prays the District Court grant Plaintiff's Motion to Compel and Motion to Sanction the Defendant for the Defendant's willful failure to comply with the law as the District Court has the jurisdictional authority in this motion to adjudicate: 1) the Defendant's refusal to answer Plaintiff's timely served first HD complaint's discovery requests, 2) sanction the Defendant, and 3) award Plaintiff injunctive relief, monetary damages, declaratory relief, and all reasonable attorney fees, costs and consequential damages since the Defendant's August 2006 request to discuss settlement was made: 1) to not answer Plaintiff's first HD complaint discovery requests, and 2) deny Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights, which Plaintiff did not relinquish and did not agree to relinquish when he agreed to the Defendant's August 2006 request to discuss settlement.

---

[9] And the Complaint's allegations makes it obvious that this Plaintiff is no idiot.

[10] The Court's granting of Plaintiff's motion could bring a fast, possibly immediate, end to nine (9) years of litigation and Defendant reprisal acts, and maybe resolve all litigation.

SUBSCRIBE AND SWORN TO:

                              Respectfully submitted,



_Dec. 31, 2007_       _John Gard_
Date
                        John Gard, Pro se
                        5045 Rush Light Path
                        Columbia, MD 21044-1295
                          (H) 410-715-0244    (W) 202-377-3830

## **VERIFICATION**

    The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff, pro se, in this Court complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

_12/31/2007_       _John Gard_
Date
                        John Gard, Pro se
                        5045 Rush Light Path
                        Columbia, MD 21044-1295
                          (H) 410-715-0244    (W) 202-377-3830

STATE OF MARYLAND    )
                                     ) ss.
COUNTY OF HOWARD    )

    Subscribed and sworn to before me on this _31ST_ day of _DECEMBER_, 2007.

    Witness my hand and official seal.

                                      GAIL P. WARD
                            NOTARY PUBLIC STATE OF MARYLAND
                            My Commission Expires June 1, 2011
    My commission expires: _____

                          _Gail P. Ward_
                          Notary Public

File ref:    2007-12-31 Sanction Def - No EEO Discovery Answer.wpd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2007, a true and correct copy of the above and foregoing document entitled "Motion to Compel and Motion for Sanctions ... Discovery Requests" was filed with and sent to the offices and individuals as specified below by FedEx:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

William Haubert
Office of the General Counsel
United States Department of Education
400 Maryland Avenue, S.W., Room 6C106
Washington, D.C. 20202

_12/31/2007_
/Date/

_John Gard_, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244    (W) 202-377-3830

File ref: 2007-12-31 Sanction Def - No EEO Discovery Answer.wpd

UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>  5045 Rushlight Path<br>  Columbia, Maryland 21004-1295,<br><br>             Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>             Defendant<br>  and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>  OF EDUCATION<br>  400 Maryland Avenue, S.W.<br>  Washington, D.C. 20202<br><br>             Defendant. | Civil Action No. __1:07-cv-02303__ |

**ORDER**
**REFUSAL to ANSWER**

Upon consideration of Plaintiff's Motion to Compel and Motion for Sanctions due to the Defendant's REFUSAL to ANSWER since the June 2007 failure of settlement negotiations and through December 21, 2007, Plaintiff's first Handicap Discrimination (HD) complaint's timely served Request for Admissions, Interrogatories, Production of Documents, and Stipulations, it is hereby ORDERED that the motion is GRANTED, for the reasons stated in said Motion, and it is

FURTHER ORDERED, that the Defendant will answer and not object to, as the Defendant gave up the Defendant's right to object to, Plaintiff's timely served Request for Admissions, and it is

FURTHER ORDERED, that the Defendant will answer and not object to, as the Defendant gave up the Defendant's right to object to, Plaintiff's timely served Request for Interrogatories, and it is

FURTHER ORDERED, that the Defendant will answer and not object to, as the Defendant gave up the Defendant's right to object to, Plaintiff's timely served Request for Production of Documents, and it is

FURTHER ORDERED, that the Defendant will answer and not object to, as the Defendant gave up the Defendant's right to object to, Plaintiff's timely served Request for Stipulations, and it is

FURTHER ORDERED, that the Defendant will henceforth comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights, and it is

FURTHER ORDERED, that the Defendant will not again fail and/or refuse to take an official act and/or acts said Constitution and statutes and regulations require the Defendant to take, which official act and/or acts the Defendant is required to take to comply with the law, and it is

FURTHER ORDERED, that the Defendant will file a notarized statement signed in blue ink with raised seal with the Court after the Plaintiff has received Defendant's answer to Plaintiff's discovery requests, which states the date the Defendant answered Plaintiff's first HD complaint's discovery requests and certifies that the Defendant did in fact truthfully answer Plaintiff's discovery requests by admitting those allegations, admissions and stipulations the Fed.R.Civ.P. requires to be admitted and producing all documents the Fed.R.Civ.P. requires to be produced and complied with this Court's Order and the Plaintiff will have ten (10) days after receipt of the Defendant's notarized

statement to file an objection with this Court, and it is

FURTHER ORDERED, that the Defendant will reimburse Plaintiff, at this time, the attorney fees, costs and consequential damages Plaintiff incurred due to the Defendant's August 2006 request to discuss settlement and refusal to answer to Plaintiff's discovery requests, and it is

FURTHER ORDERED, that this Court retains the jurisdiction and authority to Order further sanctions and relief against the Defendant to obtain the Defendant's compliance with the law and Court's Orders, if needed.

SO ORDERED.


_____            _____
Date                                Rosemary M. Collyer
                                    United States District Court Judge
                                    for the District of Columbia




File ref:    2007-12-31 Sanction Order - Def No EEO Answer.wpd

## CERTIFICATE OF SERVICE

     For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER within five (5) calendar days after the date it was sent via First Class Mail to the parties identified below. I certify that on

_____, _____, 2008, the foregoing Order was sent via First Class Mail to the following:


John Gard
5045 Rushlight Path
Columbia, MD 21044

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

William Haubert
Office of the General Counsel
United States Department of Education
400 Maryland Avenue, S.W., Room 6C106
Washington, D.C. 20202




                                                                                             _____

File ref:       2007-12-31 Sanction Order - Def No EEO Answer.wpd