Case 1:07-cv-02303-RMC   Document 3   Filed 01/02/2008   Page 1 of 16

UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>5045 Rushlight Path<br>Columbia, Maryland 21004-1295,<br><br>                    Plaintiff<br><br>      v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>                    Defendant<br>      and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>      OF EDUCATION<br>  400 Maryland Avenue, S.W.<br>  Washington, D.C. 20202<br><br>                    Defendant. | Civil Action No. __1:07-cv-02303__ _RMC_ |

**MOTION to COMPEL and MOTION for SANCTIONS**

**due to Defendant's Reprisal Processing Act pertaining to**

**Defendant's REFUSAL TO FORWARD[1] the Defendant's Report[2] of Investigation**

**for Plaintiff's first HD, and Plaintiff's second HD and reprisal complaints to the EEOC**

Plaintiff's filing of this Motion to Compel and Motion for Sanctions is due to the Defendant's

Reprisal Processing Act(s) (Def. RPA or Def. RPAs), which commenced with the Defendant's

August 2006 Request to Discuss Settlement and has continued since the June 2007 failure of

---

[1] As of the filing date of this Complaint, i.e., December 21, 2007.

[2] There is a separate and distinct Report of Investigation for each complaint.



Page 1 of 12

RECEIVED
JAN 2 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

settlement negotiations and henceforth[3] through the Defendant's **REFUSAL TO FORWARD**[4], as required by the Equal Employment Opportunity Commission (EEOC) regulations[5], the Defendant's Report of Investigation for: a) Plaintiff's first Handicap Discrimination (HD) complaint, i.e., Def. ED-2005-28-00, and b) Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, to the EEOC since Plaintiff's July 2007 timely re-filing of said complaints.

1. The Defendant's September 20, 2007, decision to dismiss Plaintiff's third Handicap Discrimination (HD) and reprisal complaint (Plaintiff's third HD and reprisal complaint) is the basis for, and provides Plaintiff the jurisdictional authority required to file, Plaintiff's first District Court (DC) HD complaint (Plaintiff's first DC HD complaint) in this District Court.

2. The District Court's adjudication of the Defendant's Refusal to Forward the Defendant's Report of Investigation for: a) Plaintiff's first Handicap Discrimination (HD) complaint, and b) Plaintiff's second HD and reprisal complaint, to the EEOC is within the District Court's jurisdictional scope and authority as the Def. RPAs allegations summarized in this Motion to Compel and Motion for Sanctions were taken by the Defendant during the Defendant's processing of Plaintiff's third HD and reprisal complaint.

3. Plaintiff's Motion to Compel and Motion for Sanctions is filed because Plaintiff needs the Defendant's Report of Investigation for: a) Plaintiff's first Handicap Discrimination (HD)

---

[3] At least, as of the filing date of this Complaint, i.e., December 21, 2007.

[4] As of the filing date of this Complaint, i.e., December 21, 2007.

[5] The EEOC regulations mandate/require the Defendant to forward to the EEOC the Defendant's Report of Investigation applicable to the filed complaint within approximately fifteen days of the Defendant's receipt of the EEOC's Order. The EEOC will not accept a Defendant's Report of Investigation that is forwarded/submitted to the EEOC by the Complainant/Plaintiff.

complaint, and b) Plaintiff's second HD and reprisal complaint, FORWARDED to the EEOC at this time, i.e., within three (3) days of the Court's Order date, so said complaints can be adjudicated by the EEOC otherwise Plaintiff will be forced to file two (2) additional EEOC handicap discrimination and reprisal complaints in the United States District Court for the District of Columbia to obtain adjudication and justice. There are two (2) Defendant Reports of Investigation as the Defendant is required by EEOC regulations to forward to the EEOC a distinct and separate Report of Investigation for each complaint.

4. The District Court is adjudicating in this Motion to Compel and Motion for Sanctions the Defendant's **REFUSAL TO FORWARD**[6] the Defendant's Report of Investigation for: a) Plaintiff's first HD complaint, and b) Plaintiff's second HD and reprisal complaint, to the EEOC since Plaintiff's July 2007 timely re-filing of said complaints, which the Defendant is required to forward to the EEOC per EEOC regulations, and which, in August 2006, the Defendant agreed to forward to the EEOC if settlement negotiations failed, which did fail in June 2007. The District Court is NOT adjudicating in these Motions the completeness, fairness or validity of the Defendant's Reports[7] of Investigation as the Defendant agreed to forward the Defendant's Report of Investigation for each said complaint to the EEOC if settlement negotiations failed.

5. The Court has the jurisdictional authority to adjudicate in these Motions Plaintiff's allegation that the Defendant **HAS REFUSED TO FORWARD**[8] the Defendant's Reports[9] of

---

[6] As of the filing date of this Complaint, i.e., December 21, 2007.

[7] There is a separate and distinct Report of Investigation for each complaint.

[8] As of the filing date of this Complaint, i.e., December 21, 2007.

[9] There is a separate and distinct Report of Investigation for each complaint.

Investigation to the EEOC since the June 2007 failure of settlement negotiations, which, in August 2006, the Defendant agreed to forward to the EEOC if settlement negotiations failed, as:

A. reprisal acts occurring during the processing of an active discrimination complaint can be included and adjudicated in the active complaint per EEOC regulations;

B. this District Court EEO handicap discrimination and reprisal complaint Plaintiff filed is the only complaint that is currently active solely due to the Def. RPAs as explained in the Complaint and this Motion to Compel and Motion for Sanctions, which Motions pertain to the Defendant's **REFUSAL TO FORWARD**[10], as required by the EEOC regulations, to the EEOC: a) the Defendant's Report of Investigation for Plaintiff's first HD complaint, and b) the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint, since Plaintiff's July 2007 timely re-filing of said complaints; and

C. the Defendant will object to the adjudication of the Def. RPAs in Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint even if said complaints were active, which they are not solely due to the Def. RPA of **REFUSING TO FORWARD**, due to the time period of said Def. RPAs since said Def. RPAs were taken by the Defendant during the processing of Plaintiff's third HD and reprisal complaint, which is the basis for this Complaint.

6. The Complaint paragraphs and allegations pertaining to the Defendant's Refusal to Forward the Defendant's Reports[11] of Investigation to the EEOC are hereby incorporated as fully as if

---

[10] As of the filing date of this Complaint, i.e., December 21, 2007.

[11] There is a separate and distinct Report of Investigation for each complaint.

set forth and rewritten herein, i.e., Complaint's Paragraph 6Y, @ p. 11, which is further identified and explained throughout the Complaint's Paragraphs # 10, @ pp. 18 - 23, and Section VI, @ pp. 31 - 47.

7. Prior to the Defendant's August 2006 request to discuss settlement, the Defendant was legally required to **FORWARD** the Defendant's Report of Investigation for each complaint to the EEOC.

8. The Defendant **FORWARDED** the Defendant's Report of Investigation for Plaintiff's first HD complaint to the EEOC prior to the Defendant's August 2006 request to discuss settlement.

9. In August 2006, the Defendant requested to discuss settlement.

10. In August 2006, Defendant **AGREED to FORWARD** the Defendant's Report of Investigation for Plaintiff's first HD complaint, and Plaintiff's second HD and reprisal complaint, to the EEOC if settlement negotiations failed in order to **entice** the Plaintiff into agreeing to accept the Defendant's August 2006 request to discuss settlement as the Plaintiff would NOT agree to accept and did NOT accept the Defendant's August 2006 request to discuss settlement until after the Defendant had agreed to forward the Defendant's Report of Investigation for each complaint to the EEOC if settlement negotiations failed.

11. Plaintiff agreed to participate in the Defendant's August 2006 request to discuss settlement because the Defendant had agreed to **FORWARD** the Defendant's Report of Investigation for each complaint to the EEOC upon the failure of settlement negotiations.

12. Settlement negotiations failed on or about June 28, 2007.

13. Plaintiff did NOT agree to relinquish and did NOT relinquish Plaintiff's right to have the Defendant promptly forward the Defendant's Report of Investigation for each complaint to the

EEOC when Plaintiff agreed to accept the Defendant's August 2006 request to discuss settlement.

14. Plaintiff's agreement to participate in the Defendant's August 2006 request to discuss settlement **REQUIRED** the Defendant to **FORWARD** the Defendant's Report of Investigation for each complaint to the EEOC: 1) upon the failure of settlement negotiations, which failed on or about June 28, 2007, and 2) upon the timely re-filing of Plaintiff's Request for Hearing for Plaintiff's first HD complaint, and Plaintiff's second HD and reprisal complaint, which requests were timely re-filed.

15. The Defendant **HAS NOT FORWARDED** the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC as required by EEOC regulations from the date Plaintiff's requests for hearing were timely-re-filed with the EEOC and through the December 21, 2007, filing date of this complaint.

16. The EEOC has NOT forwarded Plaintiff's first HD complaint's **Re-Filed** Request for Hearing to an EEOC Administrative Judge for adjudication since the timely re-filing of Plaintiff's request for hearing and thenceforth because the EEOC **HAS NOT RECEIVED FROM** the Defendant, the Defendant's Report of Investigation for Plaintiff's first HD complaint.

17. The EEOC has NOT forwarded Plaintiff's second HD and reprisal complaint's **Re-Filed** Request for Hearing to an EEOC Administrative Judge for adjudication since the timely re-filing of Plaintiff's request for hearing and thenceforth because the EEOC **HAS NOT RECEIVED FROM** the Defendant, the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint.

18. The EEOC will NOT forward a complainant's[12] Request for Hearing to an EEOC Administrative Judge for adjudication until the EEOC has received from the Federal agency[13], the Federal agency's Report of Investigation, which pertains to the complainant's Request for Hearing.

19. The Defendant's August 2006 request to discuss settlement was made to **STOP** the EEOC's adjudication of Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint and thereby **DENY** Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights as the Defendant was and is legally required to forward the Defendant's Report of Investigation for each complaint to the EEOC within approximately fifteen (15) days of the Defendant's receipt of the EEOC's order; the Defendant was required to forward the Defendant's Report of Investigation for each complaint to the EEOC approximately on or before August 31, 2007; and the Defendant has intentionally refused to forward the Defendant's Report of Investigation for each complaint to the EEOC since Plaintiff's July 2007 timely re-filing of said complaints.

20. Defendant's August 2006 request to discuss settlement was made to **PREVENT** the EEOC from adjudicating Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint.

21. The Defendant has refused to comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights through the Defendant's refusal

---

[12] For this District Court Complaint, that would be the Plaintiff. Complainant in the EEOC and Plaintiff in the District Court.

[13] For this District Court Complaint, that would be the Defendant. Agency in the EEOC and Defendant in the District Court.

to take an official act said Constitution and statutes and regulations required the Defendant to take, which official act the Defendant refused to take knowing that Defendant's refusal to comply with the law and forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC would[14] violate Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, hearing, and adjudication rights.

22. The Court should sanction the Defendant for the Defendant's August 2006 request to discuss settlement and agreement to forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC if settlement negotiations failed when the Defendant's real reason and purpose for the Defendant's August 2006 request to discuss settlement and agreement to answer Plaintiff's first HD complaint discovery requests was 1) to "obstruct justice," 2) not forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC, 3) prolong all litigation pending between the Plaintiff and Defendant, and 4) deny and violate Plaintiff's Constitutional due process, discovery, hearing, and adjudication rights.

23. The Court should sanction the Defendant for the Defendant's failure/refusal to promptly forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC since Plaintiff's July 2007 timely re-filing of said complaints and henceforth.

24. The Court should sanction the Defendant by requiring the Defendant to forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal

---

[14] Which is why Federal statutes and regulations requires this "official act" to be taken.

complaint to the EEOC within three (3) days[15] of the Court's order as settlement negotiations failed in June 2007 and Plaintiff timely re-filed said complaints in July 2007, and the Defendant is approximately six (6) months past the EEOC's due date for forwarding the Defendant's Report of Investigation for each complaint to the EEOC.

25. The Court should further sanction the Defendant by ordering the Defendant to reimburse Plaintiff[16], within three (3) days of the Plaintiff's submission, the full amount of attorney fees, costs and consequential damages Plaintiff incurred due to the Defendant's sham August 2006 request to discuss settlement.

26. If the Defendant does not comply[17] with the District Court's Sanction Order to forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC within three (3) days of the Court's Order date then the Court should further sanction the Defendant by whatever means the Court deems appropriate since a federal agency's compliance with the law and the Orders of a Court is based on voluntary compliance and Defendant's officials believe they are above the law, do not have to comply with the law, and have been allowed to violate the law and court orders because they are federal government officials and therefore are "allegedly" beyond the scope and reach of the court and can't be punished for their illegal act(s) and refusal to comply with the law.

---

[15] The MSPB Administrative Judge now orders the date and time a submission must be received by the Plaintiff to be timely due to Defendant's reprisal acts.

[16] Without objection because the Defendant will deny the validity and reasonableness of every attorney fee, cost and consequential damage Plaintiff has incurred.

[17] Defendant's actions and compliance with EEOC and MSPB regulations indicates the Defendant will not comply with the District Court's order.

27. Plaintiff requests the opportunity to reply to the Defendant's response if the Defendant states in their response that the Defendant has forwarded or timely forwarded, etc., the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC as the EEOC states the EEOC has not received from the Defendant the Defendant's Report of Investigation for each said complaint.

28. Plaintiff requests a hearing if the Court is going to deny Plaintiff's motion due to the extreme importance and significance[18] of Plaintiff's Motion to Compel and Motion for Sanctions.

WHEREFORE, Plaintiff prays the District Court grant Plaintiff's Motion to Compel and Motion to Sanction the Defendant for the Defendant's willful failure to comply with the law as the District Court has the jurisdictional authority in this motion to adjudicate: 1) the Defendant's refusal to forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC, 2) sanction the Defendant, and 3) award Plaintiff injunctive relief, monetary damages, declaratory relief, and all reasonable attorney fees, costs and consequential damages since the Defendant's August 2006 request to discuss settlement was made: 1) to not forward the Defendant's Report of Investigation for Plaintiff's first HD complaint and Plaintiff's second HD and reprisal complaint to the EEOC, and 2) deny Plaintiff his Constitutional due process, discovery, hearing, and adjudication rights, which Plaintiff did not relinquish and did not agree to relinquish when he agreed to the Defendant's August 2006 request to discuss settlement.

**The Notarized Verification statement and signature is on the following page.**

---

[18] The Court's granting of Plaintiff's motion could bring a fast, possibly immediate, end to nine (9) years of litigation and Defendant reprisal acts, and maybe resolve all litigation.

SUBSCRIBE AND SWORN TO:

Respectfully submitted,

_Dec. 31, 2007_
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

## VERIFICATION

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff, pro se, in this Court complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

_12/31/2007_
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

STATE OF MARYLAND    )
                     ) ss.
COUNTY OF HOWARD     )

Subscribed and sworn to before me on this _31st_ day of _DECEMBER_, 2007.

Witness my hand and official seal.

GAIL P. WARD
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires June 1, 2011

My commission expires: _____

_Gail P Ward_
Notary Public

File ref:    2007-12-31 Sanction Def - No Forward ROI.wpd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2007, a true and correct copy of the above and foregoing document entitled "Motion to Compel and Motion for Sanctions ... Refusal to Forward ..." was filed with and sent to the offices and individuals as specified below by FedEx:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

William Haubert
Office of the General Counsel
United States Department of Education
400 Maryland Avenue, S.W., Room 6C106
Washington, D.C. 20202

12/31/2007
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

File ref: 2007-12-31 Sanction Def - No Forward ROI.wpd

UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>5045 Rushlight Path<br>Columbia, Maryland 21004-1295,<br><br>           Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>           Defendant<br>and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>  OF EDUCATION<br>  400 Maryland Avenue, S.W.<br>  Washington, D.C. 20202<br><br>           Defendant. | Civil Action No. __1:07-cv-02303__ |

## ORDER
## REFUSAL to FORWARD

Upon consideration of Plaintiff's Motion to Compel and Motion for Sanctions due to the Defendant's Reprisal Processing Act(s) which commenced in August 2006 with the Defendant's August 2006 Request to Discuss Settlement and has continued henceforth through the Defendant's **REFUSAL TO FORWARD,** as required by the Equal Employment Opportunity Commission (EEOC) regulations[1], the Defendant's Report of Investigation for: a) Plaintiff's first Handicap

---

[1] The EEOC regulations mandate/require the Defendant to forward to the EEOC the Defendant's Report of Investigation applicable to the filed complaint within approximately fifteen days of the Defendant's receipt of the EEOC's Order. The EEOC will not accept a Defendant's Report of Investigation that is forwarded/submitted to the EEOC by the Complainant/Plaintiff.

Discrimination (HD) complaint, i.e., Def. ED-2005-28-00, and b) Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, to the EEOC since Plaintiff's July 2007 timely re-filing of said complaints and through December 21, 2007, and henceforth, it is hereby ORDERED that the motion is GRANTED, for the reasons stated in said Motion, and it is

FURTHER ORDERED, that the Defendant will forward the Defendant's Report of Investigation for Plaintiff's first Handicap Discrimination (HD) complaint, i.e., Def. ED-2005-28-00, to the EEOC within three (3) days of the Court's Order date, and it is

FURTHER ORDERED, that the Defendant will forward the Defendant's Report of Investigation for Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, to the EEOC within three (3) days of the Court's Order date, and it is

FURTHER ORDERED, that the Defendant will forward a separate and distinct Report of Investigation for each complaint to the EEOC, and it is

FURTHER ORDERED, that the Defendant will henceforth comply with Plaintiff's Rehabilitation Act, EEOC regulations, and Constitutional due process, discovery, and adjudication rights, and it is

FURTHER ORDERED, that the Defendant will not again fail and/or refuse to take an official act and/or acts said Constitution and statutes and regulations require the Defendant to take, which official act and/or acts the Defendant is required to take to comply with the law, and it is

FURTHER ORDERED, that the Defendant will file a notarized statement signed in blue ink with raised seal with the Court after the Plaintiff has received notification from the EEOC that the Defendant forwarded a separate and distinct Report of Investigation for each complaint to the EEOC, which states the date the Defendant forwarded a separate and distinct Report of Investigation for

each complaint to the EEOC and certifies that the Defendant did in fact forward a separate and distinct Report of Investigation for each complaint to the EEOC and complied with this Court's Order and the Plaintiff will have ten (10) days after receipt of the Defendant's notarized statement to file an objection with this Court, and it is

FURTHER ORDERED, that the Defendant will reimburse Plaintiff, at this time, the attorney fees, costs and consequential damages Plaintiff incurred due to the Defendant's August 2006 request to discuss settlement and refusal to forward the Defendant's Report of Investigation for: a) Plaintiff's first Handicap Discrimination (HD) complaint, i.e., Def. ED-2005-28-00, and b) Plaintiff's second HD and reprisal complaint, i.e., Def. ED-2006-11-00, to the EEOC, and it is

FURTHER ORDERED, that this Court retains the jurisdiction and authority to Order further sanctions and relief against the Defendant to obtain the Defendant's compliance with the law and Court's Orders, if needed.

SO ORDERED.

_____          _____
Date                              Rosemary M. Collyer
                                  United States District Court Judge
                                  for the District of Columbia

File ref:   2007-12-31 Sanction Order - Def No Forward ROI.wpd

CERTIFICATE OF SERVICE

      For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER within five (5) calendar days after the date it was sent via First Class Mail to the parties identified below. I certify that on

_____, _____, 2008, the foregoing Order was sent via First Class Mail to the following:

John Gard
5045 Rushlight Path
Columbia, MD 21044

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

William Haubert
Office of the General Counsel
United States Department of Education
400 Maryland Avenue, S.W., Room 6C106
Washington, D.C. 20202

_____

File ref:    2007-12-31 Sanction Order - Def No Forward ROI.wpd