UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

JOHN GARD, )
)
      Plaintiff )
)
v. ) Civil Action No. 07-2302 (RMC)
) 07-2303(RMC)
UNITED STATES DEPARTMENT )
  of EDUCATION )
)
      Defendant )
and )
)
MARGARET SPELLING, SECRETARY, )
UNITED STATES DEPARTMENT )
OF EDUCATION )
)
      Defendant. )
_____ )

## RESPONSE TO NOTICE REGARDING RELATED CASE

First, I apologize to the Court and the Defendant[1] for the length of the second Privacy Act and Handicap Discrimination and Handicap and EEO Reprisal Complaint (2nd PA and Discrimination/Reprisal complaint). I chose to file a timely complaint as drafted versus filing an untimely revised complaint.

Second, I apologize to the Clerk for not two-hole punching the two motions. I had left my two-hole punch home and the copy center did not have one.

### ARGUMENT AGAINST THE DEFENDANT'S RELATED CASE NOTICE

The Defendant's NOTICE REGARDING RELATED CASE was filed with the Court on or

---

[1] And, to Mr. McDaniel, Assistant United States Attorney.

RECEIVED
JAN 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1 of 7

about January 18, 2008. For the following reasons, Plaintiff does not believe Plaintiff's 2nd PA and Discrimination/Reprisal complaint, i.e., Civil Action No. 07-2303 (RMC), is related to the first Privacy Act complaint (1st PA complaint), i.e., Civil Action No. 00-1096 (PLF), pending in the District Court nor should the 2nd PA and Discrimination/Reprisal complaint be combined or processed with the 1st PA complaint, and/or reassigned.

The time for filing dispositive motions and/or adjudication is near or soon approaching in the 1st PA complaint even though the Defendant has requested through the December 2007 status report to be allowed an additional six months for discovery. The only discovery left pending when the Court stayed the 1st PA Complaint was the taking of depositions. A decision has not been issued.

During the July 2006 status conference Plaintiff informed the Court adjudicating the 1st PA complaint that it appeared Plaintiff would be filing a handicap discrimination and handicap and EEO reprisal complaint[2] and suggested said complaint be adjudicated with the 1st PA complaint. Plaintiff understood the Court's response to be that the EEO complaint was not related to and would not be adjudicated with the 1st PA complaint. The Defendant did not object to the Court's response nor argue, allege and/or indicate that the EEO complaint was related to the 1st PA complaint during the July 2006 status conference.

The 1st PA complaint, i.e., Civil Action No. 00-1096 (PLF), involves the Defendant's June 1998 public removal of the Plaintiff from the Defendant's facilities by armed police officers and Privacy Act violations related thereto because the Plaintiff had reported Defendant fraud and gross

---

[2] Plaintiff was unaware at the time of the July 2006 status conference that the Defendant had illegally removed and/or destroyed official records pertaining to Plaintiff's Federal retirement benefits.

mismanagement acts to the legal authorities. The 2nd PA and handicap/reprisal complaint involves the Defendant's illegal removal and/or destruction of official records pertaining to Plaintiff's: a) Federal retirement benefits, which Plaintiff became aware of in January 2007 or approximately six (6) months after the July 2006 status conference; and b) requests for reasonable accommodation. The 2nd PA and Discrimination/Reprisal complaint is based on official records the Plaintiff submitted to the Defendant dating from 1990 forward. Plaintiff doesn't believe the 1st PA complaint involves the destruction of official records[3].

The Handicap Discrimination and Reprisal complaint is based on very specific refusal to accommodate and reprisal act(s) the Defendant took against the Plaintiff in March 2006. Said complaint now also encompasses Defendant reprisal act(s) taken since March 2006, e.g., the Defendant's illegal removal and/or destruction of official records pertaining to Plaintiff's Federal retirement benefits and requests for reasonable accommodation. The Handicap Discrimination and Reprisal complaint is related to the second Privacy Act complaint and visa versa because the official records the Defendant has illegally removed and/or destroyed pertain to Plaintiff's requests for reasonable accommodation and Plaintiff's Federal retirement benefits and Plaintiff does not believe those issues are not included in and/or related to the 1st PA complaint. How can removal and/or destruction of records and reprisal act(s) Plaintiff only became aware of in 2007 be related to Privacy Act violation allegations that took place in 1998?

During the 1st PA complaint settlement negotiations, Defendant's reprisal acts increased and Plaintiff filed a Motion in December 2006 seeking relief based on handicap discrimination and EEO

---

[3] Plaintiff turned the 1st PA complaint over to the attorneys for adjudication because it was supposed to be ready for depositions, dispositive motions and adjudication.

reprisal acts. In May 2007, the Court apparently dismissed Plaintiff's December 2006 motion for unknown reasons as the dismissal order is not part of the record. Plaintiff understands that the method the Court used to dismiss said motion allows the Plaintiff to re-file said motion. Plaintiff further understands that the Defendant has requested through the December 2007 status report that the Court not allow the Plaintiff to re-file said motion for relief, which, if granted, would apparently deny Plaintiff his right to file the 2nd PA and Handicap/Reprisal complaint in any forum.

The Defendant is attempting through the December 2007 status report to trick the Court into denying Plaintiff his right to file a valid Privacy Act and handicap discrimination and handicap and EEO reprisal complaint against the Defendant in any court solely because Plaintiff reported in 1998 and refuses to cease reporting grantee fraud and Defendant employee fraud and gross mismanagement. Solely because Plaintiff complies with the law! Plaintiff believes that this is the primary reason why the Defendant has alleged to this Court that the 2nd PA and Discrimination/Reprisal complaint is related to the 1st PA complaint while at the same time the Defendant has alleged in the other court that the 2nd PA and Discrimination/Reprisal complaint is not related to the 1st PA complaint.

It is obvious that if the 2nd PA and Discrimination/Reprisal complaint were to be combined with the 1st PA complaint the Defendant would then argue that the reprisal motion Plaintiff filed in the 1st PA complaint prevents Plaintiff from filing the 2nd PA and discrimination/reprisal complaint. That is, the Defendant's ultimate objective in alleging in this Court that the 2nd PA and Discrimination/Reprisal complaint is related to the 1st PA complaint is to get the Court to dismiss the 2nd PA and Discrimination/Reprisal complaint without adjudicating it.

It would be unfair to the Plaintiff and would complicate the processing and adjudication of the

2nd PA and Discrimination/Reprisal complaint if the Court's adjudication of the 2nd PA complaint were to be split from the adjudication of the Discrimination/Reprisal complaint and/or combined with the 1st PA complaint.

### SUBSCRIBE AND SWORN TO:

Respectfully submitted,

_____Jan. 26, 2008_____   _____John Gard_____
Date                         John Gard, Pro se
                             5045 Rush Light Path
                             Columbia, MD 21044-1295
                             (H) 410-715-0244    (W) 202-377-3830

### DECLARATION.

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

_____Jan. 26, 2008_____   _____John Gard_____
Date                         John Gard, Pro se
                             5045 Rush Light Path
                             Columbia, MD 21044-1295
                             (H) 410-715-0244    (W) 202-377-3830

**The Notarization for the Declaration and Verification statements are on the next page.**

File ref:  2008-01-26 Respone to Notice Regarding Related Case.wpd

## VERIFICATION

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff, Pro Se, in this District Court appeal, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

_Jan. 26, 2008_         _John Gard_
Date                    John Gard, Pro se
                        5045 Rush Light Path
                        Columbia, MD 21044-1295
                        (H) 410-715-0244   (W) 202-377-3830

STATE OF MARYLAND    )
                     ) ss.
COUNTY OF HOWARD     )

Subscribed and sworn to before me on this _26TH_ day of ___January___, 2008.

Witness my hand and official seal.

My commission expires: _Sept 14 2009_

_____
Notary Public
         ERIC T. BROOKS, JR.
         NOTARY PUBLIC STATE OF MARYLAND
         My Commission Expires 09/14/2009

File ref:   2008-01-26 Respone to Notice Regarding Related Case.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth below a true and correct copy of the above and foregoing document including exhibits as specified therein was filed with and sent to the following by FedEx:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Mr. Oliver W. McDaniel, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

_____Jan. 26, 2008_____   _____John Gard_____
Date                           John Gard, Pro se
                               5045 Rush Light Path
                               Columbia, MD 21044-1295
                          (H) 410-715-0244   (W) 202-377-3830

File ref: 2008-01-26 Respone to Notice Regarding Related Case.wpd