UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>5045 Rushlight Path<br>Columbia, Maryland 21004-1295,<br><br>        Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>        Defendant<br>and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>    OF EDUCATION<br>400 Maryland Avenue, S.W.<br>Washington, D.C. 20202<br><br>        Defendant. | Civil Action No. 07-2303 (RMC)<br><br>**RECEIVED**<br><br>MAR 1 4 2008<br><br>NCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**MOTION TO FILE A REVISED AMENDED COMPLAINT and CLAIMS,**
and
**MOTION TO DELAY THE COMMENCEMENT OF ALL DISCOVERY UNTIL SPECIFICALLY AUTHORIZED BY THE COURT TO PROCEED.**

Plaintiff, *Pro se*, hereby requests ninety days (90), calculated from the date of Plaintiff's receipt of the Court's Order, within which to file a Revised Amended Complaint and Claims, which will include the handicap discrimination and reprisal claims from the administrative complaints pending at the Agency, i.e., ED-2005-28-00 and ED-2006-11-00. Plaintiff attempted to file a "Joint Plaintiff and Defendant[1] Concurred Motion for an Extension of Time ...;" however, the Defendants

---

[1] The terms Defendants, Defendant, and Agency are used interchangeably by Plaintiff and all are used to refer to the Defendants identified in the complaint heading.

would not agree to the conciliatory motion Plaintiff drafted and Plaintiff will not agree to the motion Defendants drafted. Therefore, the original conciliatory motion Plaintiff drafted and submitted to the Defendants is withdrawn and has been rewritten as set forth herein.

As grounds for this motion, the following factual statements are hereby submitted, which factual statements cannot legally be denied by the Defendant, as said factual statements are based on and supported by non-refutable, written documentation[2] known to and in the possession of the Defendants. However, based on the previous ten (10) years' interactions, Plaintiff expects the Defendants will state in their motion response[3] that what Plaintiff has written herein is incomprehensible[4] and will continue to refuse to answer Plaintiff's factual allegations because compliance with the Fed.R.Civ.P. requires the Defendant to admit the factual allegations or commit perjury. Therefore, Plaintiff reserves the right to submit the documentation that supports this motion with Plaintiff's Reply, if the Defendant alleges that what Plaintiff has written herein is incomprehensible or denies facts that the Fed.R.Civ.P. requires to be admitted.

Pursuant to the Defendants' request for Plaintiff to file a revised amended complaint, Plaintiff communicated to the Defendants on March 7, 2008, that Plaintiff has decided to file a Revised Amended Complaint, which will include, but not be limited to, the claims of the administrative complaints[5] pending at the Defendant, if the Court grants this motion. Plaintiff agrees

---

[2] The supporting documentation is not submitted with the motion due to its volume.

[3] This also includes the Defendant's answer to the complaint or the revised amended complaint.

[4] A response that, in itself, is an act of reprisal.

[5] Defendant complaint numbers ED-2005-28-00 and ED-2006-11-00.

the filing of a Revised Amended Complaint would be best for the Plaintiff, Defendant and the Court as said complaint will wrap all EEO claims into one complaint, which will make it easier to read, understand, and adjudicate the EEO claims.

Pursuant to the administrative complaint assigned Def. # ED-2005-28-00, Plaintiff hereby states that: a) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly requested counseling from the Defendant's Informal Dispute Resolution Center (IDRC) on January 3, 2005, alleging that he was discriminated against based on his physical disability when on November 22, 2004, the Agency refused to continue the reasonable accommodation that Agency officials had previously granted him; b) Plaintiff received the IDRC's "Notice of Right to File a Formal Complaint of Discrimination" on March 7, 2005; c) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed with the Defendant a Formal Complaint of Handicap Discrimination on March 14, 2005; d) Defendant accepted Plaintiff's Formal Complaint of Discrimination for formal processing on August 29, 2005; e) Plaintiff cooperated and timely answered the EEO investigator's first and second set of interrogatories and discovery requests on September 28 and November 28, 2005, respectively; f) Plaintiff received the Defendant's Report of Investigation on January 10, 2006; g) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed a Request for Hearing with the Equal Employment Opportunity Commission (EEOC) on February 9, 2006; h) Plaintiff and Defendant timely served discovery requests on each other in July 2006; .i.) Plaintiff cooperated and timely answered Defendant's EEOC discovery requests on August 4, 2006; j) Defendant has not answered Plaintiff's discovery requests; k) all litigation involving the Plaintiff and Defendant was stayed pending the Defendant's August 2006 Request to Discuss Settlement; l)

global settlement negotiations failed in June 2007; m) Plaintiff timely filed the required papers to re-activate his EEOC request for hearing in July 2007; n) the EEOC has not held a hearing; o) the EEOC has not issued a decision; p) Plaintiff's request for the EEOC to return Plaintiff's Request for Hearing to the Defendant for the Defendant's issuance of a final decision without a hearing was timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed with the EEOC and the Defendants on January 31, 2008; q) the Defendants have not issued a final decision as of March 10, 2008; and r) Plaintiff has timely and in accordance with Federal statutes and Federal and Agency regulations correctly complied with all of the administrative and jurisdictional procedures, time-periods and requirements required by statutes and regulations to file a handicap discrimination complaint in this District Court based on the handicap discrimination allegation identified in Def. # ED-2005-28-00 and this paragraph's item "a".

The requisite 180 days have elapsed between Plaintiff's filing of his initial complaint, i.e., Def. # ED-2005-28-00, against defendant on March 14, 2005, and his January 31, 2008, withdrawal of his re-filed EEOC Request for Hearing and request for the issuance of an Agency final decision, which the Agency has not issued as of March 10, 2008. During the administrative process, Plaintiff cooperated with the Agency's EEO investigator and timely answered the Defendant's EEO discovery requests, and his complaint was not dismissed for failure to cooperate in the investigation. Plaintiff has clearly met the condition set forth in 29 C.F.R. § 1614.407(b) for filing suit in district court since more than 180 days elapsed before plaintiff voluntarily withdrew his re-filed EEOC Request for Hearing and request for the issuance of an Agency final decision from the administrative proceeding process and requested the Court's permission to file a Revised Amended Complaint, which would include the handicap discrimination claim identified in Def. # ED-2005-28-00 and the

above paragraph's item "a". *Brown v. Tomlinson, Broadcasting Board of Governors,* U.S. District Court for the District of Columbia, Civil Action No. 03-01376 (PLF) @ ¶ 1, p. 7.

Pursuant to the administrative complaint assigned Def. # ED-2006-11-00 Plaintiff hereby states that: a) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly requested counseling from the Defendant's IDRC on August 30, 2005, alleging that he was discriminated against based on his physical disability and reprisal as follows: a1) assignment of duties, a2) duty hours (Flexi place), a3) harassment (General), a4) reasonable accommodation, a5) reassignment directed, a6) discipline (Other), and a7) terms and conditions of employment;   b) Plaintiff received the IDRC's "Notice of Right to File a Formal Complaint of Discrimination" on November 22, 2005; c) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed with the Defendant a Formal Complaint of Handicap Discrimination and Handicap and EEO Reprisal on November 28, 2005, which the Defendant received on December 8, 2005;   d) the Defendant has not accepted or rejected this Formal Complaint of Discrimination for formal processing; e) the Defendant did not investigate this Formal Complaint of Discrimination; f) the Defendant has not issued a Report of Investigation; g) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed a Request for Hearing with the EEOC on July 27, 2006; h) all litigation involving the Plaintiff and Defendant was stayed pending the Defendant's August 2006 Request to Discuss Settlement; .i.) global settlement negotiations failed in June 2007; j) Plaintiff timely filed the required papers to re-activate his EEOC request for a hearing in July 2007; k) the EEOC has not held a hearing; l) the EEOC has not issued a decision; m) Plaintiff's request for the EEOC to return Plaintiff's Request for Hearing to the Defendant for the Defendant's issuance of a final decision

without a hearing was timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed with the EEOC and the Defendants on January 31, 2008; n) the Defendants have not issued a final decision as of March 10, 2008; and o) Plaintiff has timely and in accordance with Federal statutes and Federal and Agency regulations correctly complied with all of the administrative and jurisdictional procedures, time-periods and requirements required by statutes and regulations to file a handicap discrimination and handicap and reprisal complaint in this District Court based on the handicap discrimination and handicap and reprisal allegations identified in this paragraph's items "a1 through a7."

The requisite 180 days have elapsed between Plaintiff's filing of his initial complaint, i.e., Def. # ED-2006-11-00, against defendant on November 28, 2005, and his January 31, 2008, withdrawal of his re-filed Formal Complaint of Discrimination and request for the issuance of an Agency final decision, which the Agency has not issued as of March 10, 2008. Plaintiff's complaint was not dismissed for failure to cooperate in the investigation because the Agency did not accept his complaint for processing, did not initiate an investigation and did not issue a Report of Investigation. Plaintiff has clearly met the condition set forth in 29 C.F.R. § 1614.407(b) for filing suit in district court since more than 180 days elapsed before plaintiff voluntarily withdrew his re-filed Formal Complaint of Discrimination and request for the issuance of an Agency final decision from the administrative proceeding process and requested the Court's permission to file a Revised Amended Complaint, which would include the handicap discrimination and handicap and reprisal allegations identified in this paragraph's items "a1 through a7." *Brown v. Tomlinson, Broadcasting Board of Governors,* U.S. District Court for the District of Columbia, Civil Action No. 03-01376 (PLF) @ ¶ 1, p. 7.

"The fragmentation, or breaking up, of a complainant's legal claim during EEO complaint processing has been a significant problem in the federal sector. For complainants, fragmented processing can compromise their ability to present an integrated and coherent claim of an unlawful employment practice for which there is a remedy under the federal equal employment statutes. For agencies and the Commission, fragmented processing substantially increases case inventories and workloads when it results in the processing of related matters as separate complaints.[6]

The fragmentation of EEO claims must be prevented at all levels of the complaint process, including pre-complaint EEO counseling." *Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110)* as revised November 9, 1999, @ p. 5-5.

Plaintiff timely requested the Defendant combine the complaint assigned Defendant # ED-2006-11-00 with the complaint assigned Defendant # ED-2005-28-00 at the commencement of the investigation for ED-2005-28-00. The Defendant refused to state if the Defendant would or would not combine the complaints, which forced Plaintiff to continue counseling and file a second formal complaint of discrimination.

"Beyond consideration as background evidence, incidents that occurred outside the 45-day time limit should be investigated and remedied to the extent that

---

[6] See Cobb v. Department of the Treasury, EEOC Request No. 05970077 (March 13, 1997); Toole v. Equal Employment Opportunity Commission, EEOC Appeal No. 01964702 (May 22, 1997).

they are sufficiently interrelated to a timely raised incident such that a continuing violation has been established. A continuing violation is a series of related acts, one or more of which falls within the limitations period, that are tied together with a common theme uniting the alleged discriminatory acts into a continuous pattern." *Ibid* @ p. 5-8.

Plaintiff timely requested the required EEO counseling for the claims included in the complaint assigned Defendant # ED-2006-11-00 and then requested said complaint be combined with the complaint assigned Defendant # ED-2005-28-00 as the claims are approximately one year apart. Although the claims are related they are also capable of standing on their own.

"At any time prior to the agency's mailing of the notice required by § 1614.108(f) at the conclusion of the investigation, § 1614.106(d) permits a complainant to amend a pending EEO complaint to add claims that are like or related to those claim(s) raised in the pending complaint. There is no requirement that the complainant seek counseling on these new claims. After the complainant has requested a hearing, s/he may file a motion with the Administrative Judge to amend the complaint to include claims that are like or related to those raised in the pending complaint." *Ibid* @ p. 5-9.

Plaintiff timely requested the like and related claims of ED-2006-11-00 be combined with the claims of ED-2005-28-00. The Defendant refused to combine. The Defendant also refused to investigate or issue the required Report of Investigation for ED-2006-11-00. Plaintiff timely filed a motion with the EEOC to combine ED-2006-11-00 with ED-2005-28-00; however, the Administrative Judge never ruled on the motion due to the Defendant's August 2006 request to

discuss settlement. Now the Defendants state that they want the EEO complaints combined. The Defendants would not combine the EEO complaints when they had, whereas the Plaintiff did not have, the authority to combine said complaints per EEOC regulations nor would they comply with the EEOC regulations concerning the fragmentation and joining of complaints. The Defendants have alleged that they want the complaints combined; however, this is just more Defendant flip-flopping and stonewalling as the Defendants would not agree to the conciliatory motion to combine the EEO complaints drafted by Plaintiff as initially offered.

Pursuant to the administrative complaint assigned Def. # ED-2007-15-00 Plaintiff hereby states that: a) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly requested counseling from the Defendant's IDRC on December 11, 2006, alleging that he was discriminated against based on his physical disability and reprisal; b) the written attachment to Plaintiff's request for counseling set forth twelve allegations of discrimination and reprisal, which written attachment is incorporated herein and attached hereto as Exhibit 1; c) the Defendant's IDRC's "Notice of Right to File a Formal Complaint of Discrimination," which Plaintiff received on February 13, 2007, set forth two instead of twelve allegations of discrimination; d) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly filed with the Defendant a Formal Complaint of Handicap Discrimination and Handicap Discrimination and EEO Reprisal on February 15, 2007, which included the twelve allegations; e) all litigation involving the Plaintiff and Defendant was stayed pending the Defendant's August 2006 Request to Discuss Settlement and this administrative complaint was included therein in February 2007; f) global settlement negotiations failed in June 2007; g) Plaintiff timely filed the required papers to re-activate this Formal Complaint of Handicap Discrimination and Handicap

Discrimination and EEO Reprisal in July 2007; h) the Defendant did not accept this Formal Complaint of Discrimination for formal processing; .i.) the Defendant did not investigate this Formal Complaint of Discrimination; j) the Defendant did not issue a Report of Investigation; k) the Defendant issued a final decision to dismiss Plaintiff's Formal Complaint of Discrimination on September 20, 2007; l) Plaintiff timely filed on December 21, 2007, the instant complaint in District Court and did not file a Request for Hearing with the EEOC; and m) Plaintiff timely and in accordance with Federal statutes and Federal and Agency regulations correctly complied with all of the administrative and jurisdictional procedures, time-periods and requirements required by statutes and regulations to file a handicap discrimination and handicap and reprisal complaint in this District Court based on the handicap discrimination and handicap and EEO reprisal allegations identified in Exhibit 1. The failure of the EEO investigator to investigate a claim not explicitly raised will not preclude judicial consideration of the claim. *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278 (5th Cir. 1994). **However, Plaintiff's claims were explicitly raised as proven by Exhibit 1.**

> "As ..., a new claim that is not like or related to a previously filed complaint provides the basis for a new, and separate, complaint. The complainant must present the new, unrelated claim to an EEO Counselor and the new claim is subject to all of the regulatory case processing requirement. In order to address a different fragmentation concern, § 1614.606 requires agencies to consolidate for joint processing two or more complaints of discrimination filed by the same complainant, after appropriate notificatoin is provided the parties.[7] .... In all instances, however,

---

[7] Through mandatory consolidation, the Commission seeks to address the situation where a single complainant has multiple complaints pending against an agency. Even if the

where an individual requests a hearing, the consolidated complaints should be heard by a single Administrative Judge; or where the complainant requests a final agency decision, the agency should issue a single decision. An agency must consolidate complaints filed by the same complainant before the agency issues the notice required by § 1614.108(f) at the conclusion of the investigation." *Ibid* @ p. 5-14.

Plaintiff respectfully requests the Court to combine the Defendant's EEO complaint numbers ED-2005-28-00, ED-2006-11-00, and ED-2007-15-00 for judicial efficiency and fairness. Plaintiff timely requested counseling and complied with all administrative counseling and formal complaint processing time-frames and requirements for each complaint, and each complaint is based on specific acts taken by Defendant's official(s) sufficient to stand on their own and be litigated individually; however, the combining of said complaints simplifies the adjudication of this litigation and dramatically improves Plaintiff's original claim of handicap discrimination, refusal to continue reasonable accommodation, and the subsequent handicap discrimination and reprisal claims and Privacy Act violations. The common law has well established that as long as "some sort is filed with the EEOC" the scope of the original charge includes claims that can be related to the original charge. *Hicks v. ABT Associates, INC.*, 572 F.2d 960 (3d. Cir. 1978). Although each of Plaintiff's claims are based on specific acts taken by the Defendant's official(s) sufficient to stand on their own, they are also intertwined and related and should be adjudicated together.

The Federal courts themselves have recognized a more lenient standard for additional charges not found on the original EEO complaint when the charge was drafted by a pro se

---

complaints are unrelated, their resolution in a single proceeding will make better use of agency and Commission resources.

complainant. *DeVoe v. Medi-Dyn, Inc.*, 782 F. Supp. 546, 554 (D. Kan. 1992); *Moore v. Norfolk and Western Ry. Co.*, 731 F. Supp. 1015, 1018 (D. Kan. 1990). Even though Plaintiff has consulted legal counsel for guidance, Plaintiff is in fact pro se and will remain pro se in this complaint because the attorney retainer Plaintiff paid to litigate the handicap discrimination complaints was wasted on retaliatory settlement negotiations implemented by the Defendants. Attorneys had no input in the complaint Plaintiff, pro se, filed December 21, 2007, nor will attorneys have any input in the Revised Amended Complaint Plaintiff has requested the Court's permission to file.

Plaintiff, *Pro se*, respectfully requests the Court's permission to combine the two EEO complaints and claims pending at the Agency[8] with the EEO complaint pending in the District Court into one EEO complaint through the filing of a Revised Amended Complaint, providing the Court authorizes said complaints and claims to be combined and allows adequate time to draft and file the Revised Amended Complaint, since, as already previously stated herein: a) the Defendant through counsel has requested the EEO complaints be combined; b) EEOC regulations state that "Agencies must avoid fragmenting EEO complaints" and "The fragmentation of EEO claims must be prevented at all levels of the complaint process, ...." *Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110)* as revised November 9, 1999, @ p. 5-5; and c) Plaintiff's legal advisor located in Colorado informed[9] Plaintiff that judicial economy

---

[8] The Defendant refuses to issue the required EEO decisions.

[9] Prior to Defendants' request, Plaintiff had not consulted said legal advisor nor the law firm representing him in the First Privacy Act complaint. They only knew that Plaintiff was drafting, and would timely file, an EEO complaint in the District Court. After Defendants requested Plaintiff file an amended complaint, Plaintiff requested said legal advisor to read the first 50 pages and advise him whether a Revised Amended Complaint should be filed.

would best be served by combining Plaintiff's first handicap discrimination complaint, i.e., Def. # ED-2005-28-00, and Plaintiff's second handicap discrimination and handicap and reprisal complaint, i.e., Def. # ED-2006-11-00, with Plaintiff's third handicap discrimination and handicap and reprisal complaint, i.e., Def. # ED-2007-15-00, through the filing of a Revised Amended Complaint. Plaintiff does not want to be placed in the position of being unable to comply with the filing date specified in the Court's Order due to unforeseen issues, especially since Plaintiff could wait for the Defendant to issue the Defendant's final decision in Def. # ED-2005-28-00 and in Def. # ED-2006-11-00, and then timely file separate complaints.

To preclude the filing of more motions, Plaintiff requests the Court to clarify that: a) the Plaintiff must file with the District Court the original plus one copy of the Revised Amended Complaint, and serve one copy of the Revised Amended Complaint on the Defendants' Counsel of Record by FedEx, USPS or hand-delivery by the due date to be timely filed; b) Plaintiff's previously filed motions will remain pending until the Court's receipt of the Defendants' response thereto or the Defendant's answer to the Revised Amended Complaint; c) the Defendant's response to Plaintiff's motions must be filed before or with the Defendant's answer to the Revised Amended Complaint to be timely; d) Plaintiff's reply to the Defendant's response must be filed no later than ten days after Plaintiff's receipt of the Defendant's response to be timely; and e) both parties are **<u>enjoined</u>** from taking any discovery action and filing any type of discovery on the other party until receipt of further adjudication instructions from this Court, which instructions will be issued after the Court's review of the Defendants' answer to the Revised Amended Complaint and Defendants' response to the motions Plaintiff filed and Plaintiff's reply thereto as the Court may be able at that time to issue a Decision, which ends all or most of the litigation that has entwined the parties for the

past ten years.

Exhibits related to this litigation have been discovered and re-discovered multiple times by the Defendant, and the Plaintiff has promptly and timely complied with every Defendant discovery request, **<u>WHEREAS</u>** the Defendant has steadfastly refused to comply with any of the Plaintiff's discovery requests since September 11, 2000, i.e., the date Plaintiff received the Defendant's Initial Privacy Act disclosures and answers. The Defendant won't answer Plaintiff's discovery requests or complaint allegations and the MSPB refused to order the Defendant to answer either because said complaint allegations and discovery requests are based on and supported by non-refutable, written documentation/exhibits known to, and in the possession of, the Defendants, which compliance with the Fed.R.Civ.P. requires the Defendant to admit or commit perjury. This is the reason why the Defendant refused and continues to refuse to answer the discovery requests Plaintiff timely filed in the first EEOC complaint when it was active. This is the reason why the Defendant illegally requested to discuss settlement in August 2006. The Defendants' August 2006 request to discuss settlement is illegal because the Defendants' request was made to deny Plaintiff the EEOC discovery answers he was entitled to and to deny Plaintiff his right to an EEOC hearing. The Defendants' request to discuss settlement was illegal and unethical, violated Plaintiff's right to a fair MSPB hearing, violated Plaintiff's right to EEOC discovery, violated Plaintiff's right to an EEOC hearing, forced Plaintiff to file an EEO handicap discrimination complaint in District Court, and constitutes a despicable handicap discrimination reprisal act, which the Defendant should be punished for taking. The Court can easily punish the Defendant for illegally and unethically requesting settlement when there was no real intent of settling, and Plaintiff believes, can promptly resolve the litigation that has entwined the parties for the past ten years. All the Court has to do is order the Defendants

to answer the discovery requests Plaintiff filed in the first EEOC complaint.

An alternative if the Court should deny Plaintiff's motion to combine the EEO complaints would be for the immediate referral of the pending complaint to the U.S. Magistrate Judge Robinson for complaint answer, motions and discovery responses, and related litigation processing, guidance and adjudication to include, but not be limited to, complaint processing, adjudication, and settlement. The first Privacy Act complaint was recently referred to U.S. Magistrate Judge Robinson for processing assistance/guidance. Therefore, even if the Court authorizes Plaintiff to file a Revised Amended Complaint, Plaintiff believes and requests this complaint might as well be referred, at this time for judicial efficiency, to the same U.S. Magistrate Judge for processing assistance/guidance. The Defendants' actions have conclusively and consistently proven that the Defendant will not voluntarily comply with the Fed.R.Civ.P. admission requirement. Plaintiff's EEOC discovery requests, factual statements, and complaint allegations are based on, and supported by, more than 435 exhibits, i.e., one standard-size storage box.

WHEREFORE, Plaintiff submits that this Motion to File a Revised Amended Complaint and Claims, and Motion to Delay the Commencement of All Discovery until Specifically Authorized by the Court to Proceed should be granted on the terms and conditions specified herein.

**Plaintiff's Notarized Declaration and Verification statement and signature is on the next page.**

**SUBSCRIBE AND SWORN TO:**

Respectfully submitted,

_March 13, 2008_                    _John Gard_
Date                                              John Gard, Pro se
                                                      5045 Rush Light Path
                                                      Columbia, MD 21044-1295

(H) 410-715-0244    (W) 202-377-3830

## DECLARATION.

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

## VERIFICATION

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff, Pro se in this complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

_March 13, 2008_                 _John Gard_
Date                           John Gard, Pro se
                               5045 Rush Light Path
                               Columbia, MD 21044-1295
                  (H) 410-715-0244    (W) 202-377-3830

STATE OF MARYLAND    )
                     ) ss.
COUNTY OF HOWARD     )

Subscribed and sworn to before me on this _13th_ day of _March_, 2008.

Witness my hand and official seal.

My commission expires: _Sept 14 2009_

_____
Notary Public

ERIC T. BROOKS, JR.
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires 09/14/2009

Plaintiff's File ref:    2008-03-13 PL Amended Complaint Motion.wpd
                         March 13, 2008

Page 16 of 17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date specified below a true and correct copy of the above and foregoing document entitled "Motion to File a Revised Amended Complaint and Claims, and Motion to Delay the Commencement of All Discovery until Specifically Authorized by the Court to Proceed" including the exhibits, if any, as specified therein was filed with and sent to the offices and individuals as specified below by USPS, FedEx or facsimile for filing in the District Court:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

and

OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
    (V)    (202) 616-0739    (F)    202.514.8780

_March 13, 2008_    _John Gard_
Date                             John Gard, Pro se
                                   5045 Rush Light Path
                                   Columbia, MD 21044-1295
                (H) 410-715-0244            (W) 202-377-3830

Plaintiff's File ref:    2008-03-13 PL Amended Complaint Motion.wpd

## Gard, John

**From:** Gard, John
**Sent:** Monday, December 11, 2006 12:10 PM
**To:** OM IDR Center
**Cc:** John Gard (E-mail)
**Subject:** Official Request for EEO Counseling, EEO 5 12-11-2006

My official request for EEO counseling, EEO 5, 12-11-2006, is attached.



EEO 5
12-11-2006.doc

John Gard
Data Analyst and Audit Review Specialist
U.S. Department of Education
OCFO/FIPAO/Post Audit Group
830 First Street, NE
UCP, Room 21N2
Washington, DC 20202-4450
(Phone) 202-377-3830    (Fax) 202-275-3462

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

3/13/2008 Motion
Exhibit 1
Pg 1

EEO 5, December 11, 2006

Dear OM IDR Center,

I am hereby officially requesting EEO counseling for the following as set forth below:

1. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard submitted requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, to agency officials as required by and in accordance with the Rehabilitation Act.

2. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard timely submitted to agency officials the medical information and documentation agency officials had requested Mr. Gard submit pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, as required by and in accordance with the Rehabilitation Act.

3. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials timely approved Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, in accordance with the Rehabilitation Act.

4. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard requested reasonable accommodation from agency officials during the October through December 21, 1998, medical and return to work discussions as required by and in accordance with the Rehabilitation Act.

5. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials had all of the medical information and documentation they needed from Mr. Gard to make a reasonable accommodation determination concerning Mr. Gard's reasonable accommodation requests made during the October through December 21, 1998, medical and return to work discussions due to the medical information and documentation agency officials had on file because they had previously requested Mr. Gard submit the same, which he did submit, pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992.

*3/13/2008 Motion*
*Exhibit 1*
*Pg 2*

6. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials timely approved Mr. Gard's requests for reasonable accommodation made during the October through December 21, 1998, medical and return to work discussions in accordance with the Rehabilitation Act.

7. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that Mr. Gard requested reasonable accommodation from agency officials in February 2000 as required by and in accordance with the Rehabilitation Act.

8. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials had all of the medical information and documentation they needed from Mr. Gard to make a reasonable accommodation determination concerning Mr. Gard's reasonable accommodation requests made during February 2000 due to the medical information and documentation agency officials had on file because they had previously requested Mr. Gard submit the same, which he did submit, pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992.

9. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to acknowledge that agency officials timely approved Mr. Gard's request for reasonable accommodation made during February 2000 in accordance with the Rehabilitation Act.

10. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to correctly file, maintain, and safeguard Mr. Gard's medical information and documentation on file with the agency because agency officials had previously requested Mr. Gard submit the same, which he did submit, pursuant to Mr. Gard's requests for reasonable accommodation dated October 19, 1990, December 16, 1991, and March 4, 1992, as required by and in accordance with the Rehabilitation Act and the Privacy Act.

11. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to accommodate.

12. EEO and Handicap Discrimination Reprisal, and Handicap Discrimination for the Agency, Ms. Linda Stracke, and other unknown agency officials' November 24, 2006, failure/refusal to continue reasonable accommodation.

3/13/2008
Exhibit 1
Pg 3