## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-2303 (RMC) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
|   of EDUCATION | ) |
| | ) |
|        and | ) |
| | ) |
| MARGARET M. SPELLINGS, SECRETARY | ) |
| UNITED STATES DEPARTMENT | ) |
|   OF EDUCATION | ) |
| | ) |
|        Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Because Plaintiff's amended complaint fails to set forth a short, plain statement of his claims, the Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move this Court, pursuant to Fed. R. Civ. P. 8(a), 12 (b)(6) and 12(e), to dismiss this action or to require Plaintiff to amend his complaint again to provide a more definite statement. The attached memorandum of points and authorities and proposed order support these motions.

                                    Respectfully submitted,

                                      /s/
                                JEFFREY A. TAYLOR, D.C. Bar # 498610
                                United States Attorney

                                      /s/
                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                Assistant United States Attorney

                                      /s/
                                OLIVER W. McDANIEL, D.C. Bar #377360
                                Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN GARD ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-2303 (RMC) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| of EDUCATION ) | |
| ) | |
| and ) | |
| ) | |
| MARGARET M. SPELLINGS, SECRETARY ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move this Court, pursuant to Federal Rules of Civil Procedure 8(a), 12 (b)(6) and 12(e), to dismiss the Complaint or, in the alternative, for a more definite statement. As grounds for these motions, Defendants contend that, in his Amended Complaint, Plaintiff has failed to list his claims in summary form, but has effectively summarized in evidentiary form events from his lifetime. Defendants respectfully submit that this tome of a complaint clearly fails to satisfy the Rule 8(a) requirement for a short, plain statement of claims and now should be dismissed on this ground alone, although Defendants have other grounds that could now be advanced supporting dismissal or summary judgment. Defendants recognize that the Court, in its discretion, could permit Plaintiff to prepare a more definite statement that is much shorter and much more plain. However, Defendants contend that dismissal is appropriate.

**PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit by complaint filed on December 21, 2007 [#1]. Shortly thereafter, on January 2, 2008, Plaintiff filed two separate motions to compel and for sanctions, which are addressed in separate filings on this date. Upon entering his appearance on January 18, 2008, Counsel for the Defendants filed a notice of related case, advising the Court of the relationship between this case and Plaintiff's pending Privacy Act case, Civil Action No. 00-562 (PLF) [#5]. Before Defendants could answer the Complaint, Plaintiff filed a motion to file a "Revised Amended Complaint and Claims and a Motion to Delay Commencement of All Discovery until Specifically Authorized by the Court to Proceed" [#8], which motions were not opposed and, ultimately, granted by minute entry order dated April 2, 2008. Plaintiff filed his Revised Amended Complaint on April 18, 2008 [#9].

**THE AMENDED COMPLAINT**

In an amended complaint composed of two-hundred, thirty (230) pages, which sets forth twenty-two (22) counts, in eight-hundred, eighty paragraphs (880) of support for eighty (80) paragraphs of claims for relief, Plaintiff expresses his alleged causes of action and claims for relief. In several lengthy sections labeled "Plaintiff," "Claims," "Defendant's Admissions and Judicially Decided Facts," and "Statement of Facts," Plaintiff sets forth facts supposedly related to his claim. Am. Compl. at ¶¶ 83-91, 95-102, 103-149, 150-814.

According to the Amended Complaint, Plaintiff is a systems accountant, GS-14, with almost twenty years of employment with the Department of Education. Am. Compl. at ¶ 15. Currently, he claims, he is assigned to work for the Director of Post Audit group for Financial Improvement and Post Audit Operation. Am. Compl. at ¶ 16. Plaintiff describes himself as a 63 year old Caucasian American male who suffers from narcolepsy, hearing loss, post traumatic stress disorder and chronic

pain for a gunshot injury that has caused disability and impairment for life. Am. Compl. at ¶¶ 196, 231, 247, 322.

In his twenty-two (22) counts, Plaintiff appears to allege the following generally: The Department of Education violated the Rehabilitation Act of 1973, the Privacy Act of 1974, Title VII of the Civil Rights Act of 1964, Federal Records Act of 1950, and Office of Personnel Management Regulations, National Archives and Records Administration Regulations, Equal Employment Opportunity Commission Regulations and the American with Disabilities Act of 1990 by: (1) failing to accommodate his handicap; (2) taking retaliatory acts against him; (3) refusing to acknowledge the existence of Plaintiff's reasonable accommodation and medical documentation records; (4) unlawfully maintaining Plaintiff's reasonable accommodation and medical documentation records; (5) unlawfully removing Plaintiff's reasonable accommodation and medical records; (6) destroying without authorization and illegally Plaintiff's reasonable accommodation and medical documentation records; (7) unlawfully refusing to restore Plaintiff's reasonable accommodation and medical documentation records; (8) unlawfully maintaining Plaintiff's military retirement records; (9) destroying without authority and illegally Plaintiff's military retirement records; (10) unlawfully removing Plaintiff's military retirement records; (11) destroying without authority and illegally Plaintiff's military retirement records; (12) unlawfully refusing to restore Plaintiff's military retirement records; (13) violation of, and refusal to comply with, security, safeguarding, maintenance and record-keeping requirements; (14) violation of, and refusal to comply with, the Privacy Act, security, safeguarding, maintenance and record-keeping requirements of the Rehabilitation Act; (15) refusal to answer discovery requests; (16) and (17) refusal to forward the administrative record of investigation to Equal Employment Opportunity Commission (EEOC); (18) tampering with a witness; (19) perjury; (20) refusal to file board appeal answer; (21) and (22)

inaccurate, untruthful, untimely, incomplete and irrelevant maintenance of employment records pertaining to the Plaintiff. Am. Compl. at ¶¶ 1-3.

## ARGUMENT

**Legal Standard of Review for Motion to Dismiss**

Defendants move to dismiss Plaintiffs' Am. Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Aktieselskabet v. Fame Jeans, Inc.*, 525 F.3d 8, 15-17 (D.C. Cir. 2008) (discussing import of *Twombly*); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id*.

**Plaintiff Fails to Satisfy Pleading Standards of Rule 8(a)**

Plaintiff's Complaint fails to satisfy the pleading standards of Rule 8(a) because it is vague and confusing. The Federal Rules establish a notice based system where a party's complaint is

supposed to provide the opposing party with "fair notice of what the claim is and the grounds upon which it rests." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509 (citing *Leatherman v. Tattant County Narcotic Intellgience and Coordination Unit*, 507 U.S. 163, 168 (1993) *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Federal Rules require a complaint to have "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(e)(1), which requires that "[e]ach averment of a pleading shall be simple, concise, and direct," supplements 8(a)(2) requiring clarity and brevity in a pleading. Fed. R. Civ. P. 8(e)(1); *Hardin*, 199 F.R.D. at 509. The evidentiary material supporting the general statements in a complaint should not be in the pleadings and left for the discovery process. *Hardin*, 188 F.R.D. at 509 (citing 5 Wright & Miller Fed. Prac. and Proc.: Civil 2d § 1281, 519 (1990 & Supp. 1999)). Where a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance . . . is well disguised," Rule 8(a) dismissal is appropriate. *Karim-Panahi v. U. S. Cong.,* 105 F. App'x. 270 (citing *Simmons*, 49 F.3d. 83, 86 (2d Cir. 1995). Lengthy complaints that contain mostly evidentiary matter are a violation of Rule 8(a). *Burns v. Spiller*, 4 F.R.D. 299 (D.D.C. 1945). In *Burns*, the court held that a 32-page, legal-sized, type-written document, containing mostly evidentiary matter did not satisfy Rule 8. *Id*. at 299. Further, verbose complaints that are confusing and unintelligible also do not satisfy Rule 8. *Flying Tigers Oil Co. Inc. v. Flying Tigers Line Inc.,* 118 F.R.D. 263 (D.D.C. 1999). In *Flying Tigers Oil Co.*, the court held that a verbose, 165-page complaint apparently seeking relief from defendants with a "miscellany of unrelated claims ranging from incoherent to the obscure" does not satisfy Rule 8(a). *Id*. at 263.

      Generally, *pro se* plaintiffs are held to a less stringent standard in the procedural process than those represented by legal counsel. *Hilska v. Jones* 217 F.R.D. 16, 21-22 (D.D.C 2003) (citing

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).). However, in *Hilska*, the court cautions that although the plaintiff is a *pro se* litigant, it must still be "mindful that a *pro se* plaintiff like any other must provide notice of his claim." *Id.* at 27. (noting that the central purpose of Rule 8(a) is to ensure that the plaintiff sets forth his claims such that the defendant is able to file a response and prepare a defense); *Swierkiewicz,* 534 U.S. 506, 512 (2002); *Conley*, 355 U.S. at 47. If the *pro se* litigant fails to specify the allegation and provide sufficient notice, then the complaint is subject to dismissal pursuant to Rule 8(a). *Id*. at 21.

Alternatively, if the Court, in its discretion, does not dismiss the Amended Complaint, the Court should require Plaintiff to amend his complaint again, to provide a more definite statement. All litigants are entitled to proper notice pleading under Rule 8(a), and when a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a response, the court should grant relief pursuant to Rule 12(e). Fed. R. Civ. P. 12(e). *See also McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34-36 (D.D.C. 2007).

Plaintiff's Amended Complaint here clearly does not satisfy the "short and plain statement" or "clarity and brevity" standards of Rule 8. In the section of the Amended Complaint labeled "Plaintiff," "Claims," "Defendant's Admissions and Judicially Decided Facts," and "Statement of Facts," Plaintiff lays out one-hundred and seventy-seven (177) pages of facts, the great majority of which appear to be conclusory, confusing, redundant, and irrelevant to the alleged causes of action he may be seeking to advance. Am. Compl. at ¶¶ 83-91, 95-102, 103-149, 150-814. Like the complaint in *Flying Tigers Oil Co.,* spanning one hundred, sixty-five (165) pages, encompassing several causes of action and advancing claims construed to be unrelated, incoherent and obscure, Plaintiff's Amended Complaint here spans two-hundred, thirty (230) pages, seeks to advance a

number of causes of action, most of which could be unrelated and could duplicate claims advanced by him in a separate lawsuit, rendering his complaint unintelligible and confusing. Plaintiff's complaint lacks clarity because in each count Plaintiff combines several alleged causes of action and does not state clearly which facts substantiate the claims he seeks to advance. Each count incorporates by reference all previously stated allegations in the complaint, but does not specify which allegations relate to the specified causes of action.[1] Furthermore, the "Count(s)" are confusing and too vague for Defendants to craft a coherent response. Thus, Defendants are unable to answer or otherwise respond to the Complaint due to its convoluted, disorganized and conclusory nature and its excessive length. Accordingly, the Court should dismiss the case, given Plaintiff's failure to satisfy the minimal pleading standards set forth in Rule 8(a).[2]

---

[1] In each Count Plaintiff adds a paragraph which states "Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full herein."

[2] As discussed in text, Plaintiff's claims are defective as not in compliance with Rule 8(a). Accordingly, Defendants are unable to answer or otherwise respond to the Complaint due to its convoluted, disorganized and conclusory nature and its inordinate length. Notwithstanding, Defendants reserve all defenses to the claims that Plaintiff may be advancing in this complaint, including failure to exhaust administrative remedies. Defendants note especially that large portions of the Complaint – comprising at least 14 of its 22 counts – concern matters that, as claims, would also be subject to dismissal under Rules 8(C), 12(b)(1) and/or 12(b)(6), such as:

Counts that State Claims Based on Pre-May 1, 2002 Incidents – The Complaint appears to raise employment-based claims that accrued on or before May 1, 2002 (see, e.g., Complaint Counts V, VI, VII, IX, X, and XI (respectively ¶¶ 827-829, 830-832, 833-835, 839-841, 842-844, and 845-847). Paragraphs 103-814 of the Complaint recite facts occurring over a time period dating back at least to the early 1980s. Because Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs of the Complaint in each of the referenced Counts, Defendants believe the referenced Counts are based at least in part on incidents or circumstances that occurred on or before May 1, 2002. On that date, Plaintiff entered into a Memorandum of Agreement (MOA) with Defendants under whose terms he agreed, inter alia, to waive all claims on account of incidents or circumstances of his employment arising before the date of the MOA – other than two matters specifically preserved for further litigation: (1) a lawsuit still pending before Judge Friedman (*John Gard v. U.S. Department of Education*, Civil Action No. 1:00CV01096(D.D.C.));
(continued...)

Although Plaintiff is a *pro se* litigant, he fails altogether to provide clear and understandable notice of his claims to which the Defendants will be able to respond properly. Therefore, the

---

(...continued)
and (2) certain then-pending MSPB claims since resolved and no longer in litigation (*see Gard v. Department of Education*, 98 M.S.P.R. 458 (2005)) – and to forbear from filing any complaint, grievance, or lawsuit against Defendants, or its current and former officers, agents, and employees, in any forum whatsoever, on account of any incident or circumstance of his employment arising on or before the date of the MOA. See May 1, 2002 MOA. Plaintiff is thus precluded by the terms of the referenced MOA from filing any claim not shown to have accrued after May 1, 2002, and claims based on incidents occurring prior to that date are subject to an affirmative defense of release under Rule 8(C) and/or to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Counts that State Claims Related to MSPB Appeals – The Complaint raises certain substantive and procedural issues related to Plaintiff's whistleblower reprisal claims and his appeals to the Merit Systems Protection Board based on such claims. See, e.g., Complaint Counts XVIII, XIX, and XX (respectively ¶¶ 866-868, 869-871, and 872-874). Judicial review of such matters may be obtained, if at all, only in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703. Thus, these claims are subject to dismissal under Rule 12(b)(1) for lack of jurisdiction in the District Court to hear them.

Counts that State Claims Related to Defendants' Processing of Administrative EEO Claims – The Complaint not only raises substantive discrimination claims, but also states – as separate counts – claims based on procedural issues related to Defendants' processing of Plaintiff's administrative equal employment opportunity (EEO) complaints. See, e.g., Complaint Counts XV, XVI, and XVII (respectively ¶¶ 857-859, 860-862, and 863-865). The filing of a civil action terminates Defendants' processing of Plaintiff's pending EEO complaints. 29 CFR § 1614.107(a)(3). For this reason, and because the Court reviews Plaintiff's discrimination claims *de novo* in any event, Plaintiff may not obtain review of Defendants' actions on his administrative claims here. Therefore, the processing issue would be moot and subject to dismissal under Rule 12(b)(6).

Counts that Duplicate Claims in Pending Privacy Act Lawsuit – The Complaint asserts that Defendants violated the Privacy Act of 1974 (PA), as amended (specifically, 5 U.S.C. §§ 552a(e)(2), (e)(5), and (g)(1)(C)). See, e.g., Complaint Counts XIII, XXI, and XXII (respectively ¶¶ 851-853, 875-877, and 878-880). Paragraphs 106-140 of the Complaint specifically restate factual contentions that Plaintiff has made in the related action (C.A. 00-562 (PLF)). Because Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs of the Complaint in each of the referenced Counts, Defendants believe that these Counts overlap and to some extent duplicate Counts I, II, V, and IX of the Complaint in Plaintiff's other lawsuit (also alleging violations, respectively, of 5 U.S.C. § 552a(e)(2), (e)(5), and (g)(1)(C)). Thus, these claims would be subject to dismissal under Rule 12(b)(6).

Amended Complaint is subject to dismissal pursuant to Rule 8(a).  Alternatively, if the Amended Complaint is not dismissed, the Court should require Plaintiff to file a more definite statement in which Plaintiff clarifies whether he is seeking to advance clearly defective claims.  In fact, if the Court permits Plaintiff to amend, it should require Plaintiff to file a motion seeking leave to file any additional amendments to his complaint, given the defective nature of many of claims Plaintiff apparently seeks to advance.  Apart from whether the Court dismisses any portion of the Complaint outright, it will be exceedingly difficult for Defendants to proceed with discovery, or even to prepare an answer to the Complaint, without a more definite statement of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims for relief. *See Saad v. Burns Intern. Sec. Services, Inc.*, 456 F.Supp. 33, 36-37 (D.D.C. 1978).

**CONCLUSION**

WHEREFORE, Defendants submit that the Court should dismiss Plaintiff's complaint, or, in the alternative, require Plaintiff to amend his Complaint such that it sets forth a more definite statement of his claims.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

June 20, 2008

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY, this 20th day of June, 2008, that a copy of the foregoing Defendants' Motion to Dismiss Or, in the Alternative, for a More Definite Statement, has been served on Plaintiff, *Pro se*, by first class mail, postage prepaid, addressed to:

John Gard
5045 Rush Light Path
Columbia, MD  21044-1295

                _____/s/_____
                OLIVER W. McDANIEL
                D.C. Bar No. 377-360
                Assistant United States Attorney
                Civil Division
                555 4th Street, N.W.
                Washington, D.C.  20530
                (202) 616-0739
                (202) 514-8780 (Fax)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN GARD** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 07-2303 (RMC) |
| | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **of EDUCATION** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MARGARET M. SPELLINGS, SECRETARY** | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF EDUCATION** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### ORDER

UPON CONSIDERATION OF Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement and Memorandum of Points and Authorities in Support Thereof, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2008,

**ORDERED** that Defendants' Motion is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's Amended Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Oliver W. McDaniel
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

John Gard
5045 Rush Light Path
Columbia, MD 21044-1295