# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-2303 (RMC) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| of EDUCATION | ) |
| | ) |
| and | ) |
| | ) |
| MARGARET M. SPELLINGS, SECRETARY | ) |
| UNITED STATES DEPARTMENT | ) |
| OF EDUCATION | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
## MOTIONS TO COMPEL AND FOR SANCTIONS

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submit this memorandum in opposition to Plaintiff's motions to compel and for sanctions [#2 and #3] filed shortly after the filing of the original complaint. Plaintiff's motions appear to assume that the administrative proceedings continued into federal court and to ignore the *de novo* nature of this action. Given the *de novo* nature of this action and the fact that discovery had not commenced when the motions were filed and still has not commenced, as Plaintiff himself requested, Plaintiff's motions are clearly without merit and should be denied.

## DISCUSSION

EEOC regulations "provide two forms of suit following a determination of the EEOC: the satisfied employee may sue to enforce if necessary, and the aggrieved employee may file a *de novo* suit under the anti-discrimination statute. If the regulations plainly so provide, in the absence of

contrary binding authority, they control."  *Williams v. Herman*, 129 F.Supp.2d 1281, 1283 (E.D. Ca. 2001), citing *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 104 S.Ct. 2778 (1984).  So, Plaintiff is limited to the form of suit provided for in EEOC regulations.

In *Cocciardi v. Russo*, 721 F.Supp 735 (E.D.Pa. 1989),  the employee sought *de novo* review of discrimination claims only to the extent that administrative findings on remedies were adverse to him.  Because, as here, the employee did not bring an enforcement action, the court held that a federal employee is not entitled to "fragmented" trial *de novo* . . .. *Id*. at 737.  Here, Plaintiff has not pled an agency decision that he is seeking to enforce in this court and is clearly advancing *de novo* claims.  Hence, Plaintiff cannot attempt to carry over and pick up with the procedural history of the administrative proceedings as part of this *de novo* civil action in federal court.

As stated by the Court in *Herron v. Veneman*, 305 F.Supp.2d 64 (D.D.C. February 9, 2004), "a plaintiff is not entitled to a limited or fragmented trial de novo on damages without having to relitigate favorable findings on liability." *Id*.  at 76.  *See also Simpkins v. Runyon*, 5 F.Supp.2d 1347, 1351 (N.D.Ga.1998) (finding that a federal plaintiff was either entitled to enforcement of an award or a "de novo, plenary trial on the merits"); *Cocciardi v. Russo*, 721 F.Supp. 735, 738 (E.D.Pa.1989) (finding that a plaintiff challenging a final agency must be granted "no more and no less than a 'trial *de novo*.' ").

One of Plaintiff's motions expressly seeks to compel discovery responses and the imposition of sanctions stemming from discovery requests propounded by Plaintiff at the administrative level. The other motion addresses his desire to have the U.S. Department of Education send a Report of Investigation (ROI) to the Equal Employment Opportunity Commission (EEOC).  These requests and the general nature of the allegations contained in his motions clearly seek to carry over claimed

obligations that arose, if at all, during initial administrative proceedings at the agency level. Plaintiff's suit in federal court does not operate to continue what he has put to rest by filing suit in federal court.

WHEREFORE, Plaintiff's motions for sanctions and to compel [#2 and #3] should be denied.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

June 20, 2008

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, this 20th day of June, 2008, that a copy of the foregoing Defendants'

Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions, has been served on

Plaintiff, *Pro se*, by first class mail, postage prepaid, addressed to:

John Gard
5045 Rush Light Path
Columbia, MD  21044-1295


                                    /s/
                        _____
                        OLIVER W. McDANIEL
                        D.C. Bar No. 377-360
                        Assistant United States Attorney
                        Civil Division
                        555 4th Street, N.W.
                        Washington, D.C.  20530
                        (202) 616-0739
                        (202) 514-8780 (Fax)