UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>5045 Rushlight Path<br>Columbia, Maryland 21004-1295,<br><br>          Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>          Defendant<br>and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>  OF EDUCATION<br>400 Maryland Avenue, S.W.<br>Washington, D.C. 20202<br><br>          Defendant. | Civil Action No. <u>1:07-cv-02303 (RMC)</u> |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, *Pro se*, hereby requests permission to respond to the Defendants' Response to Order to Show Cause, i.e., Court's June 6, 2008, order to show cause, as the Defendants have failed to satisfy the Court's order to show cause. The Defendants' Response was received June 23, 2008.

Defendants' counsel has intentionally misstated and misled the Court to make it appear Plaintiff is a liar. Plaintiff is not the liar. Plaintiff has not misstated or misled the Court.

Defendants rejected: a) the "conciliatory motion" Plaintiff drafted, and b) Plaintiff's offer not to oppose the Defendants' motion for more time to file the Defendants' response. In a discussion with Defendants' counsel, Plaintiff stated he would not oppose a Defendants' motion

for more time to file the Defendants' response. However, the Defendants had to timely file a motion. The Defendants have not filed a motion for more time to file the Defendants' response.

Defendants' counsel would have replied to Plaintiff's May 5, 2008, email if the Defendants' Response to Order to Show Cause statement was true. Defendants did not deny and thereby have admitted that the Defendants did not respond to Plaintiff's May 5, 2008, email.

Defendants' assertion that the Defendants thought Plaintiff, pro se, had filed the Defendants' motion for more time to file the Defendants' response is ludicrous. Plaintiff, pro se, cannot file a document for the Defendants. Defendants knew Plaintiff did not submit a motion for the Defendants to have more time to file the Defendants' response. Defendants did not receive any such motion from the Plaintiff. Defendants did not reference any such motion in the Defendants' response. Defendants knew it was up to the Defendants, not Plaintiff, to submit a motion for the Defendants to have more time to file the Defendants' response. Defendants did not and can not point to any document that supports Defendants' assertion that they thought Plaintiff, pro se, had filed Defendants' motion for more time to file Defendants' response. Defendants did not file a motion for more time to respond.

Defendants know the Court, not Plaintiff, grants or denies a motion. Plaintiff, pro se, knows Plaintiff cannot speak for the Court. Only the Court can speak for the Court.

Defendants have not filed nor did the Defendants "timely" file a motion for more time to file the Defendants' response. Defendants could and should have "timely" filed on or before May 8, 2008, Defendants' response or Defendants' motion for more time to file Defendants' response. Defendants' response to the complaint was intentionally not timely filed solely to prolong these proceedings and further harass and retaliate against this Plaintiff solely because Plaintiff refuses to

participate in the Defendants' corruption and gross mismanagement.

### Plaintiff's Preliminary Response to Defendants' Motion to Dismiss Or, in the Alternatively, for a More Definite Statement

Plaintiff will file an official response to Defendants' Motion to Dismiss Or, in the Alternatively, for a More Definite Statement (Defendants' June 20, 2008, Motions). However, Plaintiff will state the following prior to filing Plaintiff's official response.

Defendants' June 20, 2008, Motions could and should have been "timely" filed on or before May 8, 2008. Defendants' June 20, 2008, Motions were intentionally not timely filed solely to prolong these proceedings and further harass and retaliate against this Plaintiff solely because Plaintiff refuses to participate in the Defendants' corruption and gross mismanagement.

Defendants' counsel represents the Defendants in both civil actions, i.e., Case Number 1:00-cv-01096 (PLF/DAR) and Case Number 1:07-cv-02303 (RMC). Defendants' counsel knows the statements and assertions set forth in the Defendants' June 20, 2008, Motions are false.

Defendants known false statements and assertions have forced Plaintiff to request Mr. James Fuchs, the attorney handling the Privacy Act complaint, i.e., Case Number 1:00-cv-01096 (PLF/DAR), to prepare an affidavit to correct the record concerning the known false statements and assertions the Defendants' counsel set forth in the Defendants' June 20, 2008, Motions. Plaintiff will forward a copy of the notarized complaint filed December 21, 2007, and the notarized Revised Amended Complaint filed April 18, 2008, including the exhibits filed in Case Number 1:07-cv-02303 (RMC), to Mr. Fuchs for his review. Plaintiff will submit Mr. Fuchs' affidavit to the court to correct the record concerning the known false statements and assertions Defendants' counsel set forth in Defendants' June 20, 2008, Motions. Plaintiff again states that the claims set forth in the

notarized complaint filed December 21, 2007, and the notarized Revised Amended Complaint filed April 18, 2008, do not include the claims of Case Number 1:00-cv-1096 (PLF/DAR).

Defendants' other false statements concerning other claims and evidence will be rebutted in Plaintiff's official response to Defendants' June 20, 2008, Motions.

Plaintiff will thoroughly rebut in Plaintiff's official response the weasel words and paragraphs and legal rhetoric set forth by the Defendants in Defendants' June 20, 2008, Motions.

Defendants' own summarization of Plaintiff's Revised Amended Complaint rebuts Defendants' June 20, 2008, Motions.[1] Defendants' own summarization means the Defendants were able to understand the claims and factual allegations and identify the legal statutes set forth in Plaintiff's Revised Amended Complaint. Defendants' own summarization proves Plaintiff's complaint is not ambiguous, confusing and/or vague. Defendants' own summarization proves the Defendants do not need and are not entitled to a more definite statement. Defendants' own summarization proves the Plaintiff has provided the Defendants with fair notice of what the claims are and the grounds upon which the claims rest.

Defendants' own summarization proves Plaintiff's complaint does satisfy the "short and plain statement" and "clarity and brevity" standards of Rule 8. Attorneys have successfully filed complaints that exceed 230 pages as the facts and claims of a complaint determine the length of a complaint. Plaintiff, not the Defendants, determines the length of a complaint as a Plaintiff must plead sufficient facts to prove to the court that the court has jurisdiction and the authority to award relief. Plaintiff did exactly what the Federal Rules of Civil Procedure require every Plaintiff to do.

---

[1] Defendants' summarization starts on page three of Defendants June 20, 2008, Motions.

Plaintiff plead sufficient facts in the Notarized Revised Amended Complaint to prove to the court that the court has jurisdiction and the authority to award Plaintiff relief. Plaintiff could have also filed all 435 exhibits with the complaint instead of just the few exhibits that were filed.

Plaintiff, not the Defendants, determines what statutes the Plaintiff will cite to establish the court's jurisdiction and authority to award relief.

Plaintiff, not the Defendants, determines what evidence the Plaintiff will use to establish the court's jurisdiction and authority to award relief.

The fact that the Defendants do not want to admit and cannot legally deny the complaint's factual paragraphs does not mean Plaintiff filed a defective complaint or the Defendants' June 20, 2008, Motions are valid. In actuality, and as proven by the Defendants' own summarization, the Defendants' refusal to admit or deny the complaint's factual paragraphs means this pro se Plaintiff has filed a valid non-defective complaint and is entitled to relief as the Defendants were able to summarize and therefore were able to understand the claims and factual paragraphs set forth in Plaintiff's Revised Amended Complaint.

The fact that the Defendants do not want to admit and cannot legally deny the complaint's factual paragraphs is further proven by the Defendants use of "weasel words and paragraphs," e.g., "According to the Amended Complaint, Plaintiff is a systems accountant, GS-14, with almost twenty years of employment with the Department of Education. Am Compl. at ¶ 15. Currently, he claims, he is assigned to work for the Director of Post Audit group for Financial Improvement and Post Audit Operation. Am. Compl. at ¶ 16."[2] It is obvious and clear from the Defendants' June 20, 2008,

---

[2] Defendants June 20, 2008, Motions at page 2.

Motions that the Defendants will continue to refuse to admit known, non-disputable facts set forth in the complaint's factual paragraphs.[3] Either Plaintiff is or is not a systems accountant. Either Plaintiff is or is not a GS-14. Either Plaintiff works or does not work for the Director, Post Audit Group. The Defendants did not file and will not file a complaint answer as the filing of the Defendants' complaint answer will require the Defendants to commit perjury or admit the known, non-disputable facts set forth in the complaint's factual paragraphs.

Defendants did not rebut the validity of the interrogatory answers, admissions and stipulations Plaintiff submitted to the Court with Plaintiff's "Motion to Compel the Defendants to Answer the Revised Amended Complaint and Motion for Sanctions Due to Defendants' Violation of the Court's Order Dated April 2, 2008." Therefore, Plaintiff requests the Court to deem the validity of the interrogatory answers, admissions and stipulations Plaintiff submitted to the Court admitted and conclusively proven.

Furthermore, Defendants' June 20, 2008, Motions are really a disguised non-supported Motion for Summary Judgement. Therefore, Plaintiff, pro se, requests the court's permission to file the balance of the 435 exhibits and some additional exhibits so Plaintiff has a fair opportunity to prove the validity of the Notarized Revised Amended Complaint's factual allegations.

As previously stated, Plaintiff, pro se, will file an official response to Defendants' June 20, 2008, Motions as the Defendants' June 20, 2008, Motions could and should have been "timely" filed on or before May 8, 2008, and are supported by weasel words and statements the Defendants knew were false when made.

---

[3] There was not one admission or stipulation in the MSPB action because the Defendants would not even admit that Plaintiff was an employee of the U.S. Department of Education.

## Plaintiff's Preliminary Response to Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions

Plaintiff, pro se, will file an official response to Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions. However, Plaintiff will state the following prior to filing Plaintiff's official response.

Defendants' statements set forth in the Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions are not true and the legal citations are not applicable.

Plaintiff's Motions to Compel and for Sanctions concern the Defendants' EEOC reprisal processing acts. Plaintiff is entitled to have reprisal processing acts litigated in the Revised Amended Complaint. The Court is also entitled to sanction the Defendants for the Defendants' EEOC reprisal processing acts. Otherwise, no Defendant would comply with EEOC processing regulations.

If Plaintiff's EEOC discovery requests were not worth anything, Defendants would have answered Plaintiff's EEOC discovery requests. Defendants' choice was to deny and thereby commit perjury or admit.

If Plaintiff's handicap and reprisal complaints were not worth anything, Defendants would have filed the required Report of Investigation with the EEOC.

Refusal to answer and refusal to file equates to reprisal. That is what is being litigated. That is what the court is sanctioning. If Defendants had complied with EEOC regulations, the claims set forth in the Revised Amended Complaint would have been litigated in the EEOC.

Defendants have misled the court as to the whole purpose of the motions. The purpose is to sanction the Defendants for intentionally violating EEOC regulations. Plaintiff was and is entitled

to the Defendants' answer to Plaintiff's EEOC discovery due to Defendants' agreement to answer if global settlement negotiations failed. Global settlement negotiations failed. Defendants' agreement to answer requires the Defendant to answer. It is not a "fragmented" trial *de novo*. It is justice. Justice delayed is justice denied. Plaintiff timely answered Defendants' EEOC discovery requests. Defendants agreed to answer Plaintiff's EEOC discovery requests if global settlement negotiations failed. Global settlement negotiations failed. Plaintiff is entitled to the Defendants' answer at this time as a sanction for the Defendants' intentional violation of EEOC regulations.

-"following the determination of the EEOC" - there has been no determination because the Defendants refused to comply with EEOC regulations and forward the Report of Investigation to the EEOC. That is reprisal and that is what the motion concerns and that is what is being litigated.

Plaintiff is entitled to relief and sanctions when Defendants intentionally violate Federal statutes to get even with Plaintiff for refusing to commit Federal crimes.

There are no findings - favorable or unfavorable - because the Defendants denied Plaintiff his right to an EEOC hearing when the Defendants refused to file the Report of Investigation (ROI) with the EEOC. Defendants did not deny they refused to file the required ROI with the EEOC after Plaintiff's EEOC complaint was refiled. Therefore, the Defendants have admitted the Defendants intentionally refused to file the required ROI with the EEOC.

Defendants have pleaded to be rewarded for intentionally violating EEOC regulations. EEOC regulations required the Defendants to answer Plaintiff's EEOC discovery requests. EEOC regulations required the Defendants to file the ROI with the EEOC and thereby allow the EEOC hearing Plaintiff requested to proceed.

Plaintiff is entitled to Defendants' compliance with the law, even those laws the Defendants

don't like.

The Court is authorized to immediately rule on reprisal acts taken during EEOC proceedings. These reprisal acts were taken during these EEOC proceedings.

Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions could and should have been "timely" filed on or before May 8, 2008. Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions was intentionally not timely filed solely to prolong these proceedings and further harass and retaliate against this Plaintiff solely because Plaintiff refuses to participate in the Defendants' corruption and gross mismanagement.

WHEREFORE, Plaintiff respectfully requests the Court to deny that the Defendants' Response to the Order to Show Cause is adequate as the Defendants' counsel has intentionally misstated facts and misled the Court to make it appear Plaintiff is a liar. Plaintiff is not the liar. Plaintiff has not misstated or misled the Court. Defendants' complaint response has intentionally not been timely filed.

**Plaintiff's Notarized Declaration and Verification statement and signature is on the next page.**
SUBSCRIBE AND SWORN TO:

                                                               Respectfully submitted,

_____June 25, 2008_____
Date

                                       John Gard, Pro se
                                       5045 Rush Light Path
                                       Columbia, MD 21044-1295
                               (H) 410-715-0244   (W) 202-377-3830

The bank is closed. Therefore, Plaintiff can not have this document notarized if filed today. Plaintiff will have this document notarized if needed. *[initialed]*

**DECLARATION.**

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

**VERIFICATION.**

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff in this complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

\_\_\_\_June 25, 2008_____  
Date

*/s/ John Gard*  
John Gard, Pro se  
5045 Rush Light Path  
Columbia, MD 21044-1295  
(H) 410-715-0244    (W) 202-377-3830

STATE OF MARYLAND    )  
                     ) ss.  
COUNTY OF HOWARD     )

Subscribed and sworn to before me on this _____ day of _____, 2008.

Witness my hand and official seal.

My commission expires: _____

*See note at top of page.*
_____  
Notary Public

Plaintiff File ref:        2008-06-25 Pl Reply to Def Show Cause Response.wpd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date specified below a true and correct copy of the above and foregoing document entitled "Plaintiff's Reply to Defendants' Response to Order to Show Cause" including the exhibits, if any, as specified therein was filed with and sent to the offices and individuals as specified below by facsimile, FedEx or USPS to:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(V)    (202) 616-0739        (F)    202.514.8780


\_\_\_\_June 25, 2008_____        _____/s/ John Gard_____
Date                                                    John Gard, Pro se
                                                        5045 Rush Light Path
                                                        Columbia, MD 21044-1295
                                                 (H) 410-715-0244    (W) 202-377-3830

Plaintiff's File ref:    2008-06-25 Pl Reply to Def Show Cause Response.wpd