## UNITED STATES DISTRICT COURT
### For The DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN GARD,<br> 5045 Rushlight Path<br> Columbia, Maryland 21004-1295,<br><br>    Plaintiff<br><br>  v.<br><br>UNITED STATES DEPARTMENT<br> of EDUCATION<br><br>    Defendant<br>  and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>    OF EDUCATION<br> 400 Maryland Avenue, S.W.<br>Washington, D.C. 20202<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civil Action No. 1:07-cv-02303 (RMC)** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Plaintiff, *Pro se*, responds to Defendants' Motion to Dismiss Or, in the Alternative, for a More Definite Statement as follows:

Defendants intentionally: a) misstated facts to mislead the Court, and b) used weasel words and phrases, known misstated facts, and legal rhetoric as the justification for filing Defendants' June 20, 2008, Motions. Defendants' June 20, 2008, Motions should be denied as they were untimely filed pursuant to Rules 6(a) and 15(a)(3), FRCP, and known misstated facts.

Defendants have admitted intentional handicap discrimination and reprisal through Defendants' statements set forth in Defendants' June 20, 2008, Motions, e.g., starts on page 3.

**RECEIVED**

Page 1 of 15

JUL 1 – 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendants' statement that Plaintiff voluntarily agreed to enlarge the time for filing Defendants' June 20, 2008, Motions is wrong. Plaintiff stated he would not oppose a motion for more time to file Defendants' response, i.e., an actual admit or deny each paragraph response. Defendants filed no such motion for enlargement.

Pursuant to Rules 6(b) and 15(a)(3) of the Federal Rules of Civil Procedure, Defendants' June 20, 2008, Motions were required to be filed on or before May 8, 2008. Defendants' motion to dismiss and a motion for a more definite statement were filed on June 20, 2008. Defendants' June 20, 2008, Motions were untimely filed and should be dismissed.

Pursuant to Rules 6(b) and 15(a)(3) of the Federal Rules of Civil Procedure, Defendants were required to file a motion for an enlargement of time to respond to the revised complaint's paragraphs on or before May 8, 2008. Defendants did not file a motion for an enlargement of time to respond to the revised complaint.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement requires the defects and desired details to be specifically stated and pointed out. Defendants' Motion for a More Definite Statement fails to point out the specific defects complained of and the details desired and therefore should be denied.

Defendants did not deny but implied the denial of the revised complaint's paragraphs through the use of: a) weasel words and phrases, and b) known misleading and false statements, e.g.:

1) "Plaintiff set forth facts supposedly related to his claim." (Defendants' June 20, 2008, Motions at 2.) Defendants know "Supposedly" is a weasel word intentionally used to mislead the Court. Either the facts set forth in the revised complaint are or are not related to Plaintiff's claim. Defendants know the facts are related to Plaintiff's claims which is why

Defendants used a weasel word and phrase to imply the claims are not related. Plaintiff declares under oath that the facts set forth in the revised complaint are related to the claims.

> 2) "According to the Amended Complaint, Plaintiff is a systems accountant, GS-14, with almost twenty years of employment with the Department of Education. Am Compl. at ¶ 15. Currently, he claims, he is assigned to work for the Director of Post Audit group for Financial Improvement and Post Audit Operation. Am. Compl. at ¶ 16. Plaintiff describes himself . . . who suffers from narcolepsy, hearing loss, post traumatic stress disorder and chronic pain for a gunshot injury that has caused disability and impairment for life. Am. Compl. at ¶¶ 196, 231, 247, 322."

Id. at 2-3. "According to the Amended Complaint" is a weasel phrase. Either Plaintiff is or is not a systems accountant. Either Plaintiff is or is not a GS-14. Either Plaintiff works or does not work for the Director, Post Audit Group. Either Plaintiff suffers or does not suffer from narcolepsy, hearing loss, post traumatic stress disorder and chronic pain from a gunshot injury. Either Plaintiff is or is not handicapped. Either Defendants know or do not know if Plaintiff is handicapped. Plaintiff declares under oath that the facts set forth in the revised complaint's paragraphs 15, 16, 196, 231, 247, and 322 are correct. Defendants' weasel phrase is contradicted by Defendants' Privacy Act admissions, i.e., revised complaint's paragraphs 106 - 140 are Defendants' admissions from Privacy Act complaint, i.e., Case Number 1:00-cv-01096 (PLF/DAR).

Defendants have admitted intentional handicap discrimination and reprisal. Defendants' statements set forth in Defendants' June 20, 2008, Motions prove Defendants did not determine if Plaintiff was or was not handicapped after receipt of Plaintiff's request for reasonable accommodation, which determination by law is mandatorily required. Defendants are required to promptly make upon receipt of a request for reasonable accommodation such determination. Defendants' failure to comply with the mandatory reasonable accommodation process equates to intentional handicap discrimination and reprisal.

3) "Plaintiff's Amended Complaint here spans two-hundred, thirty (230) pages, seeks to advance a number of causes of action, most of which could be unrelated and could duplicate claims advanced by him in a separate lawsuit, . . .."

Id. at 6-7. "Could be unrelated" is a weasel phrase. Either the claims are or are not related. Defendants' own summarization means Defendants were able to summarize and understand the claims. Id. at 3-4. Defendants know the facts and claims are related which is why Defendants used a weasel phrase to imply the claims are not related. Plaintiff declares under oath that the facts and claims are related. "Could duplicate claims advanced by him in a separate lawsuit" is a double weasel phrase. Either the claims are or are not duplicate claims. Defendants know the claims are not duplicate claims which is why Defendants used a weasel phrase to imply the claims are duplicate claims. Defendants did not identify the "other lawsuit." Plaintiff declares under oath that the claims are not duplicate claims.

4) "The Complaint appears to raise employment-based claims that accrued on or before May 1, 2002." Id. at 7, footnote 2. "Appears to raise" is a weasel phrase. Either the revised complaint raised or did not raise employment-based claims that occurred on or before May 1, 2002. Defendants made an intentional misleading statement to mislead the court. Defendants know the revised complaint did not raise employment-based claims that occurred on or before May 1, 2002, which is why Defendants used this weasel phrase. Plaintiff declares under oath that the revised complaint raised employment-based and Privacy Act claims that occurred on or after July 1, 2004.

5) "Defendants believe the referenced Counts are based at least in part on incidents or circumstances that occurred on or before May 1, 2002." Id. at 7, footnote 2. Defendants know "Defendants believe" is a weasel phrase intentionally used to misstate facts and mislead the Court. Either the referenced Counts are or are not based at least in part on incidents or circumstances that

occurred on or before May 1, 2002. Defendants either know or don't know, not "defendants believe!" Defendants made an intentional misleading statement to mislead the court. Defendants know the Counts are not based on incidents or circumstances that occurred on or before May 1, 2002, which is why Defendants used the weasel phrase. Plaintiff declares under oath that the Counts are based on incidents or circumstances that occurred on or after July 1, 2004.

6) Defendants imply Plaintiff has violated and the revised complaint's facts and claims have violated the terms of the Memorandum of Understanding (MOU). Id. at 7, footnote 2. Defendants implied implication is a weasel phrase and known misstatement of the MOU and a known false statement intentionally used to misstate facts and mislead the Court. Defendants know Plaintiff has not violated and the revised complaint's facts and claims have not violated the terms of the MOU. However, Defendants have violated the MOU.

Plaintiff has the right to use any and all facts to prove the revised complaint's discrimination, reprisal, and Privacy Act reprisal claims. The date of each claim is clearly set forth in the revised complaint and occurred on or after July 1, 2004. Plaintiff declares under oath that the revised complaint's claims are based on Defendants' reprisal acts that occurred on or after July 1, 2004, and Plaintiff has the right to use all evidence including, but not be limited to, evidence existing prior to July 1, 2004, to prove July 1, 2004, and later discrimination, reprisal, and Privacy Act claims.

Contrary to Defendants' statements, Plaintiff did not sign away his right to file a handicap discrimination, reprisal, and Privacy Act complaint against Defendants or to use evidence existing prior to July 1, 2004 to prove July 1, 2004 and later discrimination, reprisal, and Privacy Act claims. Contrary to Defendants' assertion, Plaintiff did not sign away his Federally mandated obligation to report Defendants' corruption and gross mismanagement activities to the legal authorities. Contrary

to Defendants' assertion, the MOU does not include any clause referencing Plaintiff's handicaps, reasonable accommodation, and/or Plaintiff's right to file a handicap discrimination and reprisal complaint against Defendants or his use of evidence. The MOU states Plaintiff cannot file a claim based on an incident prior to May 2, 2002. The MOU does not restrict Plaintiff's use of evidence.

7) Any MSPB and/or EEOC reprisal processing activity related to a pending discrimination or reprisal complaint must be adjudicated in the related pending discrimination or reprisal complaint. Plaintiff's motions to compel and for sanctions clearly stated the purpose of those motions and the justification for sanctions were based on reprisal processing acts Defendants took against Plaintiff during the processing of Plaintiff's pending handicap discrimination and handicap and EEOC reprisal complaints, i.e., 1) Defendants' refusal to answer Plaintiff's EEOC discovery requests, and 2) Defendants' refusal to file Defendants' Report of Investigation with the EEOC.

Plaintiff's revised complaint specifically includes facts and claims based on MSPB and EEOC reprisal processing acts Defendants took against Plaintiff during the processing of Plaintiff's pending handicap discrimination and handicap and EEOC reprisal complaints. The reprisal processing acts Defendants took against Plaintiff were taken during and because of, and are related to Plaintiff's pending handicap discrimination and handicap and EEOC reprisal complaints. Those reprisal processing claims must be adjudicated through this revised complaint. The processing issues and claims are not moot as alleged by Defendants. Plaintiff raised those claims as intentional reprisal processing acts related to the processing of the pending handicap discrimination and handicap and EEOC reprisal complaints as all three handicap discrimination and handicap and EEOC reprisal complaints were combined into the revised complaint per Defendants' request. Id.

at 7-8, footnote 2.

        8) "Defendants reserve all defenses to the claims that Plaintiff may be advancing in this complaint, including failure to exhaust administrative remedies" is further proof of reprisal. Id. at 7, footnote 2. Defendants made an intentional misleading and known false statement to mislead the court as Defendants know Plaintiff exhausted all required EEOC administrative requirements and procedures, which is why Defendants : a) implied Plaintiff failed to exhaust administrative remedies, and b) refused to identify the administrative remedies they alleged Plaintiff failed to exhaust.

        Defendants' EEOC processing reprisal actions provide solid proof that Defendants made an intentional misleading and known false statement to mislead the court. If Plaintiff had, in fact, failed to exhaust EEOC required administrative requirements and procedures as now alleged, Defendants would not have: 1) refused to answer Plaintiff's EEOC discovery requests, and 2) refused to file Defendants ' Report of Investigation with the EEOC.

        Defendants had an affirmative duty to clearly state what EEOC administrative requirements and procedures Plaintiff allegedly failed to exhaust as Defendants' summarization proves Defendants understood the claims set forth in the revised complaint. Furthermore, there are no EEOC required administrative remedies; however, there are EEOC required administrative requirements and procedures. Plaintiff declares under oath that Plaintiff complied with and exhausted all EEOC required administrative requirements and procedures.

        9) "The Complaint asserts that Defendants violated the Privacy Act . . .." "Defendants believe that these Counts overlap and to some extent duplicate . . .." Id. at 7-8, footnote 2. Defendants again used the weasel phrase "Defendants believe" because Defendants know that

the revised complaint's facts, claims and counts do not overlap or duplicate the facts, claims and counts of the Privacy Act complaint, i.e., Case Number 1:00-cv-1096 (PLF/DAR). Plaintiff declares under oath that the revised complaint's facts, claims and counts do not overlap or duplicate the facts, claims and counts of the Privacy Act complaint, i.e., Case Number 1:00-cv-1096 (PLF/DAR).

Mr. James Fuchs, the attorney handling the Privacy Act complaint, i.e., Case Number 1:00-cv-01096 (PLF/DAR), has prepared an affidavit to correct the record concerning the known false statements and assertions set forth by Defendants in Defendants' June 20, 2008, Motions. Exhibit 1. Plaintiff again states that the claims set forth in the notarized complaint filed December 21, 2007, and the notarized revised amended complaint filed April 18, 2008, do not include the claims of Case Number 1:00-cv-1096 (PLF/DAR).

Defendants used weasel words and phrases in Defendants' June 20, 2008, Motions to imply a denial of the revised complaint's paragraphs because Plaintiff provided Defendants with a copy of the supporting exhibits to assist Defendants in understanding and answering the revised complaint. Defendants resorted to using weasel words and phrases, refused to file the required response to the revised complaint, and "untimely" filed Defendants ' June 20, 2008, Motions since Defendants could not legally deny the revised complaint's paragraphs. The fact that Defendants cannot legally deny the revised complaint's paragraphs does not justify Defendants ' filing of Defendants' June 20, 2008, Motions, or is it grounds for the dismissal or rewriting of the revised complaint. Defendants' June 20, 2008, Motions should be denied and the revised complaint's paragraphs deemed admitted due to Defendants' failure to timely respond.

Defendants' June 20, 2008, Motions are rebutted by Defendants' own summarization of the

revised complaint's legal statutes, claims and facts. Id. at 3 - 4. Defendants' own summarization means Defendants were able to understand the claims and factual paragraphs and identify the legal statutes set forth in the revised complaint. Defendants' own summarization means Plaintiff's revised complaint is not ambiguous, confusing and/or vague. Defendants' own summarization means Plaintiff has provided Defendants with fair notice of what the claims are and the grounds upon which the claims rest. Defendants' own summarization means Plaintiff's complaint does satisfy the "short and plain statement" and "clarity and brevity" standards of Rule 8 of the Federal Rules of Civil Procedure. Defendants' own summarization means this pro se Plaintiff filed a valid non-defective revised complaint. Defendants' own summarization proves Defendants are not entitled to a more definite statement. What Defendants seek is a short statement that they can deny as they cannot deny the detailed revised complaint.

Attorneys have successfully filed complaints that exceed 230 pages as the facts and claims of a complaint determine the length of a complaint. Plaintiff, not Defendants, determines the length of a complaint as a Plaintiff must plead sufficient facts to prove to the court that the court has jurisdiction and the authority to award relief. Plaintiff pleaded sufficient facts in the revised complaint to prove to the court that the court has jurisdiction and the authority to award relief.

Defendants did not answer the revised complaint as that would require Defendants to commit perjury or admit known, non-disputable facts. It is clear from the weasel words and phrases, and known false and misleading statements set forth in Defendants' June 20, 2008, Motions that Defendants will continue to refuse to admit known, non-disputable facts. There was not one admission or stipulation in the January 2008 MSPB action because Defendants would not admit or stipulate that Plaintiff was an employee of the U.S. Department of Education. This will continue

to happen until the Court severely sanctions Defendants. Defendants' refusal to admit known, non-disputable facts is a fact Plaintiff can use in the proof of the revised complaint's reprisal claims. Plaintiff, not Defendants, determines what evidence Plaintiff will use to prove claims.

Plaintiff is not an "enemy combatant;" however, that is how Defendants have treated Plaintiff since he reported grantee fraud and employee corruption commencing in July 2004. The sole purpose of Defendants' June 20, 2008, Motions is to deny Plaintiff judicial review and adjudication of his claims in any court so Defendants can continue and further punish Plaintiff for reporting and refusing to participate in Defendants' illegal activities. Defendants also attempted to deny Plaintiff judicial review and adjudication of his claims in the Privacy Act complaint, i.e., Case Number 1:00-cv-01096 (PLF/DAR). The Court DENIED Defendants' motion and ruled the claims were not like or related, i.e., Case Number 1:00-cv-01096 (PLF/DAR). (Tab numbers unknown.)

Defendants' June 20, 2008, Motions are really a disguised non-supported motion for summary judgement based on weasel words and phrases, and known misleading and false statements. Plaintiff filed a clearly stated revised complaint supported by exhibits of which only a few have been submitted to the court, i.e., a supported motion for summary judgement. Plaintiff, pro se, requests the court's permission to file the balance of the 435 exhibits and some additional exhibits, if needed, so Plaintiff has a fair opportunity to prove the validity of the revised complaint's paragraphs.

Defendants' June 20, 2008, Motions were filed to circumvent the filing requirements of Rules 6(b) and 15(a)(3) and the requirements of the Court's Show Cause Order dated June 6, 2008. Only the Court has the authority to enlarge the time for filing: a) Defendants' answer to the revised complaint, and b) Defendants' June 20, 2008, Motions. Defendants did not "timely" file and should

not now be allowed to file a motion to enlarge the time for filing Defendants' answer to the revised complaint or be allowed to re-file Defendants' June 20, 2008, Motions.

Defendants' statement that "Defendants have other grounds that could be advanced supporting dismissal or summary judgement" means Defendants were able to understand the claims and factual paragraphs and identify the legal statutes set forth in the revised complaint. Id. at 1. The only reason Defendants have refused to file Defendants' answer and the alleged defenses is because Defendants know the alleged defenses are invalid and will be nullified by the Court. Defendants' statement proves Defendants are able to formulate an answer. Id. at 7, footnote 2. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants were required to respond to the revised complaint and state all affirmative defenses. Defendants should not now be allowed to do what they should have done previously.

Defendants' statement that "Before Defendants could answer the Complaint, Plaintiff filed a motion to file a Revised Amended Complaint" is not true. Id. at 2. Defendants requested Plaintiff voluntarily file a revised complaint and combine all pending EEOC actions before answering the complaint. Plaintiff complied with Defendants' request.

Defendants are incorrect as Plaintiff has provided a definite statement and pleaded "enough facts to state a claim for relief that is plausible on its face." Id. at 4-6. Do Defendants want Plaintiff to plead more facts and claims, which could be done?

Defendants could have filed a response to the revised complaint's paragraphs if Defendants had wanted to file a response. There is no part of the revised complaint that is confusing, ambiguous, vague, redundant, unintelligible, or irrelevant to the facts or claims as Defendants summarized and understood the facts and claims. Plaintiff has provided Defendants clear and fair

notice of his facts and claims. Id. at 4 - 6.

Plaintiff's plain statement of facts and claims set forth in the revised complaint shows Plaintiff is entitled to relief. Defendants could either admit or deny the allegations.

Defendants' objection to the revised complaint's statement that "Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth herein" is ludicrous as that is a standard complaint allegation used by most attorneys. Id. at 7, footnote 1. Defendants were able to respond and did not complain about Mr. Nassau's use of this standard paragraph in the Privacy Act complaint, i.e., Case Number 1:00-cv-01096 (PLF/DAR). The revised complaint's paragraphs 106 - 140 are Defendants' admissions from the first Privacy Act complaint. Defendants' objection reflects the last breath of Federal officials about to be found guilty.

Defendants have the revised complaint's supporting documentation which precludes Defendants from automatically denying the revised complaint's paragraphs. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants must admit known, non-disputable facts in their answer. Defendants did not deny the revised complaint's paragraphs as they are supported by documentation and cannot legally be denied. The Court should deem the revised complaint's paragraphs admitted.

Sanctions should be imposed for Defendants' refusal to answer Plaintiff's EEOC discovery. This sanction would immediately move this complaint to resolution.

Sanctions should be imposed for Defendants' refusal to forward the Report of Investigation to the EEOC.

The Court should deemed the revised complaint's paragraphs admitted for Defendants'

intentional refusal to answer the revised complaint's paragraphs or require Defendants to admit or deny the revised complaint's paragraphs. The Court should deem Plaintiff's EEOC discovery requests admitted for Defendants' intentional violation of EEOC discovery regulations or order Defendants to answer Plaintiff's EEOC discovery requests. The Court should grant Plaintiff relief from Defendants' reprisal actions.

If Plaintiff inadvertently missed or failed to correctly identify and rebut any statement put forth by Defendants in Defendants' June 20, 2008, Motions, said statement is hereby categorically denied.

Defendants' June 20, 2008, Motions could and should have been "timely" filed on or before May 8, 2008. Defendants' June 20, 2008, Motions were intentionally not timely filed solely to prolong these proceedings and further harass and retaliate against this Plaintiff solely because Plaintiff refuses to participate in Defendants' corruption and gross mismanagement.

WHEREFORE, Plaintiff respectfully requests the Court to: a) deny Defendants' Motion to Dismiss Or, in the Alternative, for a More Definite Statement as Defendant's motions were untimely filed and are supported by weasel words and phrases, and known misstated facts; b) deem the revised complaint's paragraphs admitted for Defendants: 1) have not responded, and 2) did not timely file a motion for enlargement of time to file Defendants' response; c) deem Plaintiff's EEOC discovery requests admitted; and d) determine Defendants have admitted intentional handicap discrimination and reprisal.

**Plaintiff's Notarized Declaration and Verification statement and signature is on the next page.**
SUBSCRIBE AND SWORN TO:

Respectfully submitted,

Page 13 of 15

_____June 30, 2008_____
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3

**DECLARATION.**

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

**VERIFICATION.**

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff in this complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

_____June 30, 2008_____
Date

John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244     (W) 202-377-3830

STATE OF MARYLAND     )
                                       ) ss.
COUNTY OF HOWARD     )

Subscribed and sworn to before me on this _30th_ day of ___JUNE___, 2008.

Witness my hand and official seal.     GAIL P. WARD
                                                          NOTARY PUBLIC STATE OF MARYLAND
                                                          My Commission Expires June 1, 2011

My commission expires:     _____

_____Gail P. Ward_____
Notary Public

Plaintiff File ref:          2008-06-30 P Response to D Motion to Dismiss 01.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date specified below a true and correct copy of the above and foregoing document entitled "Plaintiff's Response to Defendants' Motion to Dismiss Or, in the Alternative, for a More Definite Statement" including the exhibits, if any, as specified therein was filed with and sent to the offices and individuals as specified below by facsimile, FedEx or USPS to:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(V)    (202) 616-0739    (F)    202.514.8780


_____June 30, 2008_____
Date

_John Gard_ (signature)
John Gard, Pro se
5045 Rush Light Path
Columbia, MD 21044-1295
(H) 410-715-0244    (W) 202-377-3830


Plaintiff's File ref:    2008-06-30 P Response to D Motion to Dismiss 01.wpd

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN GARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civil Action No. 07-2302 (RMC)** |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **EDUCATION,** | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| COUNTY OF BALTIMORE | ) |
| CITY OF BALTIMORE | ) |

## AFFIRMATION OF JAMES L. FUCHS

1. I am an attorney associated with the Law Firm of Snider & Associates, LLC.

2. I am licensed in the States of New York, Maryland, Massachusetts, Illinois, as well as in the District of Columbia. I am also licensed in the Following Federal Districts: District of Columbia, Maryland, Southern District of New York, and Northern District of New York.

3. I have been an attorney working on the case of *Gard v. United States Department of Education*, Civil Action No.: 00-1096 (PLF) (the "00 case").

4. As such, I am thoroughly familiar with that case.

5. On June 27, 2008, I reviewed for the first time the Complaint in the instant action filed by John Gard: *Gard v. United States Department of Education*, Civil Action No. 07-2303 (RMC) (the "instant case").

6. Having reviewed the Complaint in the instant case, I can state without qualification that it bears no similarity to the 00 case.

1

*Exhibit 1*

7. The 00 case concerns a discrete event that took place during several months in 1998.

8. The 00 case concerns records that the Department of Education (the "Agency") attempted to place in Mr. Gard's file both before and after that discrete event.

9. The 00 case also concerns events taking place to the present, but all relate to that discrete event and the Agency's alleged attempt to create and/or fabricate records concerning that event.

10. In contrast, the instant case concerns a time frame beginning with 1990, but focuses in particular on events that began on or around November 19, 2004.

11. The instant case also concerns the Agency's reaction to Mr. Gard's alleged discovery of grantee fraud and alleged discovery of Agency attorney fraud in 2004.

12. In contrast, the 00 case concerns the Agency's response to Mr. Gard's revelation of alleged gross Agency mismanagement and fraud in 1998.

13. The instant case, unlike the 00 case, involves the Agency's destruction of records, particularly records pertaining to the Agency's granting of reasonable accommodation to Mr. Gard, as well as records pertaining to Mr. Gard's military retirement.

14. No such issues exist in the 00 case.

15. In addition, the instant case also alleges that the Agency has denied Mr. Gard reasonable accommodation.

16. There are no such issues in the 00 case.

17. In short, there is no common ground between either the substantive issues or the time frame with respect to the 00 case and the instant case.

18. There is no nexus between the instant case and the 00 case that would militate any attempt to combine them.

2

19. In the 00 case, discovery has also closed, pursuant to a decision by the Magistrate Judge, the Hon. Deborah A. Robinson, dated July 23, 2008.

20. The Department of Education has filed objections to that decision, which Mr. Gard has answered.

21. The 00 case and the instant case therefore—in addition to involving two very different time frames and two very different subject matters—are also at very different stages procedurally, since I understand that the instant case is still in the discovery phase.

22. There is absolutely no basis for joining the instant case with the 00 case.

Dated: June 30, 2008

Baltimore, MD                                         James L. Fuchs





JACOB Y. STATMAN
Notary Public, State of Maryland
City of Baltimore
My Commission Expires April 28, 2010

6/30/08

3