UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>  5045 Rushlight Path<br>  Columbia, Maryland 21004-1295,<br><br>           Plaintiff<br><br>  v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>           Defendant<br>  and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>   OF EDUCATION<br>  400 Maryland Avenue, S.W.<br>  Washington, D.C. 20202<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. **1:07-cv-02303 (RMC)** |

### PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL AND FOR SANCTIONS

Plaintiff, *Pro se*, replies to Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions as follows:

Defendants have intentionally misstated facts to mislead the Court as to the whole purpose of Plaintiff's Motions to Compel and for Sanctions, and the legal citations Defendants cited are not applicable. Defendants' Memorandum should be denied as it was untimely filed pursuant to Rules 6(a) and 15(a)(3), FRCP, and contained known misstated facts. <u>The purpose is to sanction Defendants for intentionally violating EEOC regulations.</u>



JUL 1 – 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1 of 7

Plaintiff's Motions to Compel and for Sanctions concern the EEOC reprisal processing acts Defendants took during the processing of the pending handicap discrimination and handicap and EEOC reprisal complaints. Those issues are not a continuation of the EEOC administrative process. Any EEOC reprisal processing activity related to a pending discrimination or reprisal complaint must be adjudicated in the related pending discrimination or reprisal complaint. Plaintiff's Motions to Compel and for Sanctions clearly stated the purpose of the motions, sanctions for reprisal actions by Defendants: a) Defendants' refusal to answer Plaintiff's EEOC discovery requests, and b) Defendants' refusal to file Defendants' Report of Investigation with the EEOC.

Not one of the cases cited by Defendants is applicable to this issue, as the issue is "Defendants' reprisal."

Plaintiff is entitled to have the reprisal processing acts Defendants took during the processing of Plaintiff's pending handicap discrimination and handicap and EEOC reprisal complaints adjudicated in the revised complaint filed April 18, 2008, as the pending handicap discrimination and handicap and EEOC reprisal complaints were combined into the revised complaint. The Court may sanction Defendants for reprisal processing acts taken against a plaintiff or witness during the processing of a discrimination or reprisal complaint.

Defendants must answer Plaintiff's EEOC discovery requests. Defendants must file the required Report of Investigation with the EEOC and allow the requested EEOC hearing to proceed. The failure to do so constitutes reprisal. Plaintiff's Motions to Compel and for Sanctions are valid. The Court should severely sanction Defendants for intentional violation of EEOC regulations.

Sanctions should be imposed for Defendants' refusal to answer Plaintiff's EEOC discovery.[1] This sanction would immediately move this complaint to resolution.

Sanctions should be imposed for Defendants' refusal to forward the Report of Investigation to the EEOC.

Plaintiff's Motion to Compel and for Sanctions is not a "fragmented" trial *de novo*. Plaintiff timely answered Defendants' EEOC discovery requests. Defendants agreed to answer Plaintiff's EEOC discovery requests if global settlement negotiations failed. Global settlement negotiations failed. <u>Plaintiff is entitled to Defendants' answer to Plaintiff's EEOC discovery requests at this time as a sanction for Defendants' intentional violation of EEOC regulations.</u> As a sanction for Defendants' violation of EEOC regulations, the Court should deem Plaintiff's EEOC discovery requests admitted.

<u>Defendants intentionally misstated facts to the Court, i.e., "following the determination of the EEOC," as there has been no EEOC determination because Defendants refused to comply with the EEOC regulations and forward the Report of Investigation to the EEOC to allow the action to proceed.</u> That is reprisal and that is what Plaintiff's Motion to Compel and for Sanctions concerns and that is what is being litigated. That is not a continuation of the EEOC administrative process.

<u>There are no findings - favorable or unfavorable - because Defendants denied Plaintiff his right to an EEOC hearing when Defendants refused to file the Report of Investigation with the EEOC.</u> Defendants did not deny they refused to file the required Report of Investigation with the EEOC after Plaintiff's EEOC complaint was re-filed. Therefore, Defendants have admitted

---

[1] Requests for admissions, interrogatories and stipulations, and production of documents.

Defendants: a) intentionally refused to file the required Report of Investigation with the EEOC, b) intentionally violated EEOC regulations, and c) intentionally violated Plaintiff's right to an EEOC hearing. The Court may rule on reprisal acts taken during the processing of a discrimination or reprisal complaint.

Defendants pleaded in Defendants' Memorandum to be rewarded for intentionally violating EEOC regulations and Plaintiff's right to an EEOC hearing. EEOC regulations required Defendants to answer Plaintiff's EEOC discovery requests. EEOC regulations required Defendants to file the Report of Investigation with the EEOC and thereby allow the EEOC hearing Plaintiff requested to proceed. Plaintiff has requested the Court to sanction and not reward Defendants' reprisal.

The Court should impose severe sanctions against Defendants for Defendants': a) intentional refusal to answer Plaintiff's EEOC discovery requests, b) intentional refusal to file the Report of Investigation with the EEOC, c) intentional violation of EEOC regulations, d) intentional violation of Plaintiff's right to an EEOC hearing, and e) intentional violation of Plaintiff's due process rights.

As a sanction, the Court should deem Plaintiff's EEOC discovery requests admitted or order Defendants to immediately answer Plaintiff's EEOC discovery requests.

Defendants' Memorandum was not timely filed to prolong these proceedings and further harass and retaliate against Plaintiff. Defendants' Memorandum was "untimely" filed and should be denied.

WHEREFORE, Plaintiff respectfully requests the Court to: a) deny Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions as it was untimely

filed and is supported by known false facts and irrelevant legal citations, b) deem Plaintiff's EEOC discovery requests admitted, c) order Defendants to comply with EEOC processing regulations, and d) determine Defendants have committed intentional handicap discrimination and reprisal.

**Plaintiff's Notarized Declaration and Verification statement and signature is on the next page.**

SUBSCRIBE AND SWORN TO:

                                              Respectfully submitted,

_____June 30, 2008_____        _____
Date                                            John Gard, Pro se
                                                  5045 Rush Light Path
                                                  Columbia, MD 21044-1295
                                    (H) 410-715-0244    (W) 202-377-3830

**DECLARATION.**

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

**VERIFICATION.**

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff in this complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

____June 30, 2008_____  
Date

*John Gard* (signature)  
John Gard, Pro se  
5045 Rush Light Path  
Columbia, MD 21044-1295  
(H) 410-715-0244   (W) 202-377-3830

STATE OF MARYLAND   )  
                    ) ss.  
COUNTY OF HOWARD    )

Subscribed and sworn to before me on this __30th__ day of __JUNE__, 2008.

Witness my hand and official seal.

GAIL P. WARD  
NOTARY PUBLIC STATE OF MARYLAND  
My Commission Expires June 1, 2011

My commission expires: _____

*Gail P. Ward* (signature)  
Notary Public

Plaintiff File ref:       2008-06-30 P Reply to D Opposition to Mot to Compel 01.wpd

Page 6 of 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date specified below a true and correct copy of the above and foregoing document entitled "Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motions to Compel and for Sanctions" including the exhibits, if any, as specified therein was filed with and sent to the offices and individuals as specified below by facsimile, FedEx or USPS to:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(V)     (202) 616-0739          (F)     202.514.8780


_____June 30, 2008_____                    _____
Date                                          John Gard, Pro se
                                              5045 Rush Light Path
                                              Columbia, MD 21044-1295
                                              (H) 410-715-0244     (W) 202-377-3830

Plaintiff's File ref:    2008-06-30 P Reply to D Opposition to Mot to Compel 01.wpd