UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GARD,<br>5045 Rushlight Path<br>Columbia, Maryland 21004-1295,<br><br>        Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>        Defendant<br>and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>    OF EDUCATION<br>400 Maryland Avenue, S.W.<br>Washington, D.C. 20202<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No. 07-2303 (RMC)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>Motion to Deem Plaintiff's Amended Complaint Paragraphs Admitted</u>
<u>and</u>
<u>Motion for Default Judgement</u>

Plaintiff, *Pro se*, hereby requests the Court to Deem Plaintiff's amended complaint paragraphs admitted and enter Default Judgement against the Defendants since the Defendants have had ample time to file the Defendants' answer to Plaintiff's amended complaint and have chosen not to file an answer.

1. On April 2, 2008, the Court authorized Plaintiff, pro se, to file an amended complaint.

2. On April 2, 2008, the Court instructed the Defendants to file a prompt answer to the amended complaint.

**RECEIVED**

SEP 2 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1 of 10

3. Plaintiff, pro se, timely filed the amended complaint with the Court on April 18, 2008.

4. A copy of Plaintiff's amended complaint was timely served on the Defendants on April 18 2008, by FedEx and USPS. Information concerning Plaintiff's filing of the amended complaint was filed with the Court and served on the Defendants on or about May 29, 2008, as set forth in Plaintiff's Motion to Compel the Defendants to Answer Plaintiff's Revised Amended Complaint. Therefore, that information has been filed with the Court and is attached hereto by reference.

5. The Court's June 6, 2008, ORDER TO SHOW CAUSE stated: "Defendants' response to Plaintiff's amended complaint, therefore, should have been filed no later than May 8, 2008. To date, Defendants still have not filed a response."

6. Defendants filed a Motion to Dismiss on or about June 20, 2008.

7. Plaintiff timely filed a response to the Defendants' Motion to Dismiss on or about June 30, 2008.

8. Defendants did not file a reply to Plaintiff's timely filed response.

9. A motion to dismiss is not an answer to a complaint's paragraphs.

10. A motion to dismiss does not toll the time for filing Defendants' answer to Plaintiff's amended complaint.

11. Defendants have had ample time to file Defendants' answer to Plaintiff's amended complaint.

12. To date, Defendants have not filed Defendants' answer to Plaintiff's amended complaint.

13. Defendants should not be authorized additional time to file Defendants' answer to Plaintiff's amended complaint as the Defendants have not filed a motion to enlarge the time for filing Defendants' answer.

14. The filing of a motion to enlarge the time for filing Defendants' answer to Plaintiff's amended complaint would now be "untimely."

15. Defendants' refusal to file Defendants' answer to Plaintiff's amended complaint as required by and in the time-frame authorized by the Fed.R.Civ.P. constitutes reprisal.

16. Defendants' refusal to file Defendants' answer to Plaintiff's amended complaint as required by and in the time-frame authorized by the Fed.R.Civ.P. violates Plaintiff's Constitutional due process rights.

17. The EEO complaint Plaintiff filed in this District Court is not the only complaint where Defendants' officials have refused to comply with the federal EEO statutes and regulations.

18. Defendants' officials refused to comply with federal EEO statutes and regulations in the EEOC administrative complaint of Alexia J. Roberts, Complainant, v. Margaret Spellings, Secretary, U.S. Department of Education, EEOC Case No. 570-2008-00344X. See Exhibit 1.

19. Ms. Roberts was able to get the EEOC to forward her complaint to an EEOC Administrative Judge whereas Plaintiff was not able to get the EEOC to forward his complaint to an EEOC Administrative Judge.

20. Defendants filed a copy of Roberts' complaint file with the EEOC but refused to file a copy of Plaintiff's complaint file with the EEOC upon the refiling of Plaintiff's request for a hearing.

21. Defendants filed a copy of Roberts' complaint file with the EEOC but refused to re-file with the EEOC the previously filed Report of Investigation pertaining to the EEO complaint assigned ED-2005-28-00 upon the refiling of Plaintiff's request for a hearing.

22. In the Roberts' complaint, the EEOC entered a "DEFAULT JUDGMENT" against the Defendant agency [Defendants herein] on July 31, 2008, for the same type of reprisal acts, i.e.,

Defendants' refusal to file required documents with the EEOC and refusal to comply with EEOC statutes, regulations and orders, the Defendants took against Plaintiff during the processing of Plaintiff's EEO complaint, which reprisal acts are the same type of reprisal acts the Defendants have taken and are taking against Plaintiff in this District Court complaint.

23. The legal citations set forth in the Roberts' EEOC July 31, 2008, "DEFAULT JUDGMENT" order are incorporated herein by reference as basically only the name, dates and time-frames would need to be changed to make those legal citations applicable to the EEO complaint Plaintiff has filed against the Defendants.

24. Footnote 1 of the Roberts' EEOC July 31, 2008, Default Judgement indicates that the processing time-period of Roberts' EEO complaint overlaps the processing time-period of Plaintiff's EEO complaint.

25. Defendants' refusal to file Defendants' answer to Plaintiff's amended complaint as required by and in the time-frame authorized by the Fed.R.Civ.P. is the same type of reprisal act Defendants' officials took against Plaintiff during the processing of Plaintiff's EEO complaint.

26. Defendants' refusal to file Defendants' answer to Plaintiff's amended complaint as required by and in the time-frame authorized by the Fed.R.Civ.P. is the same type of reprisal act that justified the EEOC's July 31, 2008, entry of default judgement against the Defendant agency [Defendants herein] in the Roberts' complaint.

27. Defendants' refusal to file Defendants' answer to Plaintiff's amended complaint as required by and in the time-frame authorized by the Fed.R.Civ.P. is sufficient legal justification for the Court to: a) deem Plaintiff's amended complaint paragraphs admitted and b) enter default judgement against the Defendants.

28. Defendants' officials are continuing to violate federal and EEO statutes and regulations as the filing of an EEO complaint in District Court is part of the EEO statutes and regulations.

29. Defendants' officials are intentionally continuing to violate federal and EEO statutes and regulations and Plaintiff's Constitutional due process rights involving the litigation of Plaintiff's amended complaint because Defendants' officials believe they are above the law and beyond the reach of the Court.

30. Defendants' officials are intentionally continuing to violate federal and EEO statutes and regulations and Plaintiff's Constitutional due process rights involving the litigation of Plaintiff's amended complaint because Defendants' officials believe the District Court lacks the judicial authority and power to impose a penalty or penalties against each of them individually as only the agency and not Defendants' officials can be sued in an EEO complaint.

31. The law requires Defendants' officials to comply with the EEO statutes and regulations.

32. Congress has passed no statute exempting Defendants' officials from complying with the EEO statutes and regulations.

33. Congress has passed no statute exempting Defendants' officials from complying with the Fed.R.Civ.P. statutes and regulations.

34. The District Court has the judicial authority and power to identify Defendants' officials who are involved in EEO reprisal acts.

35. The District Court has the judicial authority and power to impose individual penalty or penalties against Defendants' officials who are involved in EEO reprisal acts.

36. Defendants' officials are not beyond the reach of the Court.

37. Congress has passed no statute exempting the Defendants from complying with the EEO

statutes and regulations.

38. The law requires the Defendants to comply with the Fed.R.Civ.P. statutes and regulations.

39. Congress has passed no statute exempting the Defendants from complying with the Fed.R.Civ.P. statutes and regulations.

40. The validity of the factual statements set forth in Plaintiff's amended complaint were subscribed and sworn to by Plaintiff, pro se. *Revised Amended Complaint* @ p. 228.

41. Plaintiff, pro se, also declared under the penalty of perjury under the laws of the United States of America that the statements set forth in Plaintiff's amended complaint were true and correct. *Ibid* @ p. 228.

42. Plaintiff filed a "Notarized" declared and verified Revised Amended Complaint. *Ibid* @ pp. 228 - 229.

43. Written documentation supports, i.e., proves, most and possibly all of Plaintiff's amended complaint's factual paragraphs and statements.

44. The Defendants have a copy of the written documentation that supports, i.e., proves, most and possibly all of Plaintiff's amended complaint's factual paragraphs and statements.

45. Federal litigation rules and attorney ethics require Defendants' officials to admit the factual paragraphs and statements set forth in Plaintiff's amended complaint or commit perjury because Plaintiff voluntarily provided Defendants' officials with a copy of the written documentation that supports, i.e., proves, most and possibly all of Plaintiff's amended complaint's factual paragraphs and statements.

46. Commencing in April 2002 and henceforth Defendants' officials have continuously refused to admit non-disputable facts involving Plaintiff and the Defendants.

47. Commencing in May 2002 Defendants' officials chose to settle the first whistleblower reprisal complaint Plaintiff filed against the Defendants rather than admit non-disputable facts.

48. Defendants have not answered the paragraphs set forth in Plaintiff's amended complaint because Defendants' officials refuse to admit non-disputable facts involving Plaintiff and the Defendants.

49. Defendants' officials have not answered the paragraphs set forth in Plaintiff's amended complaint because they believe the District Court cannot issue a default judgement against a federal agency.

50. Defendants' officials have not answered the paragraphs set forth in Plaintiff's amended complaint because they believe the District Court does not have the judicial authority and power to impose individual penalty or penalties against Defendants' officials involved in the Defendants' intentional violation of the Fed.R.Civ.P.

51. Defendants' officials have intentionally refused to comply with the litigation and processing requirements of the Fed.R.Civ.P.

52. To date, Defendants' officials have intentionally refused to file the Defendants' answer to Plaintiff's amended complaint .

53. The District Court has the judicial authority and power to deem the paragraphs set forth in Plaintiff's amended complaint admitted.

54. The District Court has the judicial authority and power to issue a default judgement against a federal agency.

55. The District Court has the judicial authority and power to issue a default judgement against the Defendants.

56. The District Court has the judicial authority and power to deem the paragraphs of Plaintiff's amended complaint admitted when Defendants' officials have refused to comply with the litigation and processing requirements of the Fed.R.Civ.P.

57. The District Court has the judicial authority and power to issue a default judgement against the Defendants when Defendants' officials have refused to comply with the litigation and processing requirements of the Fed.R.Civ.P.

WHEREFORE, Plaintiff respectfully requests the Court to: a) order the paragraphs set forth in Plaintiff's amended complaint admitted, b) issue a default judgement against the Defendants as the Defendants have had ample time to file the Defendants' answer to Plaintiff's amended complaint and the Defendants should not now be authorized additional time to file the Defendants' answer to Plaintiff's amended complaint as the Defendants have not filed a motion to enlarge the time for filing the Defendants' answer and the filing of a motion to enlarge the time for filing Defendants' answer would now be "untimely," and c) impose costly and severe individual penalties on Defendants' officials for their intentional refusal to comply with and violation of the Fed.R.Civ.P. and Plaintiff's Constitutional due process rights.

**Plaintiff's Notarized Declaration and Verification statement and signature is on the next page.**

SUBSCRIBE AND SWORN TO:

Respectfully submitted,

_____August 29, 2008_____    *[signature]*
Date                                          John Gard, Pro se
                                              5045 Rush Light Path
                                              Columbia, MD 21044-1295
                                              (H) 410-715-0244    (W) 202-377-3830

## DECLARATION.

I, John Gard, do hereby declare under the penalty of perjury under the laws of the United States of America that the statements above are true and correct.

## VERIFICATION.

The undersigned, being first duly sworn, deposes and states that I, John F. Gard, Plaintiff in this complaint, has read the above and foregoing, and the statements made therein are true and correct to the best of my knowledge, information and belief.

____August 29, 2008____   _____/s/ John Gard_____
Date                        John Gard, Pro se
                            5045 Rush Light Path
                            Columbia, MD 21044-1295
                            (H) 410-715-0244   (W) 202-377-3830


STATE OF MARYLAND   )
                    ) ss.
COUNTY OF HOWARD    )

Subscribed and sworn to before me on this __29th__ day of __AUGUST__, 2008.

Witness my hand and official seal.

My commission expires: _____GAIL P. WARD / NOTARY PUBLIC STATE OF MARYLAND / My Commission Expires June 1, 2011_____

_____/s/ Gail P. Ward_____
Notary Public


Plaintiff File ref:   2008-08-28 Motion to Deem RAC Admitted and Default Motion 01.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date specified below a true and correct copy of the above and foregoing document entitled "Motion to Deem Plaintiff's Amended Complaint Paragraphs Admitted and Motion for Default Judgement" including the exhibits, if any, as specified therein was filed with and sent to the offices and individuals as specified below by facsimile, FedEx or USPS to:

Clerk's Office, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C.  20001

OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(V) (202) 616-0739   (F) 202.514.8780


\_\_\_\_August 29, 2008\_\_\_\_\_       [signature]
Date                                John Gard, Pro se
                                    5045 Rush Light Path
                                    Columbia, MD 21044-1295
                                    (H) 410-715-0244    (W) 202-377-3830


Plaintiff's File ref:   2008-08-28 Motion to Deem RAC Admitted and Default Motion 01.wpd



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740

|  |  |
|---|---|
| Alexia J. Roberts,  )  <br> Complainant,  ) <br> ) <br> v.  ) <br> ) <br> Margaret Spellings,  ) <br> Secretary,  ) <br> U.S. Department of Education,  ) <br> Agency.  ) | EEOC Case No. 570-2008-00344X <br><br> Agency No. ED-2007-48-00 <br><br> Date: July 31, 2008 |

## ORDER ENTERING DEFAULT JUDGMENT

The captioned matter has been assigned to the undersigned Administrative Judge ("AJ"). On February 14, 2008, this Office received a hearing request from Complainant in the above-referenced complaint. Before me are Complainant's Motion for Default Judgment or in the Alternative Other Sanctions, dated May 12, 2008 and Complainant's Renewed Motion for Default Judgment or in the Alternative for Sanctions, dated July 7, 2008. By way of background, on April 2, 2008, Supervisory AJ Andrew Culbertson issued an Order Directing Agency to Produce Complaint File ("Order to Produce"), requiring the Agency, within the earlier of fifteen (15) days from receipt of the Order or receipt of the Complainant's request for a hearing, to produce the complete complaint file, including the report of investigation ("ROI"), if any. The Order to Produce stated that the complaint file must be forwarded even where there has been no investigation or there is an incomplete investigation. The Order to Produce further stated that if the Agency could not provide the complaint file within the requisite time period, it must show good cause in writing.

On April 15, 2008, the Agency only filed a copy of the complaint file in the above-reference matter with this office. The Agency indicated that the ROI "has not been completed, but will be forwarded to [this office] immediately upon its completion. The estimated completion date of the ROI is April 30, 2008." *Agency's April 15, 2008 Letter*. Furthermore, the Agency failed to show good cause as to why the ROI in this case was not completed within the time set by the April 2, 2008 Order to Produce. On May 12 and July 7, 2008, Complainant filed the instant requests for default judgment and/or sanctions based upon the Agency's failure to produce a complete complaint file as ordered by the April 2, 2008 Order to Produce or the Agency's own estimated date of completion, April 30, 2008.[1]

---

[1] I note that the Agency has taken more than two years to investigate Complainant's claims.

Exhibit 1

The Agency, to date, has not produced the ROI or responded to Complainant's two motions requesting default judgment and/or sanctions. The Order to Produce cautioned the Agency that failure to provide the requested materials or to show good cause for not doing so within the requisite time period could result in the AJ requiring the Agency to bear the costs of Complainant's discovery, including attorney's fees, or imposing other sanctions as appropriate. 29 C.F.R. § 1614.109(f)(3); EEO MD-110, Chap. 7 (III). The Order to Produce further noted that sanctions may also be imposed for failure to investigate the claims adequately pursuant to EEO MD-110, Chap. 6.

EEOC Regulations at 29 C.F.R. § 1614.109(f)(3)(i)-(v) set forth several sanctions available to an AJ when either party fails, without good cause, to respond fully and in a timely fashion to an order of an Administrative Judge.[2] Sanctions are provided in order to effectuate the Commission's inherent power to protect its administrative process from abuse by either party. *See, e.g., DaCosta v. Dep't of Educ.*, EEOC Appeal No. 01995992 (February 25, 2000); *Card v. United States Postal Serv.*, EEOC Request No. 05950568 (October 25, 1996); *Buren v. United States Postal Serv.*, EEOC Request No. 05850299 (November 18, 1988). The Commission has exercised its inherent authority to enforce its Part 1614 Regulations by ordering sanctions in response to various violations.[3]

EEOC Regulations specifically provide for default judgment as a sanction. *See* 29 C.F.R. § 1614.109(f)(3)(iv). With regard to when default judgment is appropriate as a sanction, the U.S. Court of Appeals for the District of Columbia Circuit has held that courts should consider factors such as the effect of the offending party's dilatory or contumacious conduct on the adjudicator's docket, whether the conduct has prejudiced the other party, or "'whether deterrence is necessary to protect the integrity of the [adjudicative process].'" *Bonds v. Dist. of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1997) *citing Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir 1990); *see also Shea v. Donohoe Constr. Co., Inc.*, 795 F.2d 1071 (D.C. Cir. 1986).

In considering the factors set forth by the D.C. Circuit, I find that the Agency's dilatory conduct has significantly prejudiced Complainant in that its failure to conclude the investigation and produce the ROI in this case for over two years has an inevitable negative impact on the development of an impartial and appropriate factual record. Moreover, I find that, under the circumstances, deterrence is necessary to protect the integrity of the adjudicative process as the Agency is the entity responsible for developing impartial and appropriate factual records in the

---

[2] As indicated above, these sanctions may also be imposed for failure to investigate the claims adequately. EEO MD-110, Chap. 6 (XII)(4).

[3] *See, e.g., DaCosta*, EEOC Appeal No. 01995992 (February 25, 2000) (imposing a sanction of a decision partially in favor of Complainant where Agency failed to timely assign the matter to an independent investigator); *Epstein v. Dep't of Health and Human Serv.*, EEOC Request No. 05970671 (July 2, 1998) (upholding an award of attorney's fees and costs incurred in establishing a breach of a settlement agreement where the agency's attorney misrepresented her authority to enter into a specific agreement); *Terrell v. Dep't of Health and Human Servs.*, EEOC Request No. 04950018 (November 7, 1996) (awarding attorney's fees and costs for filing a petition for enforcement following the agency's failure to comply with the Commission's order to conduct a supplemental investigation within 90 days); *Stull v. Dep't of Justice*, EEOC Appeal No. 01942827 (June 15, 1995) (upholding an award of attorney's fees and costs incurred in an attempt to have an adverse inference drawn where the agency failed to comply with an AJ's order to produce documents).

federal sector process, and therefore must be sent a clear message that delays such as this are unacceptable.

In considering an appropriate sanction, I also note that in *Lomax v. Dep't of Veterans Affairs*, EEOC Appeal No. 0720070039 (October 2, 2007), the Commission affirmed an AJ's issuance of a default judgment where the agency was unable to show good cause for a delay of approximately 17 days between its production of the complaint file, without an ROI, and the actual ROI. Similarly, in *Reading v. Dep't of Veterans Affairs*, EEOC Appeal No. 07A40125 (October 12, 2006), the Commission affirmed an AJ's issuance of a default judgment when the agency failed to show good cause for producing only a partial ROI. The issuance of the default judgment in *Reading* occurred approximately 57 days after the Agency, in response to the Order Directing Agency to Produce Complaint File, sent the partial ROI.

In considering both *Lomax* and *Reading*, I view them not as mandating, in situations involving delays of similar length, the entry of default judgments. Rather, I find these decisions should be viewed as upholding the principle that Administrative Judges have broad discretion with respect to the hearings process. The delays in *Lomax* and *Reading* were 17 and 57 days, respectively. In this context, I find it significant that in the instant matter the Agency has yet to produce the ROI, notwithstanding that Complainant originally requested a hearing on February 14, 2008, and that even using the latter date of the April 2, 2007 Order to Produce as a benchmark, the Agency has still exceeded the time period for forwarding the ROI, by over three months. I find the Agency's total inaction, for which it has not even attempted to show good cause, constitutes an egregious abuse of this process. Accordingly, I find that, as a sanction, entrance of a default judgment against the Agency is appropriate.[4]

Based on the foregoing, Complainant's Motions for Default Judgment or in the Alternative other Sanctions are **GRANTED**, and I hereby enter **DEFAULT JUDGMENT AGAINST THE AGENCY** pursuant to 29 C.F.R. § 1614.109(f)(3)(iv); EEO MD-110, Chap. 6 (XII)(4) and Chap. 7 (III)(D)(10)(d). As the exact nature of the relief in this case is unclear, Complainant is **ORDERED**, within **15 days** of the date of this Order,[6] to provide a preliminary statement regarding relief. This statement shall include, if relevant, the compensatory damages she is requesting. The Agency will have **15 days** from its receipt of that statement in which to file a response.

---

[4] I note also that the Agency was provided more than ample notice of possible sanctions. In addition to being notified of possible sanctions in the November 29, 2007 Order to Produce, the Agency was again put on notice of the possibility of sanctions when Complainant filed her May 12 and July 7, 2008 requests for default judgment/ sanctions. Notwithstanding having been alerted twice of the possibility of sanctions and having been provided more than ample time to respond with an explanation, the Agency has totally failed, to date, to provide any response.

[6] This Order does not trigger the Agency's 40-day deadline for issuing a final order. Notice of that deadline will be set forth when a Decision is issued with respect to damages and fees.

3

It is so **ORDERED**.

For the Commission:

_____
Frances del Toro
Administrative Judge

4

UNITED STATES DISTRICT COURT
For The DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN GARD,<br>  5045 Rushlight Path<br>  Columbia, Maryland 21004-1295,<br><br>             Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>  of EDUCATION<br><br>             Defendant<br>and<br><br>MARGARET SPELLING, SECRETARY,<br>UNITED STATES DEPARTMENT<br>  OF EDUCATION<br>  400 Maryland Avenue, S.W.<br>  Washington, D.C. 20202<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. <u>07-2303 (RMC)</u>** |

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion to Deem Plaintiff's Amended Complaint Paragraphs Admitted and Motion for Default Judgement against the Defendants and supporting documentation since the Defendants have had ample time to file the Defendants' answer to Plaintiff's amended complaint and to date have chosen not to file an answer.

IT IS HEREBY ORDERED THAT:

Plaintiff's Motion to Deem Plaintiff's Amended Complaint Paragraphs Admitted and Motion for Default Judgement dated August 29, 2008, is GRANTED.

_____  _____
        Date                                                        Honorable Rosemary M. Collyer
                                                                    United States District Court Judge
                                                                           for the District of Columbia

File ref:       2008-08-28 Motion to Deem RAC admitted Order.wpd

CERTIFICATE OF SERVICE

    For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER within five (5) calendar days after the date it was sent via First Class Mail to the parties identified below. I certify that on

_____, _____, 2008, the foregoing Order was sent via First Class Mail to the following:

John Gard, Plaintiff, pro se
5045 Rushlight Path
Columbia, MD 21044
    (V)    410.715.0244


OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
    (V)    (202) 616-0739    (F)    202.514.8780

_____

File ref:    2008-08-28 Motion to Deem RAC admitted Order.wpd